FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 OCT 16  A 10: 28

MICHAEL JON BARBARULA,  :  CIVIL ACTION NO.
Administrator of the Estate of  :  3:02 CV 1142 (JCH)
Jing Xian He  :
 :
vs.  :
 :
CANAL INSURANCE COMPANY, et al.  :  OCTOBER 16, 2003

## PLAINTIFF'S LOCAL RULE 56(c)(2) STATEMENT AND COUNTER-STATEMENT OF FACTS

1. Admitted.

2. Admitted in part and denied in part. At the time of the accident at issue Canal's policy issued to Salgoud included the MCS-90 endorsement with all the attendant consequences thereof.

3.-4. Unknown, therefore denied. Discovery is ongoing. See Fed. R. Civ. P. 56(f).

5. Admitted.

6. Denied. The MCS-90 endorsement was issued prior to the accident at issue.

7. Admit that the defendant sent notice of cancellation.

8. Denied.

9. Denied. Interstate transportation of property was involved. See Plaintiff's Motion for Summary Judgment.

10. Admitted.

11. Admitted.

12. Admit that Canal instituted the lawsuit, remainder denied.

13. Admitted.

1

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied. <u>See</u> Plaintiff's Motion for Summary Judgment. Proper cancellation requires the requisite notice to the ICC/STB.

19. Admitted.

20. Admitted.

## **COUNTER-STATEMENT OF FACTS**

1. Canal never notified the ICC/STB of its cancellation of the subject policy or the MCS-90 endorsement. <u>See</u> Plaintiff's Motion for Summary Judgment.

2. The subject policy contained the MCS-90 endorsement. <u>See</u> Plaintiff's Motion for Summary Judgment.

3. The motor carrier was involved in interstate commerce and interstate transportation of property. <u>See</u> Plaintiff's Motion for Summary Judgment.

4. In the underlying litigation the plaintiff filed an offer of judgment for $1,000,000 which neither the defendant nor Canal accepted.

5. Subsequently Judge Blue issued his decision in the declaratory judgment action.

6. Subsequently, during trial, Canal offered the plaintiff $400,000 to settle the case.

7. The plaintiff rejected the $400,000 offer and indicated to Canal that the demand was $700,000.

8. At no time did the plaintiff assert a demand that exceeded $1,000,000.

9. Subsequent to Canal's rejection of the plaintiff's demand a judgment was entered against the insured for $5,700,000.

10. The plaintiff has served additional interrogatories and requests for production on the defendant Canal related to this litigation.

THE PLAINTIFF

BY_____
JOEL T. FAXON
Federal Bar No. ct16255
STRATTON FAXON
59 Elm Street
New Haven, Connecticut 06510
T: (203) 624-9500
F: (203) 624-9100
jfaxon@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this day to:

John W. Dietz, Esq.
Halloran & Sage
315 Post Road West
Westport, Connecticut 06880

John W. Mills, Esq.
Murphy and Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, Connecticut 06604

_____
JOEL T. FAXON

4