

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BARBARULA,<br>Administrator of the Estate of<br>Jing Xian He, | : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:02 CV 1142 (JCH) |
| vs. | : <br> : | |
| CANAL INSURANCE COMPANY, et al. | : | NOVEMBER 15, 2003 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

The plaintiff, Michael Barbarula, Administrator of the Estate of Jing Xian He, hereby submits this memorandum of law in support of his Motion to Compel, pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 7(a)(1) and 37(a)(3), filed to obtain the claim file and related materials that have been withheld by Canal Insurance Co. ("Canal") in this action under the direct action statute, General Statutes § 38a-321. The disputed discovery is attached hereto as Exhibit A.

### I.  Factual Background

The court has fully recounted the procedural history of this case in its Ruling on Canal's Motion for Summary Judgment [Doc. #34] ("Ruling"), wherein the court denied Canal's motion. Id. at 9-10. The plaintiff now moves the court for an order compelling the production of Canal's insurance claim file that has been withheld by Canal on the ground of attorney-client and work product privilege. To date Canal has not filed a privilege log in violation of the Local Rule, see D. Conn. L. Civ. R. 37(a)(1), thus the plaintiff is unable to point to particular documents that should be produced. The failure to supply a privilege log alone is sufficient to permit the granting of the plaintiff's

1

motion. See United States v. Production Products Research, 73 F.3d 464, 473-74 (2d Cir. 1996). Substantively, under the law of Connecticut and precedent in this District, the motion must be granted.

In Count Two of the Complaint, the plaintiff alleges that Canal acted in bad faith in failing to resolve the case within the policy limits, and thereby exposed the insureds to an excess judgment. Prior to trial the plaintiff filed an offer of judgment within the policy limits, $1,000,000. Prior to trial the plaintiffs agreed to settle the case for an amount below the policy limits, $700,000. Canal made an offer of $400,000., knowing the the driver of the truck that killed Ms. He, Carlos Ruemelle, had been charged with multiple criminal violations in the incident. Canal rejected the demand well below the policy limits. Subsequently, judgment was entered against the insured for $5,700,000., plus post judgment interest that continues to accumulate.

## II.   **Legal Argument**

The plaintiff seeks the claim file and associated documents in an effort to support its claim of bad faith. See Exhibit A (discovery requests with objections).

The standards for discovery are well established and were recently recited by Chief Judge Covello in the matter of Omega Engineering, Inc. v. Omega S.A., No. 3:98cv2464(AVC), 2001 U.S. Dist. LEXIS 2016, at *5-6 (D.Conn. Feb. 6, 2001), where the court wrote:

> Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991). The

term "reasonably calculated" as used in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action. See id.

The disputed discovery is clearly relevant to the case or may lead to the discovery of admissible evidence. As such, the information must be produced. See Fed. R. Civ. P. 26(b).

Claims files are discoverable in bad faith actions. In 1969 Judge Timbers ruled, in Bourget v. GEICO, 48 F.R.D. 29, 32-33 (D.Conn. 1969), the seminal direct action statute case on claim file discovery, that:

> Judge Fullam's summary in Shapiro of the basis for his holding that good cause for disclosure [of the claim file] inheres in the obvious usefulness of the documents and information in preparation for trial and in the fact that they are not otherwise obtainable, is strikingly applicable to the instant case:
> The defendant may be held liable for the full amount of the verdict if plaintiff can establish that the defendant acted in bad faith, in breach of its fiduciary duty to the policy-holder. [citations omitted] There are various ways in which a charge of bad faith may be supported, including proof that the [**8] insurance carrier's decisions with respect to settlement were based upon inadequate information, as a result of negligent failure to conduct an adequate investigation, or a totally unrealistic evaluation of the likelihood of a successful defense of the action." Shapiro v. Allstate Insurance Co., 44 F.R.D. 429, 430 (E.D.Pa. 1968).

Accordingly, the court granted the plaintiff access to the information in the claim file.

