FILED

2004 JAN 21  P 1: 14

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA, Administrator ) | CIVIL ACTION NO. |
| ) | 3:02 CV 1142 (JCH) |
| VS. ) | |
| ) | |
| CANAL INSURANCE COMPANY, et al ) | JANUARY 20, 2004 |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Canal makes several arguments that have no bearing on the motion before the court. First, the policy contained the MCS-90 endorsement, therefore, the liability under the policy is judged by the validity and applicability of the MSC-90 endorsement. Second, Canal admittedly never sent notice to the ICC or the STB, therefore, the policy is in "full force and effect." 49 C.F.R. § 387.15. Third, Canal cancelled the policy under the MCS-90 endorsement prematurely, therefore, without regard to whether communication by Canal with the ICC or the STB had occurred, liability still attaches under the policy and its MCS-90 endorsement.

At pages 8-9 of its opposition, Canal posits that since Salguod allegedly failed to provide it with certain information it need not comply with the cancellation requirements of the MCS-90 endorsement. In this regard, Canal relies on a case cited by the plaintiff, Howard v. Guarantee National Ins. Co., 989 P.2d 896 (N.M. Ct. App. 1999). Importantly, however, in Howard, the policy did not contain the MCS-90 endorsement. Id. at 898. Thus, its authority is meaningless in this case with respect to proper

cancellation except for the statement that the insurer must give notice to the ICC (STB) and comply with the 35 day notice requirement of 49 C.F.R. § 387.15.

Canal's argument ignores the fact that the MCS-90 endorsement was made a part of the policy in this case, and as such, the parties clearly contemplated the application of federal law to for-hire motor carriage. This trip was interstate based on the testimony of Ruemmele and Canal cannot now, unilaterally, remove the MCS-90 endorsement from the policy. While a part of the policy the endorsement remains in full force and effect until properly cancelled. See 49 C.F.R. § 387.7(b)(1) ("Policies of insurance, surety bonds, and endorsements required under this section shall remain in effect continuously until terminated."). Proper cancellation requires that the insurer give notice to the insured and the ICC/STB. Id.; 49 C.F.R. § 387.15, Illus. 1; Howard, 989 P.2d at 899. The proper cancellation did not occur here, thus the policy is in "full force and effect" due to Canal's failure to properly notify the ICC/STB.

In addition to notifying the ICC/STB, the MCS-90 endorsement and applicable regulations require that the insured receive 35 days notice of the cancellation of the policy. 49 C.F.R. § 387.7(b)(1). In this case Canal mailed the notice of cancellation on August 8, 1996 indicating that the policy would be cancelled on September 12, 1996 at

12:01 a.m.[1]  By selecting this date and time for cancellation Canal provided the insured with only 34 days and 1 minute of notice.  The policy language, tracking the mandatory MCS-90 text, requires 35 days of notice.  The fatal crash involving Ms. He occurred later in the day, prior to the expiration of the 35 days of notice mandated by federal law.  See 49 C.F.R. § 387.7(b)(1).  Thus, Canal did not comply with the terms of the MCS-90 endorsement and federal law by imposing cancellation before the expiration of the full 35 day notice period.

There is no discussion regarding the method of computation of time used in 49 C.F.R. § 387.15, the MCS-90 regulation.  There are several sections within 49 C.F.R., however, dealing with Transportation, including §§ 31.27(a), 386.32(a), 511.15(a), 821.10 and 1104.7(a), that discuss computation of time.  All of these sections compute time by counting the day after mailing as the first day.  This method of computation is consistent with the method utilized in Fed. R. Civ. P. 6(a).  All the 49 C.F.R. sections state substantially that "In computing any period of time, the day of the act, event, or default upon which the designated period of time begins to run is not included."  See, e.g., 49 C.F.R. § 1104.7(a).  In the MCS-90 endorsement the computation of time commences from the date of mailing as opposed to receipt as with the ICC (STB)

---

[1] Interestingly, Canal claims that it does not have to comply with the MCS-90 endorsement but it elected to be governed by the 35 day cancellation period mandated by federal law and the MCS-90 endorsement as opposed to the much shorter cancellation provision contained in the generic policy language.

notification. This time of activation does not speak to computation of time with respect to the inclusion or exclusion of the first day, but rather to the fact that the date that activates computation is mailing rather than receipt. Under the C.F.R. and Fed. R. Civ. P. methods of computation, the death occurred prior to the expiration of the 35th day of the calculation and thus the MCS-90 endorsement and the policy were in "full force and effect." See 49 C.F.R. § 387.7(b)(1).

Further, since the 35 day calculation set forth in the MCS-90 portion of the policy is at best ambiguous as to whether cancellation would apply at 12:01 a.m. (less than 35 full days) or 12:00 a.m. the following day (35 full days and several hours after the crash), the ambiguity must be construed in favor of the insured, thereby establishing the cancellation time as subsequent to the death of Ms. He. See Royal Ins. Co. v. Zygo Co., No. 3:01cv1317(GLG), at 9 (D.Conn. Aug. 15, 2003).

Based on the foregoing, the MCS-90 endorsement was not properly cancelled and remained in full force and effect at the time of Ms. He's death as a result of Canal's failure to notify the ICC/STB and the failure of Canal to provide the insured the full 35 days of notice required by federal law.[2] The court should grant the plaintiff's motion for partial summary judgment.

---

[2] Canal also makes an argument that the intra vs. interstate activities of Salguod at the time of the cancellation as opposed to the time of the accident is in dispute. That may well be but it is not a material issue of fact. The proper inquiry is whether ICC/STB regulations apply to Salguod at the time of the death and crash at question, not notice

4

THE PLAINTIFF

By /s/ Joel T. Faxon
Joel T. Faxon, Esq.   CT16255
Stratton Faxon
59 Elm Street
New Haven, CT  06510
Telephone:  (203) 624-9500
Fax:  (203) 624-9100
jfaxon@strattonfaxon.com

---

(or lack thereof of certain facts) to Canal.  See Reliance National Ins. Co. v. Royal Indemnity, No. 99 Civ. 10920(NRB), 2001 U.S. Dist. LEXIS 12901, at *14-18 (S.D.N.Y. Aug. 24, 2001) (discussing applicability of MCS-90 to intrastate vs. interstate travel). Notice is irrelevant since the MCS-90 endorsement applies and would provide coverage for the operation of vehicles that are not even identified in the policy and about whose existence Canal could never have known.  Thus, the remedial purpose of the MCS-90 endorsement is served by providing coverage to persons injured or killed by negligent drivers – like Ms. He.  See, e.g., T.H.E. Insurance Co. v. Larsen Intermodal Services, 242 F.3d 667, 673 (5th Cir. 2001) (discussing breadth of MCS-90 and liberal application); Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc., 930 F.2d 258, 259 (2d Cir. 1991) (applying MCS-90 endorsement and imposing coverage for trailer not identified to carrier as covered vehicle); Pierre v. Providence Washington Ins. Co., 784 N.E.2d 52, 55 (N.Y. 2002) (same, discussing application of MCS-90).  Moreover, Canal again attempts to argue that the MCS-90 has its own existence separate and apart from the policy.  This argument is contrary to federal regulations, see 49 C.F.R. §§ 387.7(b)(1) & 387.15, Illus. 1, and applicable caselaw.  See Pierre, 784 N.E.2d at 57. Canal's arguments are without merit.

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. Mail, postage prepaid, on this day to:

John W. Dietz, Esquire
Halloran & Sage
315 Post Road West
Westport, CT 06880

John W. Mills, Esquire
Murphy and Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

Joel T. Faxon