FILED

2004 JAN 28 P 2: 45

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MICHAEL JON BARBARULA Plaintiff VS CANAL INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA, ROYAL INDEMNITY COMPANY AND ROYAL SURPLUS LINES INSURANCE COMPANY Defendants | CIVIL 3-02-CV-1142 (JCH)  JANUARY 28, 2004 |
|---|---|

### DEFENDANT'S SURREPLY

Sensing that his original argument is legally and factually incorrect, the plaintiff now attempts to advance a completely new argument in his reply brief in support of summary judgment. The plaintiff now submits that the defendant Canal Insurance Company did not provide Salguod Warehouse & Transport ("Salguod") with thirty-five days notice of cancellation, as required by the terms of the MCS-90 endorsement. Prior to filing said reply, the plaintiff had never raised this argument, and in fact all parties were in agreement that both the policy and the endorsement were properly canceled with respect to Salguod; the plaintiff's only contention was

that notice of cancellation was ineffective because additional notice had to be provided to the ICC.[1]

### (i) Time Commences Upon Mailing

The plain language of the MCS 90 endorsement states that thirty-five days notice of cancellation must be provided to the insured, and that the computation of time commences from the date if mailing, as opposed to the date of receipt that normally governs CFR time deadlines. In the case at bar it is undisputed that Canal has already provided proof of mailing the cancellation prior to 5:00 p.m. from the Greenville Post Office on August 8, 1996. More than a full thirty five day period elapsed from the time of mailing until the time the subject accident occurred on September 12, 1996 at 6:30 p.m. As these facts were not in dispute during the prior trial on the merits held before Judge Blue, the only issue which remained in dispute was whether additional notice of cancellation had to also be provided to the ICC.

---

[1] The plaintiff did not dispute that 35 days notice was provided to Salguod in the underlying motion for summary judgment filed in this case. Similarly, the plaintiff conceded that the policy and the endorsement were properly canceled with respect to Salguod during the state court litigation which preceded this case. Attached hereto is a copy of part of Judge Bruce Levin's memorandum of decision in the state court litigation, wherein he specifically held that "No party disputes that the plaintiff gave proper notice to Salguad." At no time during the course of the prior litigation did Barbarula ever contend that 35 days notice was not provided to Salguod. This new argument has no merit, and is only being raised out of desperation because the plaintiff realizes that the Salguod was not subject

Now that Canal has obtained confirmation from the federal government that Salguod was never registered with the ICC, and was in fact engaged in <u>intrastate</u> commerce at the time of the subject accident according to the detailed post-accident investigation filed with the DOT, the plaintiff attempts to advance a completely new argument, and argues that the court should ignore the plain wording of the MCS-90 endorsement and instead start the clock for the thirty-five day notice requirement the day <u>after</u> notice was mailed. In support of this new argument, the plaintiff cites various unrelated sections of the CFR, which have absolutely nothing to do with the MCS-90 endorsement or the issues in this case.

The defense will address each of the CFR sections cited by the plaintiff in turn, and will demonstrate that these sections are irrelevant to the issues now in dispute. However, before doing so it is particularly illustrative to examine one portion of the plaintiff's reply brief which plainly misstates a key issue in this case, and underscores how the plaintiff continues to mischaracterize the facts to his advantage. In footnote 1 on page three, the plaintiff states as follows:

> Interestingly, Canal claims that it does not have to comply with the MCS-90 endorsement but it elected to be governed by the 35 day cancellation period

---

to ICC jurisdiction when notice of cancellation was issued, and recognizes that there was no requirement for Canal to send notice to the ICC.

mandated by federal law and the MCS-90 endorsement as opposed to the much shorter cancellation provision contained in the generic policy language.

Contrary to the plaintiff's assertion, Canal has never maintained that it did not have to comply with the MCS-90 endorsement with respect to providing additional notice to <u>Salguod</u>. Canal recognized that 35 days notice had to be provided to the insured in order to cancel the endorsement, which is why the notice of cancellation was mailed on April 8th stating that cancellation would be effective 35 days hence, at 12:01 on September 12th. Canal's only contention is that because Salguod was not an ICC registered motor carrier it was not necessary to give additional notice of cancellation to the ICC. Canal properly provided Salguod with 35 days notice, which satisfied <u>both</u> the MCS-90 requirement and the policy requirement (at least 10 days notice).

