FILED

2004 FEB -9 A 11: 58

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA<br>Plaintiff<br>VS<br>CANAL INSURANCE COMPANY,<br>ROYAL INSURANCE COMPANY OF<br>AMERICA, ROYAL INDEMNITY<br>COMPANY AND ROYAL SURPLUS<br>LINES INSURANCE COMPANY<br>Defendants | CIVIL<br>3-02-CV-1142 (JCH)<br><br><br><br>FEBRUARY 6, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RECONSIDERATION**

**I. STATEMENT OF FACTS:**

On November 15, 2003 the plaintiff filed a motion to compel compliance with production requests on the basis that the defendant Canal Insurance Company had not provided a privilege log in connection with objections to certain discovery requests, namely the request to produce a complete copy of the claims file maintained in connection with the underlying litigation. The defendant filed a motion for extension of time to obtain the claims file, which was voluminous. Said extension of time expired on January 5, 2004. Thereafter the defendant did prepare

and provide to counsel a privilege log, but a memorandum in opposition to the motion to compel was not filed with the court until February 4, 2004.

On February 6, 2004 the defense received a copy of the court's order granting the plaintiff's motion to compel, absent objection. As articulated in the defendant's memorandum in opposition to the motion to compel, there are valid reasons for refusing to provide the plaintiff with privileged records contained in the claims file. The defendant also objects to the open-ended request to provide the plaintiff with information pertaining to any claim ever made against Canal with respect to an MCS-90 endorsement. Any such request should be limited in time, and to the issue of cancellation, as any other claim would be irrelevant to the issues now in dispute.

## II. LAW AND ARGUMENT:

Local Rule 7(a) provides the court with the authority to reconsider any ruling, provided a party has filed the necessary motion within ten days of the decision at issue. The court's decision in this case was dated February 1, 2004, but was not received by counsel until February 6, 2004. The motion for reconsideration was immediately filed, and was made within ten days.

The original order granting the plaintiff's motion was not made on the merits of the motion. Instead, the motion was granted absent any objection by the

defendant. The defense did in fact file an objection prior to receiving the court's order, and strongly objects to the scope of the plaintiff's discovery requests. The failure to file the objection earlier was solely mine, and did not occur because of any inaction on the part of Canal. The defendant should not be punished for the delay, and should not be held to have waived its rightful claims of privilege.

A review of the docket in this case will reveal that the plaintiff has repeatedly asked for and been granted multiple extensions of time, without objection. The brief delay in filing an objection to the motion to compel should be excused by the court, in light of the voluminous records which had to be reviewed by counsel concerning the underlying case, which involved numerous depositions and other investigation and culminated in a separate jury trial.

For all of these reasons the defendant respectfully moves for the court to reconsider its prior ruling, and to consider the defendant's memorandum in opposition to the motion to compel before making a substantive decision on the important issues raised therein.

THE DEFENDANT, CANAL
INSURANCE COMPANY

By _____
JOHN W. MILLS
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Juris # 104071, Tel: (203)333-0177

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on February 6, 2004 to:

>Attorney Michael Stratton
>Stratton Faxon
>59 Elm Street
>New Haven, CT  06510
>
>Attorney John Dietz
>Halloran & Sage
>315 Post Road
>Westport, CT  06880

JOHN W. MILLS