UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JON BARBARULA | : | |
|     Plaintiff | : | |
| | : | |
|     vs | : | Case No.:  3-02-CV 1142 |
| | : | (JCH) |
| CANAL INSURANCE COMPANY, | : | |
| ROYAL INSURANCE COMPANY OF | : | |
| AMERICA, ROYAL INDEMNITY | : | |
| COMPANY AND ROYAL SURPLUS | : | |
| LINES INSURANCE COMPANY | : | |
|     Defendants | : | February 5, 2004 |

## MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL

The plaintiff has moved for an order compelling discovery.  Prior to said

motion the plaintiff filed a broad production request, seeking a copy of the

complete claims file maintained by the Canal Insurance Company with respect to

the underlying personal injury action brought by Mr. Barbarula on behalf of the

decedent.  The plaintiff also asked the defendant to identify all cases in which

Canal has paid a claim, sued or been sued under the MCS-90 Endorsement,

including a summary as to why each such claim was made. The defendant has

objected to these discovery requests on the grounds that they include documents

which are privileged, such as communication to and from legal counsel, and that

documentation concerning other claims are irrelevant to the issues now in

dispute in this case.

In accordance with the Local Rules of Civil Procedure, the defense has prepared a Privilege Log with respect to every document claimed to be privileged.  The remaining documentation from the underlying claims file has been produced to the plaintiff.  A copy of the Privilege Log is attached hereto as Exhibit A, and demonstrates that the remaining items were generated by legal counsel during the course of the underlying trial.  As these materials are protected by the attorney/client and attorney/work-product privilege, they are not discoverable.

The plaintiff has also requested copies of all other claims ever handled by Canal Insurance with respect to an MCS-90 endorsement.  The Canal Insurance Company is one of the largest insurers of commercial motor carriers in the United States.  Thousands of insurance filings are made each year, and it would be a monumental undertaking for the defendant to comply with such a broad discovery request.  Federal District Courts have discretion to limit discovery to items that have some relevancy to the case at hand.  The plaintiff has made no showing regarding the relevancy of other claims made pursuant to an MCS-90 endorsement.  Therefore, the objection to the discovery request should be sustained. Potomac Elec. Power Co. v. California Union Ins. Co., 136 F.R.D. 1, 3(DDC 1990), is very instructive.  That case involved a dispute over insurance coverage.  The insured brought suit pursuant to a liability insurance policy for the costs of an environmental clean up.  In the ensuing discovery battle, the

plaintiff-insured sought a broad range of documents.  The plaintiff requested

copies of the insured's correspondence with the plaintiff's reinsurers, and also

sought broad information regarding other claims.  The court ruled that the

discovery requests were over-broad, and amounted to a "fishing expedition."   Id.

at 3.  As the plaintiff could not establish that the discovery was limited to similar

claims or for documents that were not protected by attorney/client or

attorney/work-product privilege, the discovery was found to be inherently too

broad by the court.  Id.

        The discovery requests now at issue in this case are extremely broad, and

unduly burdensome.  The discovery requests with respect to other claims is not

limited to any specific time frame, and is not narrowly tailored to the legal issues

in this case.  As previously articulated to the court, an MCS-90 Endorsement is

used for different reasons by trucking companies, and other claims concerning

that endorsement may have nothing to do with the legal issues in this case.  It

would serve no legitimate purpose to produce this information pertaining to

unrelated claims.

        For all the reasons stated and discussed herein, the defendant

respectfully objects to the plaintiff's motion to compel, and asks that the court

deny said motion.  The plaintiff has already received numerous documents from

the defendant, and has previously obtained additional information during the

course of the extensive discovery conducted in the prior litigation.  All of the

necessary facts at issue in this case have already been determined, and the

case will be decided upon the law.  For all of these reasons the motion to compel

should be denied and the defendant's objection to discovery sustained by the

court.

RESPECTFULLY SUBMITTED
CANAL INSURANCE COMPANY


BY_____
John W. Mills, Esq.
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Federal Bar #CT 11706

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Mail,

postage prepaid on February 5, 2004 to

Joel T. Faxon, Esq.
Statton Faxon
59 Elm St.
New Haven CT 06510

John  W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
JOHN W. MILLS