UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MICHAEL JON BARBARULA
Plaintiff
VS
CANAL INSURANCE COMPANY, ROYAL INSURANCE COMPANY OF AMERICA, ROYAL IDEMNITY COMPANY AND ROYAL SURPLUS LINES INSURANCE COMPANY
Defendant | CIVIL
3-02-CV-1142 (EBB)


MAY 7, 2004 |
|---|---|

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

The defendant, Canal Insurance Company, filed a motion for summary judgment on or about September 24, 2003. In said motion the defendant argued that it was entitled to judgment because the plaintiff was bound by the outcome of a prior judgment rendered in favor of the defendant in a state court declaratory judgment action. The defendant's motion is still pending. On May 4, 2004 the Connecticut Supreme Court issued a decision entitled DaCruz v. State Farm Fire and Casualty Company, 268 Conn. 675 (2004), which is directly on point, and which is dispositive in favor of the defense.

The defendant has urged this court to find that the plaintiff's claims are barred by collateral estoppel, on the basis that the prior litigation resulted in a judgment declaring that the underlying insurance policy had been properly canceled prior to the subject accident, and that Canal Insurance Company owed no duty to defend the insured. As Canal had no duty to defend there can be no obligation to pay the judgment ultimately obtained against the insured by the plaintiff. In response, the plaintiff has argued that

1

the prior judgment was limited solely to the duty to defend, and that the obligation to pay the judgment, along with statutory interest, can still be contested.

In <u>DaCruz v. State Farm Fire and Casualty Company</u>, 268 Conn. 675 (2004), the Connecticut Supreme Court considered nearly identical issues. The plaintiff, DaCruz, sought, pursuant to C.G.S. § 38a-321, to recover from the defendant insurer, on a judgment that had been rendered in his favor in a personal injury action he had brought against the insured. The defendant, State Farm Fire and Casualty Company ("State Farm") had previously filed a declaratory judgment action, and had obtained a judgment declaring that it had no duty to defend its insured in the personal injury action. As in the case at bar, the declaratory judgment action commenced by State Farm was decided by Judge Blue, who issued a nearly identical ruling, holding that State Farm had no duty to defend the insured, while refusing to decide whether there was any duty to indemnify. <u>Id.</u> at 681.

Thereafter DeCruz proceeded to trial in his personal injury action, and obtained a judgment against State Farm's insured. State Farm refused to pay the judgment on the basis that Judge Blue had decided that the policy afforded no insurance coverage. As in the case at bar, DaCruz then brought a separate action directly against State Farm pursuant to the direct action statute, C.G.S. § 38a-321. State Farm argued that the plaintiff's claims were barred by the theory of collateral estoppel, as Judge Blue had previously ruled that State Farm had no obligation to provide a legal defense; as the duty to defend is broader than the duty to indemnify, State Farm argued that DaCruz could not recover the amount of the judgment as a matter of law.

The Supreme Court ultimately agreed with State Farm, holding as follows:

> We are persuaded that the plaintiff's action under C.G.S. § 38a-321 is barred, under principles of collateral estoppel, by virtue of Judge Blue's determination that State Farm had no duty to defend Michael Bullock in the DaCruz action. "The applicability of the doctrine of collateral estoppel . . . presents a question of law . . . . The fundamental principles underlying the doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue can not again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Citations omitted) . . .
>
> There is no dispute that the issue of State Farm's duty to defend Michael Bullock in the DaCruz action was fully and fairly litigated by the plaintiff, who vigorously opposed State Farm's claims in the State Farm action. Thus, under principles of collateral estoppel, the plaintiff is barred from relitigating, in the present action, any issues that actually and necessarily were decided in the State Farm action. We conclude that the judgment of the trial court, *Blue, J.*, declaring that State Farm had no duty to defend Michael Bullock in the DaCruz action actually and necessarily determined that State Farm also had no duty to indemnify Michael Bullock.
>
> As we have repeatedly have stated, the duty to defend is considerably broader than the duty to indemnify. (Citations omitted) "An insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the [underlying] complaint. . . . The obligation of the insurers to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. (Citations omitted) . . .

