UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JON BARBARULA, | : | CIVIL ACTION NO. |
| Administrator of the Estate of | : | 3:02 CV 1142 (JCH) |
| Jing Xian He, | : | EBB |
| | : | |
| vs. | : | |
| | : | |
| CANAL INSURANCE COMPANY, et al. | : | OCTOBER 16, 2003 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO THE ROYAL/A&F DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Michael Barbarula, Administrator of the Estate of Jing Xian He, submits the following supplemental memorandum of law in support of his opposition to the Royal defendants' motion for summary judgment as to Count Four of the Complaint since the undersigned has located additional factual support and Second Circuit authority that directly supports his claim that Eagle Leasing falls within the federal definition of a motor carrier.

**I.   Factual Background**

Attached hereto as Exhibit A is a photograph of a typical Eagle Leasing semi-trailer clearly depicting to the public that it complies with Federal Regulations governing motor carriers in the inspection of its commercial motor vehicles. The placard on the side of the motor vehicle clearly demonstrates that the Eagle Leasing semi-trailer has been inspected in accordance with the requirements of 49 C.F.R. §§ 396.17 through 396.23.

Federal Motor Carrier safety Regulations § 396.17 entitled Periodic inspection mandates, in pertinent part, that:

> (a) Every Commercial motor vehicle shall be inspected as required by this section. The inspection shall include, at a minimum, the parts and accessories set forth in appendix G of this subchapter.
>
> NOTE: The term commercial motor vehicle includes each **vehicle** in a

1

Combination vehicle. For example, for a tractor semitrailer, fulltrailer combination, the tractor, **semitrailer**, and the full trailer (including the converter dolly if so equipped) shall be inspected.

(b) Except as provided in § 396.23, [pertaining to equivalent inspection programs] a **motor carrier** shall inspect or cause to be inspected all motor vehicles subject to its control.

(c) A **motor carrier** shall not use a commercial motor vehicle unless each component identified in appendix G has passed an inspection in accordance with the terms of this section at least once during the preceding 12 months and documentation of such inspection is on the vehicle.

(emphasis added)

By virtue of the fact that Eagle Leasing has placed commercial motor vehicles, as defined by, and subject to, federal regulations under the MCA, in use it is, in law and fact, a motor carrier. The Federal Highway Administration periodic inspection sticker bearing the name "Eagle Leasing" clearly demonstrates that it is the responsibility, under the FMC safety regulations, of Eagle Leasing as a motor carrier to subject its commercial vehicles to an annual inspection. It is important to note, and the inspection sticker depicted in Exhibit A clearly shows, that the responsibility for compliance falls to Eagle Leasing, as the motor carrier putting the commercial vehicle to use, and not to the leasee of the semi-trailer vehicle. Moreover, Eagle Leasing is a sophisticated entity that knows full well that its semi-trailer motor vehicles are routinely used in the interstate transportation of property. Therefore, the Federal MCA should apply and the federal minimum limits of insurance must attach to the trailer.

## II.   Second Circuit Authority

In <u>Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc.</u>, 930 F.2d 258, 261 (2d Cir. 1991), the Second Circuit held that the lessor of a trailer and its insurer who did not own the tractor was required to respond and pay the injured victim under the MCS-90

endorsement for a liability claim asserted against the driver of the tractor and the motor carrier. It was irrelevant that the owner of the trailer had not been actively negligent in order for liability under federal regulations to be imposed. Id. at 260. This case fully supports the plaintiff's argument that the Royal defendants must pay the plaintiff's claim.

Based on the foregoing and the memorandum previously submitted by the plaintiff, the Royal defendants' motion should be denied and judgment should enter for the plaintiff for the minimum requirements of coverage, $750,000.

THE PLAINTIFF

BY _____
JOEL T. FAXON
Federal Bar No. ct16255
STRATTON FAXON
59 Elm Street
New Haven, Connecticut 06510
T: (203) 624-9500
F: (203) 624-9100
jfaxon@strattonfaxon.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this day to:

John W. Dietz, Esq.
Halloran & Sage
315 Post Road West
Westport, Connecticut 06880

John W. Mills, Esq.
Murphy and Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, Connecticut 06604

_____
JOEL T. FAXON

3





Exhibit A