UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA : | |
|     Plaintiff | |
|     vs : | Case No.: 3-02-CV 1142 |
| : | (JCH) |
| CANAL INSURANCE COMPANY, | |
| ROYAL INSURANCE COMPANY OF : | |
| AMERICA, ROYAL INDEMNITY | |
| COMPANY AND ROYAL SURPLUS : | |
| LINES INSURANCE COMPANY | |
|     Defendants : | August 27, 2004 |

## OBJECTION TO PLAINTIFF'S SUPPLEMENTAL BRIEF

The defendant, Canal Insurance Company, hereby objects to Plaintiff's Supplemental Brief dated August 23, 2004 and the relevant materials apparently obtained from the U.S. DOT Federal Motor Carrier Safety Administration pertaining to violations which occurred several months prior to the subject accident in 1996. This court does not permit a surreply to the defendant's motion for summary without specific permission, Root v. Liston, 2003 WL 239 37 686, at 3 (D Conn. 2003); Marczeski v. Law, 122 F. Supp. 2d. 315, 317 and n2 (D Conn. 2000) and the materials submitted therewith should not even been considered by the court.

If the court should opt to consider the materials now submitted by the plaintiff, it is very important to emphasize that these materials were obtained from the DOT for violations which occurred approximately 6 months prior to the

subject accident at issue in this case. In addition, it is clear that only some of the materials have been produced by the plaintiff. Some of the pages to these reports are missing. Case in point, the plaintiff only provides page 2 of the Compliance Review Continuation Sheet dated April 4, 1996. There is no explanation as to why page 1 is missing.

Even though the plaintiff did not produce the complete Compliance Review Continuation Sheet, the compliance review officer found as follows: "This report is being submitted because this investigation revealed serious non-compliance with the FMCSR and HMR. Salguod Warehouse and Transport was <u>not</u> registered as a carrier and was using an ICC number that was no longer valid. The carrier used the former D.J. Newton Documentation for ICC Authority. D.J. Newton was liquidated and went out of business in April 1995. Salguod Warehouse and Transport did not have any liability insurance in effect from 11/21/95 to 2/27/96. The carrier was <u>not</u> registered with the RSPA." (emphasis added) Earlier in the same document the investigator specifically concluded that: "This carrier is a for hire carrier, but does <u>not</u> have ICC authority and was registered with a <u>U.S. DOT number</u> at the time of this review." (emphasis added)

Thus, although the plaintiff submits this incomplete documentation to the court with a conclusory statement that the documents support the plaintiff's position, a careful review of the documents reveal that earlier in 1996 Salguod Warehouse and Transport only had a U.S. DOT number, but did <u>not</u> have ICC

Operating authority or a valid ICC number.  It cannot be disputed that the carrier did not have ICC operating authority and did not have the ICC number necessary to make n insurance filings with the ICC or its successor.  There was no obligation for the Canal Insurance Company to make an initial filing with the ICC because Salgoud had never applied for ICC operating authority; therefore there was no need for Canal to file a notice of cancellation with the ICC or its successor.  Any other Conclusion would stand logic on its head.

    The documentation submitted by the plaintiff further establishes that Salguod Warehouse was never at any relevant time registered with the ICC and at no time had an ICC number or ICC authority.  It is actually the defendant who is entitled to summary judgment in this case.  The court should Superior Court rule.

                                    THE DEFENDANT
                                    CANAL INSURANCE COMPANY

                                    _____
                                    John W. Mills, Esq.
                                    MURPHY and KARPIE
                                    350 Fairfield Avenue
                                    Bridgeport, CT 06604
                                    Federal Bar #CT 11706

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on August 26, 2004 to:

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
JOHN W. MILLS