

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JON BARBARULA<br>Plaintiff | : | |
| | : | |
| vs | | Case No.: 3-02-CV 1142<br>(JGH)<br>EBB |
| | : | |
| CANAL INSURANCE COMPANY,<br>ROYAL INSURANCE COMPANY OF<br>AMERICA, ROYAL INDEMNITY<br>COMPANY AND ROYAL SURPLUS<br>LINES INSURANCE COMPANY | : | |
| Defendants | : | September 9, 2004 |

**OBJECTION TO MOTION FOR PERMISSION TO FILE
SUPPLEMENTAL BRIEF**

The defendant, Canal Insurance Company, hereby objects to the motion for permission to file another supplemental brief and exhibits recently filed by Attorney Faxon on or about September 2, 2004. Rather than adding anything new to his prior arguments, the plaintiff unfairly seeks to obtain a leg up against the defendant by filing another lengthy memorandum reiterating his existing arguments and relying upon hearsay affidavits from the plaintiff's expert witness previously used in the prior litigation between these parties.

In the event that the court should opt to consider the plaintiff's supplemental brief, it is important to note that the plaintiff clearly misstates key

facts regarding the reason for adding an MCS-90 endorsement to the policy in question. During the prior trial between these parties Judge Blue issued a memorandum of decision dated November 13, 2001, wherein he found as follows:

> The policy in its original form did not contain an MCS-90 Endorsement. An MCS-90 is an endorsement for policies of insurance covering motor carriers required by federal regulatory law. 49 F.C.R. §387.15 (2000). Such endorsements "shall specify that coverage thereunder will remain in effect continuously until terminated."

Id.

> On March 26, 1996, an insurance agent representing Haniewski faxed a written memo to Canal's representative concerning the policy. The memo states, "Please issue a MCS90 filing for the above ASAP. Their [sic] DOT number is 0634531.' On March 28, 1996, Canal issued an MSC-90 in the form of an endorsement to the policy.

Id.

In page 2 of the plaintiff's supplemental brief, the plaintiff incorrectly suggests that Canal only issued the MCS-90 in response to a notice published in the Federal Register. The plaintiff also states, incorrectly, that Canal amended

all of its policies at that time to include MCS-90 endorsements. No evidence is provided in support of this assertion, which is wholly erroneous. The record has already clearly established that the only reason an MCS-90 Endorsement was added to this policy was because the <u>insured's</u> <u>agent</u>, and <u>not</u> Canal, requested an MCS-90 for <u>DOT</u> purposes. Note that the agent only provided Canal with the DOT number, and not an ICC number, which would have been needed for an ICC filing.

It has already been well briefed that MCS-90 Endorsements were also used for DOT purposes, and alone do not constitute evidence of ICC jurisdiction. The simple fact of the matter is that the insured's agent contacted Canal and asked for an MCS-90 endorsement for DOT purposes and provided Canal with a DOT number. There was no indication at that time that proof of insurance had to be filed with the ICC or any successor agency, as normally would have been the case if the trucking company were operating within the jurisdiction of the ICC.

The fact that the plaintiff now resorts to misstating the facts and misstating the record clearly established after a full trial on the merits reveals the overall weakness in the plaintiff's legal arguments. The plaintiff continues to ask this court to ignore the reality that Salgoud was never registered with the ICC, and

never asked Canal to make an ICC filing. It would be completely unfair, under these circumstances, for the court to find that Canal had an obligation to provide the ICC with notice of cancellation. The plaintiff is incorrect on the facts and the law, and the defendant is entitled to summary judgment.

                              THE DEFENDANT,
                              CANAL INSURANCE COMPANY

                              JOHN W. MILLS
                              MURPHY and KARPIE, LLC
                              350 Fairfield Avenue
                              Bridgeport, CT 06604
                              Tel. 203-333-0177
                              Federal Bar #CT 11706

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on September 9, 2004 to:

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
JOHN W. MILLS