days from the receipt of the Ruling. Partial judgment shall not enter until such additional monies claimed by Plaintiff are ruled on by this Court.

Further, before or on that same date, counsel shall notify the Court if Plaintiff is still intending to pursue his bad faith claim against Canal.

Canal's correlative Second Motion for Summary Judgment [Doc.No.38] is DENIED. Canal's Motion relies exclusively on the state law decision of Judge Blue and, based on such decision, argues that Plaintiff has no right to continue his claim under the direct action statute, Conn.Gen.Stat § 38a-321.

Canal's claim is mooted by the fact that this Court has found in Plaintiff's favor under federal law. Thus, Count One of Plaintiff's complaint, brought pursuant to Section 38a-231, is viable, as is Count Three, brought under the MCS-90 endorsement..

In any event, the Connecticut Supreme Court has held that the purpose of the direct action statute is to give the injured person the same rights under the policy as the insured. "The judgment creditor shall be subrogated to all the rights of the [insureds] and shall have a right of action against the insurer to the same extent that the [insureds] in such action could have enforced [their] claim against such insurer had the insured itself actually paid the judgment." <u>Brown v. Employer's Reinsurance Corporation</u>, 206 Conn. 668, 672 (1988). Pursuant to the MCS-90, Plaintiff, as the injured party, has a derivative claim against Canal. This theory is undistinguishable from the

19

direct action statute and the Court holds that Plaintiff prevails under both theories.

### B. A&F and Barbarula

The Court finds that the A&F's Motion is premature; thus, the Court will not issue an advisory opinion thereon. Until there is a judgment entered, if any, against Eagle, there can be no MCA or MCS-90 analysis applied to that entity, Upon review, the Court believes such analysis will be necessary. Nor can there be any analysis as to the pertinent endorsement to the A&F policy, which will also be required. Accordingly, A&F's Motion for Summary Judgment [Doc.No.26] is DENIED WITHOUT PREJUDICE TO RENEWAL.

### CONCLUSION

Plaintiff has met his burden of showing that no genuine factual dispute exists in his allegations against Canal. Accordingly, Plaintiff's Motion for Partial Summary Judgment [Doc.No.40] is GRANTED in the amount of $1,000,000, which judgment shall not enter until forty days of this Ruling, unless otherwise directed by this Court.

Canal, on the other hand, has not provided sufficient evidence such that a reasonable jury could return a verdict in its favor. As a result, Canal's Second Motion for Summary Judgment [Doc.No.38] is DENIED.

A&F's Motion for Summary Judgment [Doc.No.26] is DENIED WITHOUT PREJUDICE TO RENEWAL.

SO ORDERED

_____
ELLEN BREE BURNS

SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 29th day of September, 2004.