**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MICHAEL JON BARBARULA,** | : | CIVIL ACTION NO. |
| Administrator of the Estate of | : | 3:02 CV 1142 (EBB) |
| Jing Xian He, | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| **CANAL INSURANCE COMPANY, et al.:** | | OCTOBER 8, 2004 |

**MOTION TO ADD OFFER OF JUDGEMENT OF INTEREST AND OTHER INTEREST OWED ON THE POLICY TO THE PARTIAL JUDGMENT**

This motion for offer of judgment interest and other relief is filed in compliance with the order set forth in the Court Ruling on the Motions for Summary Judgment at 18-20 (Sept. 29, 2004).

1. The MCS-90 affects the relationship between the injured person and the carrier and the purpose of the endorsement is to fix "financial responsibility for damage and injuries to . . . members of the public."  Ruling at 11, 18.

2. "The endorsement [MCS-90] accomplishes its purpose by reading out only those clauses in the policy that would limit the ability of a third party victim to recover for his loss.'  T.H.E. Insurance Company v. Larsen Intermodel Services, 242 F.3d 667, 673 (5th Cir. 2001)."  Ruling at 17-18.

3. "The holding of this Court, then, is that, as a matter of federal law as cited herein, Canal's Policy was never cancelled.  Thus, Canal must compensate

Barbarula, subject to reimbursement by Haniewski and Reummele."  Ruling at 18.

4.  The text of the MCS-90 must be given a liberal, remedial construction. See Pierre v. Providence Washington Ins. Co., 784 N.E.2d 52, 55 (N.Y. 2002) ("remedial legislation" that must be "interpreted broadly"). Further, the court must apply "the literal language of the endorsement and the underlying policy to determine its meaning. See Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc., 930 F. 2d 258 (2d Cir. 1991)." Id. at 57.  Accordingly, since the MCS-90 is in force it creates liability under the policy on behalf of the insurance company to the injured victim; and only that portion of the policy which would defeat the injured victim's claim is construed as being eliminated from the policy. See T.H.E. Insurance Co., 242 F.3d at 673 (the endorsement "read[s] out only those clauses in the policy that would limit the ability of a third party victim to recover for his loss."). Thus, under the literal language of the MCS-90, the terms of the policy remain in "full force and effect" until effectively cancelled. See id. at 671; 49 C.F.R. § 387.15.

Canal Insurance Company has previously experienced a ruling by the Fourth Circuit Court of Appeals that the language of the Federal Motor Carrier regulation "makes clear that the MCS-90 endorsement operates to protect the public but does not alter the relationship between the insured and the insurer as otherwise provided in the policy." Canal Ins. Co. v. Distribution Services, 320 F. 3d 488, 493 (4th Cir. 2003). Thus, the terms of the policy remain in effect until and unless the MCS-90 endorsement is effectively cancelled according to the

terms mandated by the Federal Motor Carrier Act, which the Court ruled never, occurred in this case.

5.  The limit of liability under the Canal policy is $1,000,000 and partial judgment for the plaintiff has already been entered for this amount.  Ruling at 20.  Canal must pay this amount to the plaintiff under the policy since the only clauses of the insurance contract that are "read out" of the policy are those that restrict or eliminate the plaintiff's recovery. See Ruling at 17-18; T.H.E. Ins. Co., 242 F. 3d at 673. Further, the policy also contains supplementary coverage provisions that require payment of offer of judgment interest, post-judgment interest and costs. See Exhibit D to Plaintiff's Local Rule 56(a)(1) Statement of Undisputed Facts (policy of insurance). These provisions remain in "full force and effect." T.H.E. Ins. Co., 242 F. 3d at 673; 49 C.F.R. § 387.15. Under the decisional law in this District, the insurance company is responsible for the payment of the offer of judgment interest, post judgment interest and costs because they are "defense costs" incurred by the insurance company due to its failure to settle the claim in accordance with the offer of judgment. See Cox v. Peerless Ins. Co., 774 F. Supp. 83, 86 (D. Conn. 1991).

 The final judgment entered in favor of the plaintiff by the Connecticut Superior Court in this action was in the amount of $5,700,000.00. See Exhibit E to Plaintiff's Local Rule 56(a)(1) Statement of Undisputed Facts (final judgment (April 23, 2002, Robinson, R, J.). The final judgment was comprised of a verdict of $3,600,000.00 and offer of judgment interest of $2,100,000.00. Id. at 3. This $2,100,000.00 should be added to the judgment.

In addition, pursuant to General Statutes § 37–3b, the plaintiff is entitled to post judgment interest on the total amount of the judgment at the rate of 8% running from the date of the final judgment. See Ruling at 1 n.1; General Statutes § 37-3a (rev. to 1997); Gionfriddo v. Avis Rent-A-Car, 192 Conn. 301, 308 (1984) (calculation of interest). The per diem amount running on the judgment ($5,700,000.00) is one thousand two hundred sixty-seven dollars ($1,267.00) based on an accounting year of 365 days. A total of 865 days have passed since the date final judgment therefore, as of today's date, post judgment interest has accrued in the amount of $1,095,955.00.  Thus, partial judgment in the amount of $4,195,955.00 should enter as to Counts I, II & III to the extent the claims relate to the non-cancellation of the policy under federal law.

6.  The plaintiff filed an offer of judgment for $1,000,000.00 in this case within 18 months of the filing of suit, see Doc. # 18 (Dec. 2, 2002), thus, offer of judgment interest at 12% per annum relates back to the time of filing of this case.  See General Statutes § 52-192a(a).  The case was filed in State Court on June 20, 2002 and then removed by the defendant based on diversity of citizenship to this court on July 1, 2002.  Since the judgment entered by this court is equal to or greater than the offer of judgment filed by the plaintiff, this court must award interest of 12% per annum on top of the judgment entered under the claims asserted by the plaintiff.  See Local Rule 68; Cox v. Peerless, 774 F.Supp. at 86.

7.  The total judgment before interest, as set forth above, is $ 4,195,955.00. Interest under the offer of judgment statute, to date amounts to $1,141,048.00 based on a per diem of $1,431.68.  Accordingly, a total partial judgment

(excepting the bad faith claim) should enter in favor of the plaintiff for $5,337,003.00.

8. The plaintiffs will proceed against Canal under the bad faith count and will amend the complaint to assert a claim under CUTPA, General Statutes § 42-110b, seeking compensatory and punitive damages, as well as attorneys' fees. The bad faith claim will demonstrate that Canal is responsible for the amount of the verdict in excess of the 1 million dollar limits, $2,600,000.00.

9. In sum, partial judgment should enter for the plaintiff as follows:

Limits of Insurance: $1,000,000.00

Offer of Judgment Interest Covered By Policy in Underlying Case: $2,100,000.00

Post-Judgment Interest Covered By Policy at 8%: $1,095,955.00 as of October 8, 2004

Offer of Judgment Interest in This Case: $1,141,048.00 as of October 8, 2004

Total Partial Judgment: $5,337,003.00

THE PLAINTIFF,


By: _____
    Michael A. Stratton, Esq.
    STRATTON FAXON
    59 Elm Street
    New Haven, CT 06510
    Telephone (203) 624-9500
    E-Mail mstratton@strattonfaxon.com
    Federal Bar # 08166

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this day to:

**John W. Dietz, Esq**.
Halloran & Sage
315 Post Road West
Westport, CT 06880

**John W. Mills, Esq.**
Murphy and Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
Michael A. Stratton, Esq.