UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BARBARULA,<br>Administrator of the Estate of<br>Jing Xian He, | : CIVIL ACTION NO.<br>: 3:02 CV 1142 (EBB) |
| vs. | |
| CANAL INSURANCE COMPANY, et al. | : NOVEMBER 19, 2004 |

## AFFIDAVIT IN SUPPORT OF MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY

The undersigned represents that:

1. I am over the age of eighteen (18) years and I understand the obligations of an oath.

2. I am counsel to the plaintiff in the above-captioned matter and submit this affidavit in compliance with General Statutes § 52-278c(a)(2).

3. This court entered a ruling on the motion for summary judgment in favor of the plaintiff for $1,000,000. and has under advisement a motion to add appropriate interest.

4. In addition to the direct claims under the policy the plaintiff has asserted claims for breach of the covenant of good faith and fair dealing an violations of CUTPA, General Statutes § 42-110b, *et seq.*, based on Canal's handling of the underlying liability claim.

5.   During the course of the underlying case the plaintiff filed an offer of judgment for the CSL limit of $1,000,000. The defendant rejected the offer of judgment.

6.   The defendant provided a defense to the tortfeasors in the underlying case and paid the costs associated with the defense of the case.

7.   During the course of the underlying trial the plaintiff demanded substantially less than the policy limit to settle the case.

8.   During the course of the underlying trial Canal offered $450,000. to settle the case.

9.   The liability in the underlying case was clear and beyond dispute. See Police Report filed in connection with Motions for Summary Judgment.

10.   Canal failed to cancel the policy in accordance with its terms as required by the MCS-90 endorsement, thus the policy was never cancelled in accordance with federal law.

11.   "The endorsement [MCS-90] accomplishes its purpose by reading out only those clauses in the policy that would limit the ability of a third party victim to recover for his loss.' T.H.E. Insurance Company v. Larsen Intermodel Services, 242 F.3d 667, 673 (5th Cir. 2001)." Ruling on Motion for Summary Judgment at 17-18. "The holding of this Court, then, is that, as a matter of federal law as cited herein, Canal's Policy

was never cancelled.[1] Thus, Canal must compensate Barbarula, subject to reimbursement by Haniewski and Reummele." Ruling at 18.

12. There is no law in the United States cited by Canal, found by the plaintiff or cited by the Court that permitted Canal to ignore the cancellation requirements of the MCS-90 endorsement.

13. Despite having no law to support its claim of cancellation under the MCS-90 endorsement, Canal defended the tortfeasors in the underlying trial and exposed them to personal liability in excess of $6,000,000.

14. The tortfeasors' liability would have been capped at the plaintiff's demand substantially less than the policy limit had Canal proceeded in good faith by settling the case and in accordance with their duties to the insureds who they undertook to represent and expose to personal liability.

---

[1] Canal argues repeatedly that the policy was cancelled. Since Judge Blue declined to rule on the application of federal law, his decision has no bearing on whether the policy was cancelled under federal law. Since this court has held that "as a matter of federal law as cited herein, Canal's Policy was never cancelled", Ruling at 18, the argument that the policy was cancelled flies in the face of this court's ruling and holding. Moreover, if there are conflicting provisions in policies (i.e. two cancellation clauses – the federal cancellation clause in this case more generous) the clause that favors the insured is the operative clause. See Royal Ins. Co. v. Zygo, Corp., No. 3:01cv1317, at 7-9 (D.Conn. Aug. 15, 2003) (if "the words of the policy are susceptible of two equally responsible interpretations, the Court must adopt that interpretation that will sustain the claim and cover the loss"; the language is construed against the insurer and in favor of the insured). Accordingly, under federal law the policy was never cancelled and all provisions are still active and protect the plaintiff from loss.

15.  Based on the foregoing, the plaintiff has established probable cause that he will prevail against Canal based on its handling of the underlying case.

16.  The plaintiff reserves the right to supplement this filing upon conducting discovery regarding the underlying claims file which is the subject of a pending motion to compel.

                                                                       */s/ Joel T. Faxon*
                                                                       Joel T. Faxon

Subscribed and sworn to before me
This 19th day of November, 2004.

*/s/ Carol A. Girard*
Notary Public
My Commission Expires: 8/31/06

4