UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA : | |
|    Plaintiff : | |
| : | |
| vs : | Case No.: 3-02-CV 1142 (EBB) |
| : | |
| CANAL INSURANCE COMPANY, : | |
| ROYAL INSURANCE COMPANY OF : | |
| AMERICA, ROYAL INDEMNITY : | |
| COMPANY AND ROYAL SURPLUS : | |
| LINES INSURANCE COMPANY : | |
|    Defendants : | November 23, 2004 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

STATEMENT OF FACTS

The above case was originally instituted in the Connecticut Superior Court by way of summons and complaint, dated June 6, 2002. The case was thereafter removed to federal court. The original complaint, which continues to be the operative complaint in this case, contains four counts. Counts one through three are brought against the defendant Canal Insurance Company (hereinafter "Canal") and the fourth count is against the defendants Royal Insurance Company of America, Royal Indemnity Company and Royal Surplus Lines Insurance Company (hereinafter "the Royal defendants). The first count alleges a cause of action pursuant to §38a-321, Conn.Gen.Stats. The second count alleges a cause of action for breach of good faith and the third count

alleges a cause of action pursuant to the MCS-90 Endorsement. The original complaint sought compensatory damages and did not seek punitive damages.

Canal filed its answer, special defenses and jury claim (#9) on August 5, 2002. The plaintiff filed an offer of judgment (#18) on December 2, 2002. Canal filed a motion for summary judgment as to counts 1, 2 and 3 (#19) on December 6, 2002. The plaintiff filed a motion for extension of scheduling order (#23) on December 12, 2002, requesting that the discovery deadline be extended to February 28, 2003 and the date for the defendants to file motions for summary judgment be extended to January 15, 2003. This motion states that these extensions of time were discussed at the December 6, 2002 status conference. The motion was granted on December 13, 2002, with an order that the discovery cutoff date would be February 28, 2003 and dispositive motions would be due by January 15, 2003. The discovery deadline has never been modified.

Canal's first motion for summary judgment (#19) was denied in the Ruling (#43, Hall, J.) issued by the court on September 11, 2003. A telephone status conference was held on September 23, 2003. Thereafter, all parties filed motions for summary judgment—Canal's was filed on September 25, 2003 (see #38, #39 and #43); plaintiff's was filed on September 29, 2003 (see #40, #41, #42). Various extensions of time were filed and granted with respect to deadlines for filing briefs in connection with the summary judgment motions. In the meantime, the case was referred to Magistrate Holly Fitzsimmons for the

purpose of conducting a settlement conference, which was held on December 19, 2003. The case did not settle at that time.

On February 25, 2004, the case was reassigned to Judge Ellen Bree Burns for all further proceedings. Various memoranda were filed by the parties pertaining to the pending motions for summary judgments. The court issued a Ruling (#87) dated September 29, 2004, denying Canal's second motion for summary judgment (#38), granting the plaintiff's partial motion for summary judgment (#40) and denying the Royal defendants' motion for summary judgment (#26). The court temporarily deferred ruling on the issue of whether the plaintiff is entitled to pre-judgment and post-judgment interest and on the plaintiff's bad faith claim. On October 4, 2004, the court referred this case to Magistrate Joan Margolis for a settlement conference (#87). The plaintiff filed a motion to add offer of judgment interest and other interest (#89) on October 8, 2004. Notice of settlement conference was issued on October 25, 2004, scheduling the settlement conference before Judge Margolis on December 16, 2004.

On November 3, 2004, the plaintiff filed a motion to amend complaint (#92), seeking to amend his complaint by adding an entirely new count to assert a claim under CUTPA (Connecticut Unfair Trade Practices Act, Conn.Gen.Stats. §42-110b, et seq.) The proposed new CUTPA count (enumerated count three in the proposed amended complaint) incorporates all of the paragraphs of counts

one and two (as set forth in the original complaint), and adds two new conclusory allegations:

> 12. Canal's conduct violated CUIPA, General Statutes §38a-816, et seq., the common law and the defendant acted in a fashion that was immoral, unethical or unscrupulous.
>
> 13. Canal's conduct in its trade or business amounted to an unfair trade practice in violation of §42-110b, et seq.

