FILED

2004 NOV 29 P 2: 18

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JON BARBARULA, Administrator       :
of the Estate of Jing Xian He

vs.                                         :         NO. 3:02cv1142(EBB)

CANAL INSURANCE COMPANY, ET AL    :         NOVEMBER 29, 2004

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMENDED COMPLAINT

Canal's objection to the motion to amend should be overruled. The standard to be applied by the court in ruling on a motion to amend is well established.

> A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A motion for leave to amend the complaint can be denied, however, if the defendant demonstrates undue delay in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim. Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

Callahan v. Unisource Worldwide, Inc., No. 3:01cv1205(CFD), at 2-3 (D.Conn. Feb. 24, 2004).

The facts of this case clearly indicate that permission to amend should be granted. First of all, as Canal's former counsel Mr. Mills has established, the CUTPA claim is legally sufficient in connection with a claim of insurance bad faith. See Peck v. Public Service Mutual Ins. Co., 114 F.Supp.2d 51, 58 (D.Conn. 2000). Second, practically speaking, there is no discovery order the controls the completion of discovery in this matter since any applicable

1

order has expired and a new order will be required to control the discovery that needs to be completed on the bad faith claims.

The parties have been engaged in motion practice for over a year and a half regarding the substantive claims in the case and discovery has not occurred on the bad faith claims which this court specifically inquired about in the ruling on the motion for summary judgment. Ruling at 19-20. The plaintiff has indicated that he plans to pursue the bad faith claims and the CUTPA claim asserted in the amendment does nothing more than establish a further basis for relief under the bad faith theory. It introduces no new information into the case. In addition, the court has before it the motion to compel filed by the plaintiff on December 3, 2003 (Doc. # 57), which seeks the documentary discovery that relates to the bad faith and CUTPA claims. The parties will need additional time to conduct deposition discovery on that issue after the court rules on the motion to compel. Therefore, the discovery phase of the case is far from over and no prejudice to Canal can be established.

Even if the court finds that the plaintiff delayed in filing the motion, which the plaintiff disputes since the claim is asserted within the statute of limitations, see General Statutes § 42-110g(f) (3 years from improper action by the defendant), it has no prejudicial effect on the defendant since Canal can fully conduct discovery, prepare the case for trial and raise any and all defenses it may have to the claim. Moreover, there can be no claim that the plaintiff is acting in bad faith - it is the defendant's bad faith conduct that is at issue. Thus, the motion should be granted. See State Teachers Ret. Bd., 654 F.2d at 856.

2

Lastly, the granting of the motion would lessen the Federal Court litigation in this case since, were the motion to be denied, the plaintiff would simply file a new suit against Canal alleging a violation of CUTPA and, more than likely, that new suit would be consolidated with this matter under Fed. R. Civ. P. 42(a), since the matters arise out of the same transaction.

Based on the foregoing, the court should grant the motion to amend and allow the amended complaint.

THE PLAINTIFF

By /s/ Joel T. Faxon
JOEL T. FAXON    CT 16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL. 203-624-9500
FAX 203-624-9100
jfaxon@strattonfaxon.com

3

## CERTIFICATION

The foregoing Amended Complaint was served on this date to the following:

John W. Dietz, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

Karen Karpie, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

By_____
JOEL T. FAXON

4