### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BARBARULA, Administrator of the Estate of Jing Xian He, | : : : : | CIVIL ACTION NO. 3:02 CV 1142 (EBB) |
| vs. | : : : | |
| CANAL INSURANCE COMPANY, et al. | : | JANUARY 19, 2005 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

The plaintiff, Michael Barbarula, Administrator of the Estate of Jing Xian He, hereby submits this memorandum of law in support of his Motion to Compel, pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 7(a)(1) and 37(a)(3), filed to obtain documents related to Canal's handling of the underlying claim which is the subject of this bad faith action against Canal. The disputed discovery is attached hereto as Exhibit A.

### I.     Factual Background

The court has fully recounted the procedural history of this case in its Ruling on Canal's Motion for Summary Judgment [Doc. #34] ("Ruling"), wherein the court denied Canal's motion. Id. at 9-10. The plaintiff seeks two categories of information: insurance applicable to this claim and documentation used in the claims handling process, both clearly within the broad scope of discovery under Fed. R. Civ. P. 26(b).

The plaintiff now moves the court for an order compelling the production of Canal's discovery as it relates to insurance that is applicable to this claim – a mandatory disclosure under Fed. R. Civ. P. 26(a)(1)(D) (Interrogatories 1, 2, 4 &

5 and Requests for Production 1, 2 & 3). There is no basis to resist this

discovery. Moreover, the existence of sufficient insurance to cover the claim is a

defense to the prejudgment remedy that the plaintiff seeks. <u>See</u> General

Statutes § 52-278e(d). The motion as it relates to this information should be

granted.

Further, the plaintiff seeks in Document Requests 15, 16, 17, 18, 19 and

21 information that will assist in the prosecution of the bad faith claim. Basically,

the requests boil down to claims manuals that Canal uses to determine whether

a claim should be covered and the documents that provide the basis for the

denial of coverage. <u>See</u> <u>Jones v. Nationwide Insurance Co.</u>, No. 3:98cv2198,

2000 U.S. Dist. LEXIS 18823, at *10-12 (M.D.Pa. July 20, 2000) (requiring

production of claims manual in bad faith case). The plaintiff will rely on the

briefing filed in connection with the motion to compel the claims file for authority

for that proposition. <u>See</u>, <u>e.g.</u>, <u>Loftus v. Amica Mutual Ins. Co.</u>, 175 F.R.D. 5, 11-

12 (D.Conn. 1997). Accordingly, the motion to compel these items should be

granted.

The standards for discovery are well established and were recently recited

by Chief Judge Covello in the matter of <u>Omega Engineering, Inc. v. Omega S.A.</u>,

No. 3:98cv2464(AVC), 2001 U.S. Dist. LEXIS 2016, at *5-6 (D.Conn. Feb. 6,

2001), where the court wrote:

> Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent
> part, that "parties may obtain discovery regarding any matter, not
> privileged, which is relevant to the subject matter involved in the pending
> action . . . ." Fed. R. Civ. P. 26(b)(1). Information that is reasonably
> calculated to lead to the discovery of admissible evidence is considered

relevant for the purposes of discovery. <u>See</u> <u>Daval Steel Prods. v. M/V</u>
<u>Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir.1991). The term "reasonably
calculated" as used in Rule 26 means "any possibility that the information
sought may be relevant to the subject matter of the action." <u>Morse/Diesel,</u>
<u>Inc. v. Fidelity & Deposit Co.</u>, 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A
party may not object to a discovery request on the grounds that the
information sought will be inadmissible at trial so long as the material
requested could lead to other information that may be relevant to the
subject matter of the action. <u>See</u> <u>id.</u>

The disputed discovery is clearly relevant to the case or may lead to the

discovery of admissible evidence. As such, the information must be produced.

<u>See</u> Fed. R. Civ. P. 26(b).

Based on the foregoing authority, Canal's objections to the discovery are

not well-taken. The information sought should be produced.

## III.    **Conclusion**

Based on the foregoing, the motion to compel should be granted.

THE PLAINTIFF

By:

Joel T. Faxon CT 16255
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Telephone (203) 624-9500
FAX (203) 624-9100
E-Mail jfaxon@strattonfaxon.com

## CERTIFICATION OF SERVICE

This is to certify that on this date, a copy of the foregoing was mailed, postage prepaid, to all counsel and parties of record as follows:

Karen L. Karpie, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suit 408
Bridgeport, CT 06604

John W. Dietz, Esq
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
Joel T. Faxon