Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JON BARBARULA
Administrator of the Estate of Jing Xian He,
    Plaintiff

vs

CANAL INSURANCE COMPANY, et al
    Defendants

Case No.: 3-02-CV 1142 (EBB)

January 14, 2005

**OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT CANAL INSURANCE COMPANY**

The plaintiff, pursuant to and in accordance with Fed. R. Civ. P. 33 & 34, hereby requests that the defendant, Canal Insurance Company (the "Defendant" and/or "you"), produce certain documents, within thirty (3) days of date of service hereof, at the offices of the undersigned, for the purposes of examination, inspection and copying, the following:

**GENERAL OBJECTION TO ALL**

The defendant objects to all of the plaintiff's interrogatories and requests for production, dated December 16, 2004, on the ground that they are untimely. The discovery deadline of February 28, 2003 has long passed. (See attached Motion for Extension of Scheduling Order, with court order indicating discovery cutoff date of February 28, 2003.) Also, the interrogatories and requests for production are untimely in that this case was commenced on or about June 6, 2002, the case has been pending for over 1-1/2 years and summary judgment

motions have already been filed and ruled upon partially. Further, the plaintiff already filed interrogatories and requests for production, which the defendant answered in part, and objected to in part, filing a Privilege Log. The court is considering the plaintiff's motion to compel and has just ordered that the defendant provide the documents to the court for an in camera review on or before January 24, 2005. No further discovery should be allowed in this case.

**INTERROGATORIES:**

    1.    If, at the time of the incident which is the subject of this lawsuit, and at all times relevant to the pleadings filed in this case and in connection with its adjustment of the underlying claim, the defendant was covered by an insurance policy under which any insurer may be liable to satisfy part or all of a judgment which may be rendered in this action against you or to indemnify or reimburse you for payments made to satisfy the judgment, state:

    (a)    the name(s), address(es) and telephone number(s) of the named insured(s);

    (b)    the amount of coverage of all such insurance policies;

    (c)    the name(s), address(es) and telephone number(s) of said insurance carrier(s);

    (d)    the contents of all such insurance policies.

**OBJECTION:**    See general objection above. It is vague and it seeks irrelevant and immaterial information. Whether insurance coverage may be

available to the defendant insurance company to indemnify or reimburse the defendant for any payments defendant may make to the plaintiff in the future to satisfy any judgment that may be rendered in this case is not reasonably calculated to lead to the discovery of admissible evidence.

2. If, at the time of the incident which is the subject of this lawsuit, and at all times relevant to the pleadings filed in this case and in connection with its adjustment of the underlying claim, the defendant was protected against any type of risk, which is the subject of this action, by excess insurance, state:

> (a) the name(s), address(es) and telephone number(s) of the named insured(s);
>
> (b) the amount of coverage of all such insurance policies;
>
> (c) the name(s), address(es) and telephone number(s) of said insurance carrier(s);
>
> (d) the contents of all such insurance policies.

**OBJECTION:** See general objection above, and objection to interrogatory #1.

3. Have you or your insurance company made any payments concerning any personal injuries, bills or property damage which are alleged to have resulted from the incident which is the subject of the complaint in this action? If so, state:

> (a) who made the payment;

    (b)    the amount of the payment;

    (c)    what the payment represented;

    (d)    to whom the payment was made;

    (e)    the nature of any documents or agreements which were executed in connection with the making of the payment.

**OBJECTION:** See general objection above. It is vague and overly broad, and it seeks irrelevant and immaterial information. Whether the defendant made any payments is irrelevant and immaterial. It also seeks information protected from discovery by the attorney-client privilege and work product doctrine insofar as it seeks information regarding payment of legal fees and other expenses associated with the litigation.

4. State whether any insurer, as described in Interrogatory #2 and #3 above or #5 below, has disclaimed/reserved its duty to indemnify any insured or any other person protected by the policy or policies.

**OBJECTION:** See general objection and objection to interrogatory #1.

5. Is the potential liability of the defendant in connection with this matter subject to any reinsurance agreements? If so please state:

    (a)    the name(s), address(es) and telephone number(s) of the insurers;

    (b)    the amount of coverage of all reinsurance;

   (c) the name(s), address(es) and telephone number(s) of said insurance carriers;

   (d) the contents of all such reinsurance policies or agreements.

