*2000 U.S. Dist. LEXIS 18823, \**

DEBORAH JONES, Plaintiff v. NATIONWIDE INSURANCE COMPANY, Defendant

NO. 3:98-CV-2108

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

2000 U.S. Dist. LEXIS 18823

July 20, 2000, Decided

**DISPOSITION: [\*1]** Recommendation of the special master [34-1] ADOPTED; Objections to the recommendation [37-1] OVERRULED.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Defendant objected to the recommendation of the special master regarding discovery issues in plaintiff's case involving a breach of contract claim and bad faith claim arising from an automobile accident.

**OVERVIEW:** Plaintiff filed suit against defendant insurer, alleging a breach of contract claim and a **bad faith** claim arising from an automobile accident. A **discovery** dispute arose when defendant alleged that two sets of documents sought by plaintiff were protected by either the attorney/client privilege or the work product privilege. Additionally, plaintiff sought defendant's claims manuals and procedures governing the processing of these claims and their activity log. The special master concluded that the documents and most of defendant's claims files and activity log were discoverable. Regarding the attorney-client privilege, the court determined that the advice of counsel in the bad faith action was interwoven into the substantive issues of fact and law and that the objections of defendant did not merit changing the recommendation. The court also rejected defendant's work-product argument regarding the interpretation of "substantial need." The claims manuals were relevant as to whether plaintiff's claim was handled in good faith.

**OUTCOME:** The recommendation of the special master was adopted and defendant's objections were overruled. The court rejected defendant's arguments regarding the attorney-client privilege, the work product doctrine, and relevance of the **claims manuals.**

**CORE TERMS:** recommendation, manuals, case law, insurer, special master, advice of counsel, discovery, work product doctrine, documentation, confidential, discoverable, deposition, handling, per curiam, relevancy, waived, work product privilege, state of mind, work product, memorandum, above-mentioned, investigating, recollection, interwoven, processing, depose, log

**LexisNexis(R) Headnotes**

Evidence > Privileges > Attorney-Client Privilege
HN1⬦ The attorney/client privilege only bars **discovery** or testimony regarding confidential communications made by the client during the course of the representation.

Insurance Law > Bad Faith & Extracontractual Liability
HN2⬦ Pennsylvania law extends **bad faith** actions to the misconduct of an insurer during the pendency of litigation.

Evidence > Privileges > Attorney-Client Privilege
Insurance Law > Bad Faith & Extracontractual Liability
HN3⊀ The advice of counsel in a bad faith action is interwoven into the substantive issues
   of fact and law.

Civil Procedure > Disclosure & Discovery > Work Product
HN4⊀ The opinion work product of an attorney can be discovered in cases in which the
   opinions of an attorney or his agent are themselves at issue.

Civil Procedure > Disclosure & Discovery > Work Product
HN5⊀ The work product doctrine protects materials prepared in anticipation of litigation.
   To overcome this privilege, a plaintiff must show "substantial need" in conjunction
   with a showing that the substantial equivalent of the material is unavailable
   through other sources.

**COUNSEL:** For DEBORAH JONES, plaintiff: Patrick E. Dougherty, Dougherty, Levanthal &
Price, John D. Nardone, Kingston, PA.

For NATIONWIDE INSURANCE COMPANY, defendant: Barbara E. Brockman, Mark Alan Raith,
Lee E. Ullman, Forry, Ullman, Ullman & Forry, P.C., Reading, PA.

MICHAEL J. MCDONALD, Pro se, Scranton, PA.

**JUDGES:** JUDGE JAMES M. MUNLEY, United States District Court.

**OPINIONBY:** JAMES M. MUNLEY

**OPINION: MEMORANDUM**

Before the court for disposition is the recommendation of Special Master Michael McDonald
(hereinafter "Master") regarding discovery issues in the above-mentioned case. The parties in
this action are the plaintiff, Deborah Jones and the defendant, Nationwide Insurance
Company. For the following reasons, the recommendation of the Master will be adopted, and
the objections filed by the Defendant will be overruled.

The instant case involves a breach of contract claim and bad faith claim arising from an
automobile accident. The case was removed to this court on December 29, 1998. On
September 21, 1999, Michael J. McDonald was appointed as a Master to resolve certain [*2]
discovery issues. On May 31, 2000, the Master filed his recommendation with the court. An
order was issued by this court on June 2, 2000, informing the parties that they would be
allowed ten days in which to file any written objections. On June 20, 2000, the defendant
filed its objections to the recommendation. On June 20, 2000, the court also received a letter
from the plaintiff's counsel, stating that he had no objections to the Master's
recommendation and urging the court to adopt the Master's report. Thus, the matter is now
ripe for disposition.

**Discussion**

The discovery dispute at issue involves two sets of documents sought by the plaintiff, which
the defendant alleges are protected by either the attorney/client privilege or the work
product privilege. n1 Additionally, the plaintiff also seeks defendant's claims manuals and
procedures governing the processing of these claims and their activity log.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 The plaintiff has also submitted documents to the Master and asserts similar protections.


- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In **[\*3]** his recommendation, the Master concluded that most of the defendant's claims files and activity log are discoverable. Noteworthy, the Master made specific findings on each document requested, gave specific reasons and cited case law support for each decision reached. In regard to the claims manuals, Mr. McDonald found that the plaintiff should be provided with the claims manuals and policies and procedures governing the processing of these claims, as well as information regarding the relationship, policies and procedures of Defendant Nationwide in dealing with outside medical providers and reviewers in their first party claim process. The Master, however, found that there was more protection available for the communications between plaintiff's counsel and his client as there are no bad faith issues raised against the plaintiff in the pleadings. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -


n2 Contrariwise, there are bad faith issues regarding the defendant, which of course place the state of mind of insurer's counsel directly at issue.


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

The defendant objects **[\*4]** to the recommendation filed by Master McDonald, claiming that the recommendation does not properly apply the attorney-client privilege and work product privilege to the documents at issue.

In addressing the recommendation of the Master and the objections filed by the defendant, this court is not persuaded by the defendant's broad general arguments and finds that the defendant: 1) does not generally provide supporting authority for its assertions, and 2) does not adequately distinguish the recommendation on the facts or the law.

We will briefly address the defendant's assertions *seriatim*. But initially, we note that in support of its objections, the defendant claims that the Birth Center case which the Special Master relied upon is in applicable because it is on appeal. Birth Center v. St. Paul Companies, Inc., 1999 PA Super 49, 727 A.2d 1144 (Pa. Super. 1999). The Supreme Court in its *per curiam* order granted allowance of an appeal in that case, but the court limited it to three issues, none of which involve the attorney/client and/or work product privileges. See Birth Center v. St. Paul Companies, Inc., 560 Pa. 633, 747 A.2d 858 (Pa. 2000) **[\*5]** (per curiam). Therefore, contrary to the defendants' argument, the Supreme Court is not reviewing the issues relevant to the instant case, and consequently the Birth Center case is applicable.

## 1. Attorney/Client Privilege

The defendant states in its objections that in the Birth Center case, the defendant, St. Paul Companies, Inc., did not object to the discovery requested and that therefore any confidentiality was waived. In that case, the Superior Court went on to discuss the underlying substance of the matter, despite the waiver. Birth Center, 727 A.2d at 1144. In Birth Center, the court did not limit its analysis to the waiver argument, but addressed the underlying merits of the attorney/client privilege, indicating its specific rationale for discounting the attorney/client privilege on its facts. Id.

In its objections, the defendant claims that all communications between the defendant and its counsel in the underlying claim are privileged. The defendant's argument to this effect is based on circular reasoning, and he does not present any case law that would lead us to overrule the Master's recommendation. In its objections, the defendant **[*6]** leaps to the conclusion that even though the particular letters and correspondence in the Birth Center case did not divulge confidential information, that the communications in the instant case between Nationwide and its counsel are attorney/client privilege material. We find that this assertion by the defendant is unsupported. The defendant did not specifically identify any particular document or supporting case law to defend or argue its position in the face of the Master's specific recommendation regarding every document supported by case law.

*HN1* The Master stated that the attorney/client privilege only bars discovery or testimony regarding confidential communications made by the client during the course of the representation. See Panko v. Alessi, 362 Pa. Super. 384, 524 A.2d 930, 932 (Pa. Super. 1987). We find that the cases cited by Master McDonald regarding each of the documents have not been distinguished by the defendant so as to cause the court to consider overruling the recommendation.

In addition, the defense counsel stated that since the defendant had not pled an "advice of counsel" defense, it therefore had not waived its attorney/client privilege. **[*7]** We find that this argument is not well-founded. First, this matter involves bad faith litigation, in which the advice of counsel is inextricably interwoven into the fabric of the facts that occurred. Also, an affirmative defense to the plaintiff's claim, which the defendant sets forth in its answer, is that the defendant "acted reasonably and in accordance with the insurance contract and the applicable laws of the Commonwealth of Pennsylvania when issuing the policy of insurance, and when handling, investigating and evaluating plaintiff's claim". Defendant's Answer and Affirmative Defenses, at P 10. This language clearly makes the advice of counsel relevant for purposes of discovery.

Additionally, in the Birth Center case, the court found that when the insurer claimed that payment of an excess verdict demonstrated good faith, that the insurer made its state of mind relevant at the time that it paid the excess verdict. Birth Center, 727 A.2d at 1166-67. *HN2* We find that in the instant case, advice from counsel is relevant, especially because it is clear that Pennsylvania law extends bad faith actions to the misconduct of an insurer during the pendency of litigation. **[*8]** See O'Donnell Ex-Rel Mitro v. Allstate Insurance Company, 1999 PA Super 161, 734 A.2d 901 (Pa. Super. 1999). *HN3* We find that the advice of counsel in a bad faith action, such as the present case, is interwoven into the substantive issues of fact and law and that the objections of the defendant do not merit changing the recommendation of the Master.

