UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA : | |
|    Plaintiff : | |
| : | |
| vs : | Case No.: 3-02-CV 1142 (EBB) |
| : | |
| CANAL INSURANCE COMPANY, : | |
| ROYAL INSURANCE COMPANY OF : | |
| AMERICA, ROYAL INDEMNITY : | |
| COMPANY AND ROYAL SURPLUS : | |
| LINES INSURANCE COMPANY : | |
|    Defendants : | January 28, 2005 |

## MOTION FOR PROTECTIVE ORDER

The defendant Canal Insurance Company hereby requests that the Court issue a protective order with respect to the Notice of Deposition, dated January 11, 2005, issued by the plaintiff, noticing the deposition of the "person most knowledgeable at Canal Insurance Company concerning the handling of the underlying tort suit against Barbara Haniewski, Carlos Ruemmele, Salgoud Transport" for January 31, 2005 for the following reasons.

The discovery period ended a long time ago and it has not been extended.  (See Canal's Objection to Interrogatories and Requests for Production, attached to Plaintiff's Motion to Compel, dated January 19, 2005.)  After the defendant filed the objections, the plaintiff filed a motion to extend the discovery period, to which an objection will be filed by this defendant.  Thus, the plaintiff recognizes that the discovery deadline has long passed.  The plaintiff

filed the Notice of Deposition apparently with the knowledge that the discovery deadline had passed.

Furthermore, requiring a "person most knowledgeable at Canal Insurance Company" to submit to a deposition would be burdensome, especially at this point, when it is unclear what relevant information could be provided by this person.  Canal Insurance Company is located in South Carolina, and even though the plaintiff has indicated in the notice that he would be willing to conduct the deposition at Canal's principal place of business, it would involve considerable time and expense to require Canal's attorney to travel to South Carolina.  The plaintiff should be required to make a showing as to what evidence he is attempting to discover by taking this deposition.

The defendant Canal Insurance Company also requests a protective order with respect to the deposition notice insofar as it requests that the deponent produce all items requested in plaintiff's Motion to Compel, dated November 15, 2003 and all items requested in plaintiff's Interrogatories and Requests for Production directed to Canal dated December 16, 2004.  The plaintiff's Motion to Compel (based on previous objections raised by Canal to the production of certain documents) has been briefed and as of this date, no ruling has been issued by the court.  The plaintiff should not have requested that a deponent produce documents at a deposition when the parties are awaiting a decision as to the production of  those very documents.  As to the items requested in the

plaintiff's Interrogatories and Requests for Production, dated December 16, 2004, the defendant Canal has objected to them, the plaintiff has filed a Motion to Compel, and by order of the court, the defendant Canal's response to the Motion to Compel is not due until February 11, 2005.

     For all of the foregoing reasons, the instant Motion for Protective Order should be granted.

        THE DEFENDANT
        CANAL INSURANCE COMPANY


        BY_____
        KAREN L. KARPIE, Esq.
        MURPHY and KARPIE, LLC
        350 Fairfield Avenue, Suite 408
        Bridgeport, CT 06604
        Federal Bar #CT 04269
        Tel. 203-333-0177, Fax 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
        E-mail: klkarpie@sbcglobal.net

**CERTIFICATION**

This is to certify that a copy of the foregoing has been faxed and mailed, U.S. Mail, postage prepaid on January 28, 2005 to

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
KAREN L. KARPIE