UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BARBARULA, | : | CIVIL ACTION NO. |
| Administrator of the Estate of | : | 3:02 CV 1142 (EBB) |
| Jing Xian He, | : | |
| | : | |
| vs. | : | |
| | : | |
| CANAL INSURANCE COMPANY | : | FEBRUARY 14, 2005 |

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL [DOC. # 106] AND IN OPPOSITION TO THE MOTION FOR PROTECTIVE ORDER [DOC. # 112]**

The plaintiff, Michael Barbarula, Administrator of the Estate of Jing Xian He, hereby submits this memorandum of law in further support of his Motion to Compel, pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 7(d) and 37(a)(3), and in opposition to the motion for protective order filed Canal Insurance Co. ("Canal") in this action under the direct action statute, General Statutes § 38a-321.

I.  **Factual Background**

The court has before it a motion to compel [Doc. # 57] related to the plaintiff's efforts to obtain the full underwriting file on this matter and Canal's prior experience with MCS-90 claims.  In addition, the plaintiff filed a motion to compel related to the underwriting practices and procedures of Canal [Doc. # 106]. Canal has opposed this motion as well as filing a motion for protective order - without filing an affidavit in compliance with D. Conn. L. Civ. R. 37(a)(2) - seeking to avoid producing the person most knowledgeable concerning the underwriting and adjustment of the underlying case and the underwriting policies and

1

practices of the defendant. Simply put, to date, Canal has provided absolutely no discovery on the bad faith claims - despite the court's Ruling on the motions for summary judgement [Doc. # 87], Ruling at 19-20, wherein the court makes clear that the bad faith claims under the direct action statute, General Statutes § 38a-321, can proceed. The plaintiff will reply to the opposition to the motion to compel and then address the motion for protective order.

II.     **Motion to Compel Claims Practices Information**

Canal has produced absolutely nothing with respect to its claims practices information, i.e. claims manuals and the like. Further, Canal claims that it is somehow exempt from answering discovery – which is mandatory under Fed. R. Civ. P. 26(a)(1)(D) – concerning the insurance coverage applicable to this action. The objection raised by Canal concerning claims practices information is that the requests are irrelevant, overbroad and incomprehensible. This objection is ludicrous and should be disregarded as should Canal's claim that it is not required to provide mandatory insurance coverage information.

> Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Specifically, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Fed. R. Civ. P. 26(b)(1). As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see Hickman v. Taylor, 329 U.S. 495, 501 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985). "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another

2

> source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)(2)).  The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure.  An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.  Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).  The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).  Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

Saye v. Old Hill Partners, No. 3:03cv1071(DJS), at 2-3 (D.Conn. Dec. 1, 2004).

The discovery approach rejected in Saye is precisely what Canal is doing in this case.  Its objections should all be overruled.

Claims files are clearly discoverable in bad faith actions.  See, e.g., Bourget v. GEICO, 48 F.R.D. 29, 32-33 (D.Conn. 1969); Loftus v. Amica Mutual Ins. Co., 175 F.R.D. 5, 11-12 (D.Conn. 1997); see also Holmgren v. State Farm Mutual Auto Ins., 976 F.2d 573, 576-77 (9th Cir. 1992).  Moreover, claims manuals have been ordered produced as they bear directly on the claims in the case for bad faith and unfair trade practices since those manuals may or may not dictate the actions taken by the insurers.  See, e.g., Jones v. Nationwide Insurance Co., No. 3:98cv2198, 2000 U.S. Dist. LEXIS 18823, at *10-12 (M.D.Pa. July 20, 2000) (requiring production of claims manual in bad faith case)

3

[attached to Doc. # 107].  All of the above-requested material is clearly within the broad scope of discovery since it concerns the "investigation, adjustment and defense of the claim which gave rise to the present action."  <u>Robarge v. Patriot General Ins. Co.</u>, 42 Conn. Supp. 164, 166-67 (1992).  Accordingly, the objections to the discovery should be overruled and Canal should be compelled to produce the information sought by the plaintiff.

In addition, Canal has refused to produce information related to reinsurance of the underlying claim.  That information is relevant since the reinsurers may have had input in Canal's decisions to refuse to accept a demand within the policy limits on the underlying claim - thereby implicating the bad faith position.  Since the information "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"; <u>Saye v. Old Hill Partners</u>, <u>supra</u>, at 2; it is a valid discovery request.

Based on the foregoing authority, Canal's objections to the discovery are not well-taken.  The claims handling information, insurance information and reinsurance information should be ordered produced.

### III.  **Opposition to Motion for Protective Order**

The plaintiff filed a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) requesting Canal to produce the person most knowledgeable concerning the underwriting and adjustment of the underlying case and the claims practices of Canal.  Canal resisted this discovery by simply filing a motion for protective order without consulting counsel in violation of Fed. R. Civ. P. 37 and D. Conn. L. Civ.

R. 37(a)(2). The basis for the motion is that discovery has closed – however a motion to extend the discovery deadline is pending - and that it would be inconvenient and expensive to go to South Carolina for a deposition. Plaintiff's counsel has flown all over the world to take depositions on cases and the cost of traveling to take a deposition - particularly when the objector - Canal - claims that it is so flush with financial resources so as to be immune from the mandatory insurance disclosures of Fed. R. Civ P. 26(a)(1)(D) - is not a valid basis for objection.

      Moreover, precedent in this District makes clear that the deposition of the individual in charge of the underlying claim in a bad faith case is clearly within the broad scope of discovery, recited above, under Fed. R. Civ. P. 26(b). See Nationwide Mutual Fire Ins. Co. v. Smith, 174 F.R.D. 250, 252-53 (D.Conn. 1997) (permitting - over the insurance company's objection - the deposition of the claims handling agent in a bad faith insurance claim). Accordingly, this court should permit the plaintiff to obtain the discovery that he seeks.

### IV.  Conclusion

      Based on the foregoing, the motion to compel should be granted, the discovery sought by the plaintiff should be ordered produced, and the motion for protective order should be denied. Canal should not be permitted to obfuscate discovery any further in this case.

THE PLAINTIFF

By: _____
Joel T. Faxon CT 16255
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Telephone (203) 624-9500
FAX (203) 624-9100
E-Mail jfaxon@strattonfaxon.com

**CERTIFICATE OF SERVICE**

This is to certify that on this day, a copy of the foregoing was mailed, postage prepaid, to all counsel and parties of record as follows:

Karen L. Karpie, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
Joel T. Faxon

6