UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED barbarulaop

2005 APR 26  P 2: 42

U.S. DISTRICT COURT
NEW HAVEN, CT

MICHAEL BARBARULA,
Administrator of the Estate
of Jing Xian He,
        Plaintiff

v.                  3:02-CV-1142 (EBB)

CANAL INSURANCE COMPANY,
ROYAL INSURANCE COMPANY OF
AMERICA,
        Defendant

## RULING ON CERTAIN OUTSTANDING MOTIONS

Plaintiff's Motion to Amend Complaint to add a CUTPA count, which would include punitive damages [Doc.No.92], is hereby DENIED. Although leave to amend is ordinarily granted, it will be refused when justice would be thwarted by such an amendment. In this case, the motion to add a CUTPA count could have been made in a timely matter, perhaps in state court, prior to removal to this Court, not two and one-half years since the commencement of this case and several months following this Court's Ruling on then-pending motions for summary judgment.

Plaintiff's Motion for Extension of time to Complete Discovery [Doc.No.109] is hereby GRANTED to August 31, 2005, but only as to the bad faith claims left in abeyance by this Court.

Plaintiff's Motion to Compel [Doc.No.106, as duplicated by Doc. 110] is hereby GRANTED AS LIMITED. The Court disagrees with Defendant that the following Requests for Production are, in reliance on the stereotypical boilerplate, "vague, overly broad

and burdensome, seeks irrelevant and material information, and is not reasonably calculated to lead to the discovery of admissible evidence":

No.15.  These documents, as limited by Doc. No. 117 [Order issued after thorough *in camera* review], are to be produced by Defendant only, but not by their respective representatives.

No.17.  This Request is hereby narrowed, as condensed by Plaintiff, to claims manuals that Defendant uses to determine whether a claim should be covered and all documents which provide the basis for the denial of coverage in this litigation.[1]/

Nos.20, 21, and 22 are mandated by Fed.R.Civ.P 26(a)(2)(A) and (B) and shall be produced to Plaintiff.

Any and all interrogatories and/or requests for production concerning excess or reinsurance of any nature will be held in abeyance until an officer or member of the board of Defendant files an affidavit with this Court which states with clarity, and supporting documentation, that Canal can meet any financial judgment entered by this Court and/or the finder of fact in this case, regardless of monetary value.  Until such time, the Motion for Prejudgment Remedy [Doc.No. 99] is also held in abeyance.

Defendant's Motion for Protective Order [Doc.No.112],

---

[1]/ Unbelievably, Defendant actually challenges certain Requests and Interrogatories by asserting that "The plaintiff has failed to define what is meant by `the incident which is the subject of the lawsuit'" and, in response to Plaintiff's seeking "insurance applicable to this claim", Defendant retorts, "What `claim' does the plaintiff mean ?"  Defendant's alleged "objections" are frivolous within the meaning of Fed.R.Civ.P. 11 and the Court will not countenance any additional gamesmanship of this nature by Defendant.

2

attempting to shield the testimony of the "person most knowledgeable at Canal Insurance Company concerning the handling of the underlying tort suit against Barbara Haniewski, Carlos Ruemmele, [and] Salguod Transportation" is hereby DENIED AS LIMITED BY THE RULINGS ISSUED ABOVE. Inasmuch as this Court is aware of the billing practices of Connecticut attorneys in a case of this magnitude, the assertion that, although Plaintiff's counsel is willing to travel to South Carolina to conduct this deposition, "it would involve considerable time and expense to require Canal's attorney to travel to South Carolina" goes beyond the pale. This meritless assertion is rejected out of hand. Quite naturally, however, this does not prevent Canal's representative from traveling to Connecticut for his deposition, bringing the required documents with him, thus saving the considerable time and expense for both counsel.

The documents which are to be produced as a result of these rulings shall be turned over to Plaintiff on or before May, 16, 2005.

                              SO ORDERED

                              _____
                              ELLEN BREE BURNS
                              SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 25th day of April, 2005.

3