UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA : | |
|     Plaintiff : | |
| : | |
| vs : | Case No.: 3-02-CV 1142 |
| : | (JCH) |
| CANAL INSURANCE COMPANY, : | |
| ROYAL INSURANCE COMPANY OF : | |
| AMERICA, ROYAL INDEMNITY : | |
| COMPANY AND ROYAL SURPLUS : | |
| LINES INSURANCE COMPANY : | |
|     Defendants : | June 23, 2005 |

## AMENDED ANSWER AND SPECIAL DEFENSES

BY WAY OF ANSWER TO THE FIRST COUNT

    1-3.    Paragraphs 1 through 3 are admitted.

    4.    So much of paragraph 4 as alleges that Canal Insurance Company insured Ruemmele and Haniewski until the insurance policy was cancelled prior to the subject accident is admitted.  The remainder of said paragraph, including any allegation that the policy was in effect when the accident occurred on September 12, 1996 is expressly denied.

    5.    Paragraph 5 is admitted.

6.    So much of paragraph 6 as alleges that Canal has not made payment is admitted.  As to the remaining allegations, the defendant is without sufficient knowledge or information with which to form a belief, and leaves the plaintiff to his proof.

7.    Paragraph 7 is denied.

8.    As to the allegations of paragraph 8, the defendant is without sufficient knowledge with which to form a belief, and therefore leaves the plaintiff to his proof.

<u>BY WAY OF ANSWER TO THE SECOND COUNT</u>

1-7.    The answers to paragraphs 1 through 7, respectively, of the First Count are hereby incorporated, and made the answers to paragraphs 1 through 7, respectively, of this, the Second Count, as if fully set forth herein.

8-10.    Paragraphs 8 through 10 are denied.

<u>BY WAY OF ANSWER TO THE THIRD COUNT</u>

1-7.    The answers to paragraphs 1 through 7, respectively, of the First Count are hereby incorporated, and made the answers to paragraphs 1 through 7, respectively, of this, the Third Count, as if fully set herein.

8.    Paragraph 8 is denied, as the entire policy was cancelled.

BY WAY OF ANSWER TO THE FOURTH COUNT

      The defendant, Canal Insurance Company, does not respond to the allegations of the Fourth Count, as said count is not directed against it.

**SPECIAL DEFENSES**

BY WAY OF FIRST SPECIAL DEFENSE

      The plaintiff's claims are barred for failure to state a claim recognized by law.

BY WAY OF SECOND SPECIAL DEFENSE

      The plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata, as it was already determined in Canal Insurance Company v. Barbara Haniewski, et al, CV 98 0417942 S that the insurance policy issued by the defendant Canal Insurance Company was properly cancelled prior to the subject accident for failure to pay premiums.

BY WAY OF THIRD SPECIAL DEFENSE

      The plaintiff's reliance upon CGS § 38a-321 subjects the plaintiff to all of the same responsibilities, obligations and policy limitations as the original insured, and any coverage claimed in this case is subject to all policy terms, conditions and defenses available to Canal Insurance Company.

BY WAY OF FOURTH SPECIAL DEFENSE

Any damages awarded pursuant to the MCS 90 endorsement are limited to $750,000.00.

BY WAY OF FIFTH SPECIAL DEFENSE

The defendant Canal Insurance Company sought the advice of counsel and relied upon that advice, and handled this claim in a routine manner.

                THE DEFENDANT
                CANAL INSURANCE COMPANY

_____
KAREN L. KARPIE #ct 04269
MURPHY and KARPIE, LLC
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604
Tel. 203-333-0177
Fax 203-333-8475
E-mail Klkarpie@sbcglobal.net

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on June 23, 2005 to

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
KAREN L. KARPIE