# *MEMORANDUM*

**TO:** Mac Timmons

**FROM:** George Lindh

**DATE:** October 25, 2001

**RE:** L287-410X



PLAINTIFF'S EXHIBIT 24

Mac: please be advised that I attended the Oral Arguments in the captioned matter in New Haven, CT, on October 22, 2001. The following will please outline the events that occurred at the hearing.

Since we were the plaintiffs, Attorney Mills was called on to argue first. The first point that he made was that the policy was effectively cancelled. At this point Judge Blue interjected and stated that under current Connecticut jurisprudence the only issue he could address prior to the trial of the underlying case was the Duty to Defend. He did not know if it was necessary to do this if Canal Insurance Company was going to defend the underlying claim regardless. He asked me directly what Canal Insurance Company's intention was with regard to this claim. He offered me a recess to consider the issue. I accepted his offer.

It was obvious that Judge Blue had reviewed a number of the cases cited by Attorney Mills prior to the hearing on the issue of Duty to Defend. He now realized that if the policy was effectively cancelled there was no independent duty to defend under the MCS-90 endorsement. I got the impression that he was worried that if he ruled there was no Duty to Defend prior to the trial of the underlying case, this would the extinguish the plaintiff's chance to obtain an excess judgment, based upon a theory that we did not negotiate in good faith. By not ruling on the Duty to Defend issue, he would not have to declare that the policy was cancelled, and therefore preserve the duty to negotiate in good faith. I believe he hoped to rule on the issue after the trial when the plaintiffs had received excess verdict. At that point the plaintiffs could arguably bring a direct action against Canal Insurance Company for failure to negotiate in good faith since a policy was in existence at the time of the trial.

After discussing this risk with you, we decided to tell Judge Blue that we intended to withdraw our defense if he ruled that there was no Duty to Defend. Judge Blue was not happy with the response as it placed him back in a position of ruling that the policy was cancelled. He pointed out that even if there was no Duty to Defend, it would be unlikely that the trial court would allow us to withdraw our defense at such a late stage. This raised a further red flag for me and reinforced my belief that the Judge was simply looking for a way to duck a decision which held that the policy was cancelled.

At that point Judge Blue asked for opposing counsel to speak on the Duty to Defend issue. The first counsel to speak was Attorney Michael Stratton who represents the estate in the underlying action. He pointed out that he felt Judge Blue could rule on all issues including the indemnification issue. He also stated that it would be difficult for his client to bring a direct action against Canal Insurance Company if the only coverage in play was the MCS-90 endorsement. He correctly pointed out that the MCS-90 endorsement is not protection for the insured, but for the public. In order to maintain a direct action he would have to show that we violated some duty owed to the insured.

L287-401X
October 25, 2001
Page 2 of 2

Judge Blue was somewhat surprised by Attorney Stratton's answer and seemed to disagree. It was clear to me at that point that Judge Blue was trying to create a situation where the plaintiffs could subsequently bring a direct action if they obtained an excess verdict on the basis that we failed to negotiate in good faith.

Judge Blue then changed his strategy again. He wondered out loud whether there would still be a Duty to Indemnify under the MCS-90 endorsement even if the policy was properly cancelled. It was evident to me at this point that he was grasping at any theory that would help the plaintiffs recover on an excess judgment. Surprisingly, Attorney Stratton stated that there was no such Duty to Indemnify under the MCS-90 endorsement as the endorsement was simply for the protection of the public. He went so far to say that indeed the policy was cancelled and the only issue was whether the estate was entitled to the coverage under the MCS-90 endorsement.

Judge Blue then asked Attorney Dietz, who represents Eagle Leasing, if he agreed with Attorney Stratton's position. Attorney Dietz was somewhat dismayed with Attorney Stratton since Attorney Stratton had taken a position that was contrary to their joint trial brief. Attorney Dietz took the position that the thirty-five (35) day notice to the insured did not effectively cancel the policy. In his position the policy and the endorsement were still in play.

At this point the Judge decided to give the Plaintiffs another chance. He asked for supplemental briefs on whether he could rule on issues beyond the Duty to Defend and on whether there was a Duty to Indemnify under the MCS-90 endorsement even if the policy was effectively cancelled. The Supplemental Briefs are due by October 30, 2001. The Court will conduct further Oral Arguments on November 5, 2001 at 2:00 p.m. He anticipates being able to render a decision before the start of the trial on November 19, 2001.

In my opinion the Judge is bending over backward to find a way to preserve a direct action against Canal in the future if the Plaintiffs obtain an excess judgment. It is important that we obtain a decision from him prior to trial on at least the Duty to Defend. To decide the issue of the Duty to Defend he will have to declare that the policy was cancelled. This will, in my opinion, preclude any direct action against Canal Insurance Company, as there would be no duty to negotiate in good faith.

I am willing to attend the further arguments on November 5, 2001. I think it is a good idea because Judge Blue needs to be watched and he tends to ask questions of the Canal Insurance Company representative during the proceedings. Please let me know if I should make arrangements to attend.

I expect to have Jack Mills' Supplemental Brief sometime during the middle of next week so that we can review it thoroughly.

GWL/thl

cc: Carl Dunn