More recently, Magistrate Judge Martinez has also permitted the plaintiff to obtain claims file information, in direct action cases, noting:

> In a bad faith action against an insurer, the plaintiff must show that the insurer was unreasonable in withholding payment of the claim of its insured. See L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46, cert. denied

3

201 Conn. 811 (1986). "Bad faith actions against an insurer . . . by their very nature 'can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action that it did.'" Robarge v. Patriot General Insurance Company, 42 Conn. Supp. 164, 166-67 (1992) (quoting Brown v. Superior Court In and For Maricopa County, 670 P.2d 725 (1983)). To establish that the insurer acted in bad faith, the plaintiff "must show 'whether [the insurer] sought and followed [the] advice and recommendation of its agents, adjusters and attorneys.' Therefore, all such information is relevant and good cause [is] established for its production" Id. (quoting Chitty v. State Farm Mutual Automobile Ins. Co., 36 F.R.D. 37, 40 (E.D.S.C. 1964).

Loftus v. Amica Mutual Ins. Co., 175 F.R.D. 5, 11-12 (D.Conn. 1997). Under this standard, Canal's claims materials must be disclosed.

State court decisions have likewise permitted the plaintiff to obtain claims files material in suits under the direct action statute, "concerning the investigation, adjustment and defense of the claim which gave rise to the present action." Robarge, 42 Conn. Supp. at 166-67.

Based on the foregoing authority, Canal's objections to the discovery are not well-taken. The claims file should be ordered produced.

### III.  Conclusion

Based on the foregoing, the motion to compel should be granted.

THE PLAINTIFF

By: _____
Joel T. Faxon CT 16255
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Telephone (203) 624-9500
FAX (203) 624-9100
E-Mail jfaxon@strattonfaxon.com

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of November 2003, a copy of the foregoing was mailed, postage prepaid, to all counsel and parties of record as follows:

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

John W. Mills, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suit 408
Bridgeport, CT 06604

_____
Joel T. Faxon

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JON BARBARULA :
   Plaintiff
                                  :

vs                                 Case No.: 3-02-CV 1142
                            :   (JCH)

CANAL INSURANCE COMPANY,
ROYAL INSURANCE COMPANY OF :
AMERICA, ROYAL INDEMNITY
COMPANY AND ROYAL SURPLUS :
LINES INSURANCE COMPANY
   Defendants              :   October 29, 2003

## OBJECTION TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED OCTOBER 13, 2003

The defendant, Canal Insurance Company, hereby objects to Plaintiff's Interrogatories and Requests for Production dated October 13, 2003 as follows:

### AS TO INTERROGATORIES

2. Please identify all cases in which Canal has paid a claim, sued or been sued under the MCS-90 endorsement. For each case identified please indicate why the claim was made under the MCS-90 endorsement (i.e., policy improperly cancelled, vehicle not identified as a covered vehicle on the declarations page, vehicle not properly registered, etc.).

**OBJECTION:** Overly broad and unduly burdensome. Also seeks information that is confidential and totally irrelevant to the claims being adjudicated in the case now before the court.

## AS TO REQUESTS FOR PRODUCTION

1. Please produce the entire claims file related to the underlying litigation in the case of <u>Barbarula v. Haniewski, et</u> al, CV 97 0437585 S, Judicial District of New Haven, including, but not limited to, all information on the reserve in the case, documents, communications with counsel, claim memoranda and notes.

OBJECTION: Overly broad and seeks materials protected by the Attorney Client and Attorney work product privilege as well as materials prepared in anticipation of litigation.

                                            THE DEFENDANT
                                            CANAL INSURANCE COMPANY

                                            _____
                                            John W. Mills, Esq.
                                            MURPHY and KARPIE
                                            350 Fairfield Avenue
                                            Bridgeport, CT 06604
                                            Federal Bar #CT 11706

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on October 29, 2003 to:

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
JOHN W. MILLS