The plaintiff mischaracterizes Canal's position on the MCS-90 endorsement, so as to suggest that Canal is distorting the facts. Canal always admitted that 35 days notice had to be given to the insured in order to cancel the endorsement, which is what was done. The sole issue in contention between these parties and now before the court is whether <u>additional</u> notice had to also be provided to the ICC in order to cancel the endorsement.

While the plaintiff concedes that the MCS-90 endorsement plainly states that the 35 day time period commences with the mailing of the notice, the plaintiff nevertheless relies upon very different notice requirements from other parts of the CFR in support of an argument that the clock should not begin to tick until the day after the notice is mailed. The court should reject the plaintiff's argument on its face, as even a cursory review of these other sections make it clear that they have no relationship with the MCS-90 endorsement.

The plaintiff first refers to 49 CFR § 31.27(a). CFR Part 31 concerns program fraud and civil remedies, and the rules of practice concerning procedures held before an administrative law judge. § 31.27(a) pertains to the time requirements for filing pleadings or other documents and how the time is calculated for filing deadlines. That section provides that the day after the filing starts the time period, but that section has nothing to do with the MCS-90 endorsement, and is irrelevant.

The plaintiff next refers to 49 CFR § 386.32(a). CFR Part 386 contains the rules of practice for attorneys practicing before administrative law judges hearing hazardous material proceedings. § 386.32(a) pertains to the calculation of time deadlines for complying with orders or other rules. Section 386.32(a) provides that the day following the act event or default starts the time period, and the last day of

the time period is included, unless it's a Saturday, Sunday or legal federal Holiday, in which case the time shall be extended by one day. The MCS-90 endorsement contains no such provisions, and this section is also irrelevant.

The plaintiff proceeds to site 49 CFR § 511.15(a). 49 CFR Part 511 deals with adjudicative proceedings conducted pursuant to the Motor vehicle Information and Cost Savings Act. That section again has no bearing on the MCS-90 endorsement. Although the plaintiff focuses on that part of the section which provides that the day of the act is not included, which is contrary to the MCS-90 language, he ignores § 511.15(b), which alots three additional days to the time period for service by mail. If that provision were to govern in this case, Canal would have had until September 15th to provide notice of cancellation.

The same can be said for 49 CFR § 821.10 and § 1104.7(a). Rules of Practice for filing pleadings with administrative law judges simply have no bearing on the time provisions for calculating notice to an insured pursuant to the MCS-90 endorsement. The endorsement clearly states that the 35 day time period commences <u>the day of the mailing</u>, in this case August 8th. As the time period commences with mailing, the cancellation was effective prior to the subject accident, which took place at 6:30 p.m. on September 12th. The plaintiff has previously

6

conceded that the cancellation was timely made with respect to Salguod, and only now seeks to backtrack on this issue because he realizes his other argument is fatally flawed.

The court should not permit the plaintiff to add this new argument at this stage of the proceedings as part of a reply brief. Even if the argument is permitted, the court should find that the provisions of the MCS-90 are unambiguous, and that Canal properly provided notice of cancellation 35 days prior to the subject accident.

### (ii) Limit of Surety Provided by the MCS-90 Endorsement

The plaintiff also continues to confuse the surety created by the MCS-90 endorsement with insurance coverage provided by the policy. It has already been judicially determined that the policy was properly canceled prior to the accident. If the plaintiff is entitled to any recovery in this case it is limited to the statutory surety created by the MCS-90 endorsement. Federal courts have held that the amount owed under the endorsement is different than the amount of the policy, and is limited to $750,000. AM. Inter-Fidelity Exchange v. AM. Re-Insurance, 17 F.3d 1018, 1021 (7th Cir. 1994); citing Empire Fire & Marine Insurance Co. v. Guaranty National Insurance Co., 868 F.2d 357 (10th Cir. 1989).