"If an allegation of the complaint falls *even possibly* within the coverage, then the insurance company must defend the insured." (Citations omitted) "In contrast to the duty to defend, the duty to indemnify is narrower: while the duty to defend depends only on the allegations made against the insured, the duty to indemnify depends upon the facts established at trial and the theory under which judgment is actually entered in the case." (Citations omitted)

Thus, the duty to defend is triggered whenever a complaint alleges facts that *potentially* could fall within the scope of coverage, whereas the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct *actually* was covered by the policy. Because the duty to defend is significantly broader than the duty to indemnify, "where there is no duty to defend, there is no duty to indemnify. . . ." (Citations omitted) Consequently, Judge Blue's determination that State Farm had no duty to defend Michael Bullock in the DaCruz action necessarily means that State Farm had no duty to indemnify Michael Bullock in that action. As we have explained, that determination is binding on the plaintiff, under principles of collateral estoppel, in view of the fact that he was a party to the State Farm action.

The plaintiff contends that State Farm may not invoke the doctrine of collateral estoppel against him in the present action because, under <u>Hartford Accident & Indemnity Co. v. Williamson</u>, supra, 153 Conn. 345, the issue of an insurer's duty to indemnify must be litigated and decided in an action brought under § 38a-321. We do not read <u>Williamson</u> so broadly. . . .

More importantly, the plaintiff's claim is foreclosed by this court's opinion in <u>Jensen v. Nationwide Mutual Ins. Co.</u>, 158 Conn. 251, 259 A.2d 598 (1969). In <u>Jensen</u>, the insurer obtained a judgment declaring that it had no duty either to defend or to indemnify its insured in connection with a pending action brought against the insured by a third party who had sustained injuries in an automobile accident with the insured. <u>Id.</u>, 253-54. Because that injured third party was also a party to the declaratory judgment action; <u>id.</u>, 254; we gave preclusive effect to the judgment in that action when the injured third party sought to recover against the insurer under what is now § 38a-321. <u>Id.</u>, 258-59. . . . under <u>Jensen</u>, a judgment obtained in a declaratory judgment action is entitled to preclusive effect

4

to the same extent that any other judgment would be entitled to such effect upon proper application of collateral estoppel principles.

268 Conn, 675, 688-692 (2004).

As the Supreme Court has made clear, the judgment rendered by Judge Blue in favor of Canal Insurance Company in the declaratory judgment action, establishing that Canal had no obligation to provide a defense because the policy had been canceled prior to the subject accident, is binding upon the plaintiff in this action, and forecloses any claim for indemnification pursuant to C.G.S. § 38a-321.

The plaintiff in the case at bar participated fully in the declaratory judgment action, and fully litigated the issues decided therein. The principles of collateral estoppel require this court to bar the plaintiff from making any recovery against Canal in this case. As Canal has obtained a valid judgment that there was no duty to defend the insured, there can be no obligation for Canal to pay the judgment ultimately obtained against its insured by the plaintiff in the underlying personal injury action.

For all of the reasons stated and discussed herein and in the pending motion for summary judgment, the defendant Canal Insurance Company respectfully moves for summary judgment in its favor.

THE DEFENDANT, CANAL
INSURANCE COMPANY

By /s/ John Mills
JOHN W. MILLS (CT 11706)
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Juris # 104071, Tel: (203)333-0177

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on May 7, 2004 to:

Attorney Joel Faxon
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Attorney John Dietz
Halloran & Sage
315 Post Road
Westport, CT 06880

_____
JOHN W. MILLS

EXHIBIT

| 268 Conn. 675 | MAY, 2004 | 675 |
|---|---|---|

DaCruz *v.* State Farm Fire & Casualty Co.