See amended complaint attached to motion to amend (#92).  The proposed amended complaint also seeks to amend the claim for relief to seek punitive damages and attorneys' fees pursuant to CUTPA against Canal.

Canal hereby objects to the plaintiff's motion to amend for several reasons: it is untimely, it evidences undue delay, bad faith or dilatory motive and it causes undue prejudice to Canal, all of which are discussed below.

<u>LAW AND ARGUMENT</u>

Rule 15(a), FRCP, provides that unless a pleading is amended before a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  This language "makes it clear that permission to amend is not to be given automatically but is allowed only 'when justice so requires.'"  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1487.

This case has been pending for almost two and one-half years. Until the plaintiff filed his motion to amend on November 3, 2004, there was absolutely no indication that the plaintiff was going to make a claim under Connecticut's Unfair Trade Practices Act. The plaintiff never attempted to extend filing or discovery deadlines in order to file a motion to amend the complaint. The plaintiff never raised the possibility of an amended complaint at the telephone status conference on September 23, 2003, nor at the settlement conference in December, 2003. The plaintiff remained silent even while the parties were busy preparing motions for summary judgment, memoranda in support thereof and memoranda in objection thereto, all based upon the allegations of the original complaint.

In the motion to amend the complaint to add a CUTPA count and concomitant claims for punitive damages and attorneys fees, the plaintiff does not argue, nor could he, that he recently learned new information which forms the basis of the CUTPA claim. It is obvious that if the plaintiff's attorney felt there was a viable CUTPA claim, he could and should have included it in his original complaint, or attempted to add it before the discovery deadline expired, before the parties had moved for summary judgment, and before the court ruled on the motions for summary judgment. The plaintiff chose to wait until he received a favorable ruling from the court on his motion for summary judgment before springing this new claim on Canal. It appears to be no accident that the plaintiff's

5

motion to amend to add this new cause of action, along with a claim for punitive damages never previously claimed, has been filed on the eve of the upcoming settlement conference, presumably designed to put pressure upon Canal to settle this case.

Other courts have found that parties were not entitled to amend pleadings in similar circumstances.  In Ross v. Jolly, 151 F.R.D. 562 (E.D.Pa.1993). the plaintiffs, whose employment had been terminated, attempted to amend their complaint, which had originally claimed violations of the Federal Labor Management Relations Act, the Federal Civil Service Act and the First and Fourteenth Amendments to the Constitution,  to add a claim for race discrimination under §1983.  The court stated that if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that significant new preparation would be required, the court may deem it prejudicial. Id. at 565.  It was noted that "an inordinate period of time" had elapsed since the plaintiffs commenced the action in October, 1992 and the motion to amend which was filed in June, 1993. Id.  Furthermore, the court noted that the plaintiffs had not offered the court any explanation as to why they could not have discovered their alleged terminations were also racially motivated prior to June of 1993. Id.  The court found the proposed amendment both untimely and futile.  In the instant case, the proposed new CUTPA count clearly changes the theory on which the case has been proceeding and is so late that it would require

6

significant preparation, both in terms of pleading and discovery. Furthermore, like the plaintiffs in Ross, the plaintiff in this case has failed to offer any explanation as to why this count was not included in the initial complaint.

In McCarthy v. Komori America Corp., 200 F.R.D. 507 (E.D.Pa.2001), the plaintiffs attempted to amend their complaint to add a claim for punitive damages. Discovery was scheduled to end on January 26, 2001 and thereafter the court allowed two general thirty-day extensions. The court noted that the pretrial process had been "contentious." Id. at 508. The plaintiff's motion to amend was dated April 9, 2001, after the extended discovery deadline had passed. In denying the motion to amend, the court pointed out that the factual core supporting the plaintiffs' proposed new claim was known to the plaintiffs at the time of the filing of the original complaint in June, 2000, and remarked that the plaintiffs failed "to offer any justification whatsoever for the delay." Id. The court also noted that the case had been referred to a Magistrate Judge to explore settlement, just like the instant case. The court denied the motion to add the punitive damages claim finding that there was no justification for prolonging the discovery process, that the defendant would be prejudiced in its ability to prepare a defense to the punitive damages claim, and "perhaps most significantly, plaintiffs have inexplicably delayed moving to amend despite having known the factual basis for their claim for many months." Id. at 509.