**Objection:** See general objection and objection to Interrogatory #1.

**REQUESTS FOR PRODUCTION:**

1. Produce a copy of the declaration page(s) and full policies evidencing the insurance coverage or agreement identified in response to Interrogatory #1, #2 and #5.

**OBJECTION:** See general objection and objection to Interrogatory #1.

2. Produce a copy of the declaration page(s) evidencing the insurance agreement identified in response to Interrogatory #2.

**OBJECTION:** See general objection and objection to Interrogatory #1.

3. Produce a copy of the document(s) relating to Interrogatory #4.

**OBJECTION:** See general objection and objection to Interrogatory #1.

4. A complete copy of Canal Insurance Company policy 309923 (policy period 2/27/96 – 2/27/97), including all endorsements, exclusions, riders, applications and binders of insurance (the "Policy").

**OBJECTION:** See General objection. Also, this is duplicative or prior discovery requests. The defendant has already provided this to the plaintiff.

5. A complete copy of any and all Canal Insurance Company's renewal policy(ies).

**OBJECTION:** See general objection. Without waiving the objection, the defendant responds that there was no renewal policy

5.1 A complete copy of the underwriting file(s) maintained by the defendant with respect to the Policy.

**OBJECTION:** See general objection. Furthermore, this is duplicative of prior discovery. The plaintiff already requested the underwriting file and the defendant responded by producing part of said file and objecting to the production of another part of the underwriting file on the grounds of attorney client privilege and work product. The court has yet to rule

6. A complete copy of the underwriting file(s) maintained by the defendant with respect to the Renewal Policy.

**OBJECTION:** See general objection and objection to Interrogatory #1. Without waiving the objection, the defendant responds that there was no renewal policy.

7. All documents concerning the insurance premiums for the Policy, including, but not limited to, documents concerning the payment of premiums, any change in the amount of the premiums, and/or the factors utilized in calculating such premiums.

**OBJECTION:** See general objection. Also, this is vague, overly broad and burdensome, and seeks irrelevant and immaterial information which is not reasonably calculated to lead to the discovery of evidence admissible in the subject action.

8. All documents concerning the insurance premiums for the Renewal Policy, including but not limited to, documents concerning the payment of

premiums, any change in the amount of the premiums, and/or the factors utilized in calculating such premiums.

**OBJECTION:** See general objection and objection to request for production #7. Without waiving said objections, the defendant responds that there was no renewal policy.

9. All documents concerning the application for, placement of negotiation of, underwriting of, approval of, sale of, and/or issuance of the Policy.

**OBJECTION:** See general objection. This is duplicative of prior discovery and production of documents to the plaintiff. It is also vague and overly broad and fails to specify the documents being requested.

10. All documents concerning the application for placement of, negotiation of, underwriting of, approval of, sale of, and/or issuance of the Renewal Policy.

**OBJECTION:** See general objection and objection to request for production #9. Without waiving said objection, the defendant responds that there was no renewal policy.

11. All documents concerning any insurance broker, brokerage firm, agent, insurance agency, or any other insurance entity or intermediary involved in the application for placement of, negotiation of, underwriting of, approval of, sale of, and/or issuance of the Policy.

**OBJECTION:** See general objection and objection to Request for Production #9.

12. All documents concerning any insurance broker, brokerage firm, agent, insurance agency, or any other insurance entity or intermediary involved in the application for placement of, negotiation of, underwriting of, approval of, sale of, and/or issuance of the Renewal Policy.

**OBJECTION:** See general objection and objection to request for production #11. Without waiving said objections, the defendant responds that there was no Renewal Policy.

13. All documents concerning any insurance claims made under the Policy and/or the Renewal Policy.

**OBJECTION:** See general objection and objection to request for production #10. Without waiving the objection, the defendant responds that there was no Renewal Policy.

14. All documents the Defendant and/or Canal Insurance Company sent to or received from any insurance claims handling entity, insurance broker, insurance agency, insurance company, or any other insurance entity concerning;

    a. The Policy, including any endorsement, exclusion or rider to, application for, or insurance binder for, that policy; and/or

    b. The Renewal Policy, including any endorsement, exclusion or rider to, application for, or insurance binder for, that policy.

**OBJECTION:** See general objection. This is vague, overly broad and burdensome, seeks irrelevant and immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence. It also seeks documents already produced to the plaintiff.