## 2. Work Product Doctrine

With regard to the defendant's discussion of the work product doctrine, these objections will again be overruled. *HN4* The opinion work product of an attorney can be discovered in cases in which the opinions of an attorney or his agent are themselves at issue. See Hartman v. Banks, 164 F.R.D. 167, 169 (E.D.Pa. 1995); see also Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2026 (Supp. 1994).

*HN5* The work product doctrine protects materials prepared in anticipation of litigation. Hartman v. Banks, 164 F.R.D. 167, 169 (E.D.Pa. 1995). To overcome this privilege, a plaintiff must show "substantial need" in conjunction with a showing that the substantial equivalent of the material is unavailable through other sources. Id.

In its objections, **[*9]** Nationwide alleges that the master's sweeping interpretation of

"substantial need" bears no resemblance to any previously reported Pennsylvania interpretation of that doctrine in either its scope or content. The defendant, however, does not cite any case law authority that limits the interpretation of "substantial need" in the bad faith insurance context nor does the defendant distinguish the cases cited by Master McDonald in this regard.

The defendant also argues that since the plaintiff will be given the opportunity to depose the defendant's personnel who had significant roles to play in handling the Jones' case, they will learn a great deal, which will be the "substantial equivalent" of written information. We find that this is not the case. It is academic that depositions alone without documents are not as valuable as depositions with documentation that can refresh one's recollection and flush out the essential facts. Once again, no cases have been cited in favor of the defendant's proposition and the defendant has failed to distinguish the cases cited by the Master.

### 3. Claims Manuals

Finally, the defendant insurer argues that its claims manuals are not relevant as **[*10]** to whether plaintiff's individual claim was handled in good faith under Pennsylvania law. We agree with the Master that the plaintiff should have the opportunity to test the relevancy of the manuals and the issue of good faith or bad faith as they have the heavier burden of proving bad faith by clear and convincing evidence. Moreover, in a recent case from the Eastern District of Pennsylvania, such manuals were found to be discoverable. See Adams v. Allstate, 189 F.R.D. 331 (E.D.Pa. 1999).

The defendant argues that the claims manuals in the present case should not be discoverable, based on Garvey v. National Grange Mutual Insurance Co., 167 F.R.D. 391, 396 (E.D.Pa. 1996). The Garvey case, however, is distinguishable and we find that it does not apply to the instant matter. First, the defendant in that case provided copies of the documents to the court to be reviewed *in camera*, and the defendant in the instant case has not provided manuals to the Master for review. Id. at 393.

Second, in Garvey, the contents of the claims manuals did not pertain to the underlying issues that were pertinent in that case, and therefore, **[*11]** the manuals had little relevancy. Id. at 396. The instant case, however, is a different situation, as the defendant alleged that it had a reasonable basis for handling and investigating the claim. By alleging this defense, the defendant has made the claims manuals highly relevant.

The Garvey case can also be distinguished, as in that case, the court found that there had been no evidence of bad faith. Garvey, 167 F.R.D. at 394. That has not occurred in the present case, where the bad faith claim remains a major issue. Finally, the court in Garvey determined that the plaintiff had the opportunity to depose the defendant's employees who were actually involved in the claim. However, we find that in the instant case, a deposition on oral recollection alone is insufficient without accompanying documentation.

We therefore find that the objections regarding the claims manuals will be overruled. We direct that all such documentation, including all company policies and all claims manuals are to be kept confidential, for the eyes of plaintiff's counsel only. n3 Any necessity for the plaintiff's counsel to go beyond this restriction will require notice **[*12]** to the defense and approval by the court.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -



n3 See Adams, 189 F.R.D. at 333 (where the court agreed to an order keeping information pertaining to claims manuals and company policies confidential).

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

### 4. Conclusion

Therefore, for all of the above-mentioned reasons, the recommendation of the special master will be adopted and the objections filed by the defendant will be overruled. An appropriate order follows.

### ORDER

**AND NOW,** to wit, this 20th day of July 2000, it is hereby **ORDERED** that:

1. The recommendation of the special master [34-1] is hereby **ADOPTED;**

2. The objections to the recommendation [37-1] are **OVERRULED;** and

3. The defendant is to produce the required portions of the claims manuals as set out in the recommendation and this memorandum and that the plaintiff keep such information confidential.

### BY THE COURT:

### JUDGE JAMES M. MUNLEY

### United States District Court

FILED: 7/20/00

Source: Legal > Cases - U.S. > Federal & State Cases, Combined [i]
Terms: **discovery w/20 claims manual w/20 bad faith**  (Edit Search)
View: Full
Date/Time: Wednesday, January 19, 2005 - 3:37 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis. a division of Reed Elsevier Inc  All rights reserved