In his prior motion papers the plaintiff has cited various Connecticut state court cases which have held that an insurer can be held responsible for post-judgment interest and offer of judgment interest, above and beyond the policy limits, on the basis that the policy provides for the costs of litigation. Statutory interest is considered a cost of litigation. In the case now before the bar it has already been established in the prior trial between these parties that the policy itself was canceled. The MCS-90 endorsement, even if found to be viable, provides no means of recovering statutory or offer of judgment interest. The endorsement creates a surety, and does not trigger payment under the policy. The endorsement does not obligate the insurer to pay the costs of litigation, or any other item of damages outside the amount of the judgment, up to $750.000. Pursuant to the plain language of the endorsement and federal law on this issue, the plaintiff's recovery is limited to $750,000.

>                                  THE DEFENDANT, CANAL
>                                  INSURANCE COMPANY
>
>                                  By _____
>                                  JOHN W. MILLS
>                                  MURPHY and KARPIE
>                                  350 Fairfield Avenue
>                                  Bridgeport, CT 06604
>                                  Juris # 104071, Tel: (203)333-0177

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on January 28, 2004 to:

>Attorney Michael Stratton
>Stratton Faxon
>59 Elm Street
>New Haven, CT  06510
>
>Attorney John Dietz
>Halloran & Sage
>315 Post Road
>Westport, CT  06880

*/s/ John W. Mills*
_____
JOHN W. MILLS

# EXHIBIT

No. 417942  
**CANAL INSURANCE CO.**                                    **SUPERIOR COURT**

vs.                                                        **JUDICIAL DISTRICT**
                                                           **OF NEW HAVEN**

**BARBARA HANIEWSKI, ET AL**                              **JULY      , 2001**


### MEMORANDUM OF DECISION

This case arises out of a fatal automobile accident caused by the alleged negligence of a commercial truck. The plaintiff, Canal Insurance Company, has brought a declaratory judgment action to determine coverage under a policy of insurance. After denying the plaintiff's motion for summary judgment, this court granted the plaintiff's motion to reargue. This court then heard argument on the renewed motion for summary judgment.

The plaintiff issued an insurance policy covering Barbara Haniewski, d/b/a Salguad Warehouse & Transport (Salguad) and Eagle Leasing on February 27, 1996. Attached to the insurance policy was an endorsement, conforming to regulations for motor carriers. See 49 C.F.R. § 387.15. The endorsement required the plaintiff to send notice to Salguad thirty-five days in advance of cancelling the insurance policy. The endorsement also required the plaintiff to give the ICC thirty days notice of cancellation if Salguad was under the ICC's jurisdiction.

Salguad failed to pay its premiums. The plaintiff sent timely notice to Salguad

1

Counsel/Pro Se Parties notified 7/3 20 01
By ☐ JDNO  ☒ Copy of Memo  ☐ Other

Highway Administration (FHWA) and the Interstate Commerce Commission (ICC). . . . Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty five (35) days notice in writing to the other party . . . and (2) *if the insured is subject to the ICC's jurisdiction*, by providing thirty (30) days notice to the ICC . . . ." (Emphasis added.) This language is identical to the language required by 49 C.F.R. § 387.15 (1998).

No party disputes that the plaintiff gave proper notice to Salguad. The plaintiff, however, contends that Salguad was not under the ICC's jurisdiction and, therefore, that the plaintiff was not required to send notice to the ICC.

Whether Salguad was subject to ICC's jurisdiction is complicated by a change in the federal law. "Effective January 1, 1996, the ICC was abolished and its duties were transferred to the Department of Transportation and the newly created Surface Transportation Board [STB]. *See* Pub.L. No. 104-88, 109 Stat. 803 (1995)." **Century Indemnity Co. v. Carlson**, 133 F.3d 591, 595 n.3 (8th Cir. 1998). One month and twenty-seven days after the effective date of this legislation abolishing the ICC, the plaintiff and Salguad entered into their insurance contract.

As this court held in its earlier decision in this case, quoting **Empire Fire and Marine Ins. Co. v. Liberty Mutual Ins. Co.**, 117 Md. App. 72, 699 A.2d 482 (1997), "pursuant to a savings provision contained in Section 204 of the [ICC] Termination Act, the rules and regulations promulgated by the I.C.C. continue in effect until revised or revoked by parties designated in the Act's savings provision." The ICC Termination Act, Pub. L. No. 104-88, 109 Stat. 803 (codified as amended in scattered sections of 49

7