DAVID J. DACRUZ *v.* STATE FARM
FIRE AND CASUALTY COMPANY
(SC 16847)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

*Syllabus*

The plaintiff sought, pursuant to statute (§ 38a-321), to recover from the defendant insurer, S Co., on a judgment that had been rendered in his favor in a personal injury action he had brought against M, who was

676                    MAY, 2004              268 Conn. 675

DaCruz v. State Farm Fire & Casualty Co.

covered under a homeowner's insurance policy issued by S Co. In the personal injury action, the plaintiff alleged that M had acted both intentionally and negligently in assaulting him. In the plaintiff's action under § 38a-321, S Co. claimed, by way of special defense, that the policy under which M was covered expressly excluded from coverage injury or damage that was expected or intended. S Co. also contended that the plaintiff's claim was precluded by a previous judgment that S Co. had obtained in a separate declaratory judgment action in which the trial court had determined that S Co. had no duty to defend M in the plaintiff's personal injury action. The trial court granted S Co.'s motion for summary judgment, essentially concluding that the underlying incident was an intentional assault that was not covered by the S Co. policy, and rendered judgment thereon. The plaintiff thereafter appealed to the Appellate Court, which reversed the trial court's judgment, determining that, because the judgment rendered in favor of the plaintiff against M was based on negligence in part, M had a viable contractual claim against S Co. and that, therefore, the plaintiff was entitled to recover against S Co. pursuant to § 38a-321 as a matter of law. On S Co.'s appeal to this court following the granting of certification, *held*:

1. The plaintiff's action against S Co. under § 38a-321 was barred, under principles of collateral estoppel, by virtue of the judgment obtained by S Co. in its declaratory judgment action, which determined that S Co. had no duty to defend M in the plaintiff's personal injury action against him; there was no dispute that the issue of S Co.'s duty to defend M had been fully and fairly litigated in that action by the plaintiff, who vigorously opposed S Co.'s claims, and the judgment declaring that S Co. had no duty to defend M necessarily determined that it had no duty to indemnify him, there being no duty to indemnify when there is no duty to defend.

2. The plaintiff could not invoke the doctrine of collateral estoppel to preclude S Co. from challenging the determination of the trial court in the plaintiff's personal injury action against M that M's conduct was both intentional and negligent, S Co. having been neither a party to the plaintiff's action against M nor in privity with M.

3. Even if the plaintiff had not been precluded by principles of collateral estoppel from recovering against S Co., he would not have been entitled to enforce against S Co. the personal injury judgment that he had obtained against M; a review of the testimony adduced by the plaintiff at the hearing in damages in the personal injury action made it abundantly clear that M had attacked the plaintiff with the specific intent to cause him bodily harm, and, under those circumstances, S Co. had no duty to indemnify M because of an exclusion in the homeowner's insurance policy for intentional conduct.

Argued October 28, 2003—officially released May 4, 2004

268 Conn. 675       MAY, 2004       677

DaCruz v. State Farm Fire & Casualty Co.

*Procedural History*

Action to recover proceeds allegedly due under a homeowner's insurance policy issued by the defendant, brought to the Superior Court in the judicial district of New Haven, where the court, *Levin, J.*, denied the plaintiff's motion for summary judgment, granted the defendant's motion for summary judgment and rendered judgment for the defendant, from which the plaintiff appealed to the Appellate Court, *Mihalakos, Dranginis* and *Peters, Js.*, which reversed the trial court's judgment and remanded the case for further proceedings, and the defendant, on the granting of certification, appealed to this court. *Reversed; judgment directed.*

*Barbara A. Frederick*, with whom were *James N. Tallberg* and, on the brief, *Jeffrey A. Dempsey*, for the appellant (defendant).

*Ralph J. Monaco*, with whom was *Thomas J. Londregan*, for the appellee (plaintiff).

*Jon Berk* and *Claudia A. Baio* filed a brief for the Connecticut Defense Lawyers Association as amicus curiae.