In a number of cases, a trial court's refusal to allow an amendment has been found not to have been an abuse of discretion. In Ferguson v. Roberts, 11 F.3d 696 (7th Cir.1993), the plaintiffs' initial complaint, filed on March 20, 1989, was brought pursuant to §10(b) of the Securities Exchange Act of 1934 based on allegations of aiding and abetting. In February, 1991, the plaintiffs sought leave to file an amended complaint to add allegations of conspiracy to defraud, common law fraud and violations of RICO, which the trial court denied. On appeal, the Court of Appeals affirmed the trial court's refusal to allow a late amendment adding a new claim which would have necessitated a great deal of additional discovery, given the date set for close of discovery, and would therefore prejudice the defendant. Because the trial court was concerned "that this was a tactic on the part of the plaintiffs to postpone the trial date," and questioned why the plaintiffs had waited to amend the complaint when it was apparent that the new allegations arose out of the same transaction or occurrence as the others, there was no abuse of discretion in denying the motion to amend. Id. at 707. The same analysis applied to the facts in the instant case should lead the court to deny the plaintiff's motion to amend.

Where a motion for leave to amend to add a new defendant and an additional ERISA was made six months after the close of discovery and on the eve of summary judgment proceedings, the trial court did not abuse its discretion in denying the motion to amend. Feldman v. American Memorial Life Ins. Co.,

8

196 F.3d 783 (7th Cir.1999). Although the trial court failed to articulate its basis for decision, the Court of Appeals held that the denial was justified since the "delay and prejudice that would result from such an amendment was apparent." Id. at 793. Likewise, in the instant case, it is apparent that delay and prejudice would result if the plaintiff is allowed to amend the complaint to add a CUTPA claim and a claim for punitive damages and attorneys fees under CUTPA.

The facts of Bell v. Allstate Life Ins. Co., 160 F.3d 452 (8th Cir. 1998) are similar to the facts in this case. Bell's initial complaint, filed on March 20, 1997, sought to recover death benefits under two life insurance policies issued to the plaintiff's deceased, ex-husband. Seven months after the original complaint was filed, and a week after the defendant filed a motion for summary judgment on the last day for filing motions under the scheduling order, the plaintiff filed a motion to amend her original complaint, seeking to add allegations that Allstate had illegally marketed the policies and that the policies had violated Arkansas law by not including a conversion privilege. The Court of Appeals upheld the trial court's denial of the motion to amend, noting that the amendments sought would require additional discovery by the parties, such as "a review of the marketing of the policies as well as an evaluation of specific provisions of the policies for compliance with Arkansas insurance law." Id. at 454. The court also noted that if the amendment were allowed, it would require an extension of the already expired deadline for motions, and remarked that the "issues raised by the

9

proposed amendment involve different factual and legal issues than the allegations in the original complaint." Id. There is no question that if the plaintiff's proposed amendment alleging CUTPA violations along with punitive damages and attorneys' fees is allowed, there will be additional factual and legal issues that will spawn new discovery and pleadings, and will delay the progress of this case.

CONCLUSION

The plaintiff's motion to amend is untimely, it evidences undue delay, bad faith or dilatory motive and it causes undue prejudice to Canal. For all of the foregoing reasons, and as more fully set forth above, the plaintiff's motion to amend (#92), should be denied.

THE DEFENDANT

CANAL INSURANCE COMPANY

BY_____
KAREN L. KARPIE, Esq.
MURPHY and KARPIE, LLC
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604
Federal Bar #CT 04269
Tel. 203-333-0177, Fax 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
E-mail: klkarpie@sbcglobal.net

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on November 23, 2004 to

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
KAREN L. KARPIE