15. All documents concerning any insurance claim requesting defense, indemnity or insurance coverage for the Jing Xian He claims and the consideration, assessments and evaluations of such requests by the Defendant, Canal Insurance Company and/or their respective representatives.

**OBJECTION:** See general objection and objection to request for production #14.

16. All documents concerning and/or explaining any term, condition or exclusion in the Policy on which you rely, or intent to rely, inn connection with the plaintiff's complaint in this matter.

**OBJECTION:** See general objection and objection to request for production #14. This also seeks information protected from discovery under the attorney client privilege and work product doctrine insofar as it seeks legal opinions of counsel and requests by the defendant for legal opinions and advice.

17. All guidelines, policies, rules, instructions, operating procedures, manuals (including claims, underwriting or other manuals), handbooks, instructional or other materials, created, prepared by, used by, ro intended to be used by or maintained by the Defendant or its employees for guidance,

reference or training by persons responsible for handling policyholder claims, on your behalf for the years 1996 to the present.

**OBJECTION:** See general objection and objection to request for production #14.

    18. All documents concerning:

        a. the reinsurance of the risk represented by the Policy, and/or

        b. communications between you and any reinsurer which reference defense, indemnity, insurance coverage, or possible financial exposure for claims made under the Policy in connection with the Jing Xian He claims.

**OBJECTION:** See general objection and objection to request for production #14. It is also vague and overly broad, seeking information protected from discovery by the work product doctrine and attorney client privilege insofar as it seeks legal opinions of counsel and requests for legal advice and opinions by the defendant.

    19. All documents concerning insurance coverage, including defense or indemnity, for the Jing Xian He claims, including any communications with other insurance companies, underwriters, reinsurers, agents, brokers, investigators, insurance intermediaries, the Defendant, and/or any other defendant in this action.

**OBJECTION:** See general objection and objection to requests for production #14 and #18.

20. The curriculum vitae for each expert or consultant you have retained or employed to express an opinion on any matter involved in this action.

**OBJECTION:** See general objection. Also, this is duplicative of previous discovery.

21. All reports, memoranda or other documents prepared by or at the direction of any expert or consultant you have retained or employed to express an opinion on any matter involved in this action.

**OBJECTION:** See general objection. It is also objected to insofar as it goes beyond the rules of discovery regarding the disclosure of expert witnesses.

22. All documentary references upon which any expert or consultant you have retained or employed in this action will rely to support his or her opinion.

**OBJECTION:** See general objection and objection to request for production #21.

THE DEFENDANT
CANAL INSURANCE COMPANY

BY /s/ Karen L. Karpie
KAREN L. KARPIE, ESQ.
MURPHY and KARPIE, LLC
350 Fairfield Avenue
Bridgeport, CT 06604
Federal Bar #CT 04269
Ph. 203-333-0177
Fax # 203-333-8475
E-Mail Klkarpie@sbcglobal.net

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid and Faxed on January 14, 2005 to the following

Joel T. Faxon, Esq. (Fax: 203-624-9100)
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq. (Fax: 203-227-6992)
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

/s/ Karen L. Karpie
KAREN L. KARPIE

#23

DEC 12 12 26 PM '02

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JON BARBARULA, Administrator | ) | CIVIL ACTION NO. |
| | ) | 3:02 CV 1142 (JCH) |
| VS. | ) | |
| | ) | |
| CANAL INSURANCE COMPANY, et al | ) | DECEMBER 10, 2002 |

### MOTION FOR EXTENSION OF SCHEDULING ORDER

Pursuant to Rule 9 of the Local Rules, the Plaintiff moves with the consent of all parties to extend the scheduling order as follows:

1. The discovery deadline be extended to February 28, 2003; and

2. The Defendants file their Motions for Summary Judgment by January 15, 2003 and the Plaintiff file opposition by February 15, 2003.

These extensions were discussed at the December 6, 2002 Status Conference.

THE PLAINTIFF

BY _____
Michael A. Stratton
Federal Bar No. ct16255
Koskoff, Koskoff & Bieder, PC
350 Fairfield Avenue
Bridgeport, CT 06604
Tel. (203) 336-4421
FAX (203) 368-3244
E-mail: mstratton@koskoff.com

Motion Granted. Discovery cutoff date 2/28/03. Dispositive Motions due by 4/15/03. SO ORDERED 12/13/02
Janet C. Hall, U.S.D.J.

#23