*Opinion*

PALMER, J. The dispositive issue raised by this certified appeal is whether a judgment declaring that the defendant, State Farm Fire and Casualty Company (State Farm), had no duty to defend its insured against a claim brought by the plaintiff, David J. DaCruz, bars the plaintiff, under principles of collateral estoppel, from holding State Farm liable, pursuant to General Statutes § 38a-321,[1] for damages awarded pursuant to

---

[1] General Statutes § 38a-321 provides: "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of

| 678 | MAY, 2004 | 268 Conn. 675 |

DaCruz v. State Farm Fire & Casualty Co.

a judgment obtained by the plaintiff against the insured. The trial court, *Levin, J.*, rendered judgment for State Farm, from which the plaintiff appealed to the Appellate Court. The Appellate Court concluded, contrary to the determination of the trial court, that State Farm is liable to the plaintiff under § 38a-321 for the judgment obtained by the plaintiff against State Farm's insured despite the earlier judgment declaring that State Farm had no duty to defend the insured. See *DaCruz v. State Farm Fire & Casualty Co.*, 69 Conn. App. 507, 516, 794 A.2d 1117 (2002). We disagree with the Appellate Court and, accordingly, reverse its judgment.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. On January 14, 1994, the plaintiff was assaulted by a classmate, Michael Bullock, while attending Amity Regional Junior High School in Orange. The plaintiff subsequently commenced an action[2] (DaCruz action) against Amity Regional School District and Michael Bullock,

---

such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

[2] Because the plaintiff was a minor when the DaCruz action was commenced, it was brought on his behalf by his parents. For ease of reference, we refer to DaCruz as the plaintiff in the DaCruz action.

May 4, 2004    CONNECTICUT LAW JOURNAL    Page 7

268 Conn. 675        MAY, 2004        679

DaCruz v. State Farm Fire & Casualty Co.

among others,[3] seeking damages for injuries that he had sustained as a result of that assault. In one count of the complaint, the plaintiff alleged that Michael Bullock had committed an intentional assault by threatening him verbally, pushing him and then repeatedly striking him in the face and body. According to the plaintiff, he was knocked to the ground and rendered unconscious. In a second count, the plaintiff alleged the same facts but claimed that Michael Bullock's actions were negligent.[4] In another count, the plaintiff alleged that Michael Bullock's parents, Curtis Bullock and Sheila Meadows, were negligent in failing to use reasonable care to control and to restrain their son, and that they were jointly and severally liable under General Statutes § 52-572[5] for their son's conduct.

At the time of the assault, Michael Bullock was residing with his father, Curtis Bullock, and Susan Bullock. Susan Bullock was not married to Curtis Bullock at the time of the assault but married him approximately five months later. Susan Bullock owned a homeowner's

---

[3] The plaintiff also named as defendants in the DaCruz action Michael Bullock's parents, Curtis Bullock and Sheila Meadows, the town of Orange, a second student who allegedly had participated in the assault, and that student's parents, and certain employees of Amity Regional School District. The plaintiff reached a settlement with all of the defendants in the DaCruz action except Michael Bullock and his parents.

[4] The plaintiff specifically alleged, with respect to this count, that Michael Bullock "was negligent and careless in one or more of the following ways in that he: (a) failed to exercise reasonable care; (b) negligently used an excessive and unreasonable amount of force when he knew or should have known that such use of force would cause substantial injury to the plaintiff; and (c) negligently continued to use excessive and unreasonable force after he knew or should have known that [the] plaintiff was unconscious or semiconscious."

[5] General Statutes § 52-572 provides in relevant part: "(a) The . . . parents . . . of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause . . . injury to any person . . . shall be jointly and severally liable with the minor or minors for the . . . injury to an amount not exceeding five thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults. . . ."

DaCruz v. State Farm Fire & Casualty Co.

insurance policy issued by State Farm that was in effect on the date of the assault. That policy provided coverage for any claim or action brought against an insured[6] or "any . . . person under the age of [twenty-one]" in Susan Bullock's care[7] for damages caused by an "occurrence." The policy defines an "occurrence" as an "accident" that results in bodily injury or property damage. Claims brought for bodily injury caused by an insured that the insured either expected or intended are expressly excluded from coverage under the policy.

State Farm initially retained an attorney to represent Michael Bullock and Curtis Bullock in the DaCruz action. Thereafter, however, State Farm brought a separate action (State Farm action) seeking a judgment declaring that it had no duty either to defend or to indemnify Michael Bullock and Curtis Bullock in the DaCruz action. The defendants in the State Farm action included Michael Bullock, Curtis Bullock, Susan Bullock, the plaintiff and the plaintiff's parents, Herminio DaCruz and Maria DaCruz. The court in the State Farm action rendered a default judgment as to Michael Bullock and Curtis Bullock on the basis of their failure to appear.[8] The plaintiff and Herminio DaCruz, however, appeared by counsel and vigorously contested the State Farm action.

State Farm filed a motion for summary judgment in the State Farm action. Upon concluding that there were

---

[6] Persons insured under the policy included any spouse or other relative of Susan Bullock who resided with her.

[7] There does not appear to be any dispute that Michael Bullock was an insured under Susan Bullock's homeowner's insurance policy because he was a person under the age of twenty-one who was living in her household at the time of the assault.

[8] Curtis Bullock initially filed an appearance pro se but subsequently did not appear in the State Farm action. The record is unclear as to whether Susan Bullock participated in the State Farm action. Susan Bullock was not named as a defendant in the DaCruz action, however. See footnote 3 of this opinion.

no material facts in dispute, the trial court, *Blue, J.*, granted State Farm's motion for summary judgment with respect to State Farm's claim that it had no duty to defend Michael Bullock and Curtis Bullock in the DaCruz action. In his memorandum of decision, Judge Blue explained that the facts alleged in the DaCruz action permitted only one possible inference with respect to Michael Bullock's state of mind when he had attacked the plaintiff, namely, that he had done so intentionally. Judge Blue concluded that "it [was] impossible to imagine any conceivable scenario under which an assault like the one described in the DaCruz complaint could be done negligently." Judge Blue further concluded that, because the plaintiff in the DaCruz action alleged no facts other than those pointing ineluctably to the conclusion that the assault was intentional, "the general allegations of negligence in the . . . complaint [were] a transparent attempt to trigger insurance coverage." (Internal quotation marks omitted.) Judge Blue also concluded that State Farm had no duty to defend Curtis Bullock because he was not married to Susan Bullock, the policyholder, at the time of the assault and, therefore, was not an "insured" within the meaning of the policy. See footnote 6 of this opinion and accompanying text.

Judge Blue declined, however, to render judgment declaring that State Farm did not have a duty to *indemnify* Michael Bullock and Curtis Bullock for any damages for which they might become liable in the DaCruz action. Judge Blue concluded that it would be inappropriate to decide the indemnification issue in light of *Hartford Accident & Indemnity Co. v. Williamson*, 153 Conn. 345, 216 A.2d 635 (1966), in which we held that the trial court in that case properly had concluded, in the circumstances presented, that the claim of the plaintiff insurer that it owed no duty of indemnification to its insured properly was raised "in a defense to an

action under [what is now § 38a-321] should the occasion for that [action] arise"; id., 350; rather than in a declaratory judgment action that is commenced prior to a judicial determination of the insured's liability. Id.

No party appealed from the judgment rendered in the State Farm action. In accordance with Judge Blue's decision in the State Farm action, the attorney retained by State Farm to represent Michael Bullock and Curtis Bullock in the DaCruz action withdrew his appearance.

Thereafter, the plaintiff filed motions for default as to Michael Bullock, Curtis Bullock and Sheila Meadows in the DaCruz action.[9] The trial court, *Curran, J.*, granted the plaintiff's motions. Judge Curran then held a hearing in damages. At the conclusion of the hearing, Judge Curran found that Michael Bullock's conduct was intentional and that Michael Bullock and his parents were jointly and severally liable to the plaintiff for $31,398 in economic damages, $93,602 in noneconomic damages and $25,000 in punitive damages. At the urging of the plaintiff's counsel, Judge Curran thereafter indicated that Michael Bullock's conduct also was negligent.[10] Although Judge Curran neither filed a memo-

---

[9] Because the plaintiff had settled his claims against all of the defendants except Michael Bullock and his parents; see footnote 3 of this opinion; the plaintiff filed an amended complaint naming as defendants Michael Bullock and his parents only. The claims and factual allegations contained in the amended complaint otherwise are identical in all material respects to the claims and factual allegations of the original complaint.

[10] The following colloquy occurred between Judge Curran and counsel for the plaintiff at the conclusion of the hearing in damages:

"The Court: . . . [I]t is obvious to the court that [the plaintiff] suffered a violent attack on him for which there can be no good reason and he has suffered severe traumatic injuries as a result of this, some of which may be permanent, and he is entitled to be recompensed. From . . . the evidence that was presented here today to the court, the court has to find that this is an intentional act on the part of [Michael] Bullock. This doesn't appear to be two boys calling each other names and then squaring off in the parking lot. [The plaintiff] was minding his own business when he was attacked and there can be no reason in modern society, a civilized society, for this kind of conduct, and I think under those circumstances he is entitled to recover. I am going to enter a total judgment in the amount of $125,000 and from

| 268 Conn. 675 | MAY, 2004 | 683 |

*DaCruz v. State Farm Fire & Casualty Co.*

randum of decision nor signed the transcript of his oral finding, he did sign and issue a judgment setting forth his findings in regard to damages. The judgment, which had been prepared by the plaintiff's counsel, provided in relevant part: "It is further adjudged that this court

---

that, of course, the court finds the economic damages to be $31,398, the balance being noneconomic damages, and I make no finding as to future economic damages because they are too nebulous at this point.

"[Ralph J. Monaco, the Plaintiff's Counsel]: Thank you, Your Honor.

"The Court: You are welcome.

"Mr. Monaco: We appreciate your time and the court's time.

"The Court: Well, that is what the court is here for. I hope this young man can put his life together and go on from here. It sounds like a lot of money but, at the same time, whether [he] will ever recover, I have my doubts.

"Mr. Monaco: That remains to be seen and we do also, Your Honor. There is one item that comes to mind. There are actually two counts against Michael Bullock and I believe there is a count against his parents for parental liability.

"The Court: Well, I am going to enter the judgment against all three.

"Mr. Monaco: Thank you, Your Honor. I just wanted the record to be clear in that regard.

"The Court: Now, I found this to be an intentional tort, and are you asking for attorney's fees? The question is—trying to collect those, too?

\* \* \*

"The Court: I think that [$25,000] is a reasonable fee."

Following a sidebar conference between Judge Curran and the plaintiff's counsel, the following colloquy ensued:

"The Court: Alright, in a brief conference with counsel, subsequent to the recess, the question of a finding of an intentional tort has been brought up. It is the understanding of the court that I have found this to be an intentional tort. The act that was perpetrated upon [the plaintiff] was intentional and was particularly vicious, and if there is any question about it, it is cleared up now. Is there anything else?

"Mr. Monaco: No, Your Honor. I just wanted the record to reflect that there are two counts against Michael Bullock, one for an intentional assault and one for negligence in repeatedly hitting [the plaintiff] and using an amount of force which was excessive, and that was the basis for our negligence claim. It was something that gave rise to an insurance dispute—

"The Court: Certainly, the amount of force exercised by [Michael] Bullock was excessive because he rendered [the plaintiff] unconscious with the first blow. Is there anything else?

"Mr. Monaco: Thank you. No, Your Honor. Those were our allegations in the second count, that he negligently used an excessive and unreasonable amount of force, and if I understand the record correctly, you're finding that that did in fact occur.

"The Court: Yes.

"Mr. Monaco: Thank you, Your Honor."