# Todd Hester

**From:** Mac Timmons [fmt@canal-ins.com]
**Sent:** Monday, November 19, 2001 9:35 AM
**To:** Todd Hester
**Subject:** FW: Canal v Haniewski L287-410X

Todd, Smith is picking a jury today; Please discuss with him re Eagle's insurer covering the insured and driver as omnibus insureds. Mac

-----Original Message-----
**From:** Carl Dunn [mailto:wcd@canal-ins.com]
**Sent:** Monday, November 19, 2001 9:07 AM
**To:** George Lindh; Mac Timmons
**Subject:** RE: Canal v Haniewski L287-410X (G)

ok



PLAINTIFF'S EXHIBIT 27

-----Original Message-----
**From:** George Lindh [mailto:gwl@canal-ins.com]
**Sent:** Monday, November 19, 2001 8:57 AM
**To:** Carl Dunn; Mac Timmons
**Subject:** RE: Canal v Haniewski L287-410X (G)

Carl,

I spoke to the attorney for Eagle last Friday. To the best of his knowledge, the insured leased a trailer to be used with his power unit. The trailer was not scheduled.

The attorney's answer was less than definitive. Therefore, I agree with your recommended letter. At the very least it will force Eagle's insurer to analyze its coverage.

I would suggest that defense counsel issue the letter. Mac, if you agree, please have Todd instruct defense counsel to issue the letter.

Per our discussion last Friday, I understand defense counsel is already sending the insureds a letter advising them of the decision.

George

-----Original Message-----
**From:** Carl Dunn [mailto:wcd@canal-ins.com]
**Sent:** Friday, November 16, 2001 6:00 PM
**To:** George Lindh; Mac Timmons
**Subject:** RE: Canal v Haniewski L287-410X (G)

I don't recall Eagle's involvement. If they have coverage that will apply to the named insured or permissive user driver, then the defense attorney we retained to defend should writ Eagle immediately and inform the court has ruled Canal's policy was cancelled prior to the loss and a demand is therefore being made to eagle to assume the defense of the insured and driver. Be sure to inform them of any offer we make.
I agree this is not the time to appeal the coverage ruling because we are on the eve of trial and it will likely be heard before an appeal panel can review our appeal. The appeal will contain issues which will no doubt tick off the judge. We are better off trying the tort case and then going back to the declaratory judge for a final ruling, which can be appealed if unfavorable and the judge will be ruling on issues other than a claim that he is an incompetent, narrow minded, plaintiff loving, plaintiff arty supported, biased judicial incompetent.

11/19/2001

-----Original Message-----
**From:** George Lindh [mailto:gwl@canal-ins.com]
**Sent:** Friday, November 16, 2001 12:35 PM
**To:** Mac Timmons
**Cc:** Carl Dunn
**Subject:** Canal v Haniewski L287-410X (G)

Mac,

I spoke with Jack Mills.

He does not feel we should appeal. We would have to show abuse of discretion and this is
a very high standard to overcome. He does not feel our appeal will go anywhere.

He feels the judge's decision precludes any potential bad faiths action because the judge ruled the policy was cancelled. I pointed out that the judge's ruling was limited to the duty to
defend leaving the duty to indemnify in limbo. He is not concerned about this because the duty to
indemnify can only arise from the policy(I agree, but I would not totally discount the risk) Furthermore, in his opinion, we acted in good faith by bringing the DJ action, which is what is
required under CT law when there is a coverage dispute.

He suspects that once the underlying plaintiff gets a judgment he will institute a collections action
in federal court under the MCS-90 endorsement. If so, our exposure would be limited to $750,000 and
we can raise our defenses again before a more rational court (I agree the forum to review these issues
is federal court). Moreover, the burden will be on the plaintiff in federal court.

He thinks a letter should be sent to the insureds advising them of the decision and reiterating their right
to engage independent counsel. I agree this should be done forthwith and issued by the defense side of this claim.
You might discuss this Todd.

He also thinks we should get Eagle Leasing involved for settlement purposes at this time. Eagle has taken
the position that their coverage was excess. However, since our policy was arguably effectively cancelled,
they are now primary. I suspect they will argue we are still primary under the endorsement, but if we are
forced to pay under the endorsement, we subsequently could seek reimbursement from them. Bottom
line, Eagle needs to contribute.

Jack feel it would be wise to contact plaintiff's counsel and obtain a demand. Thereafter we can confer
with Counsel for Eagle a make a joint offer. I think this makes sense. When I speak to plaintiff's
counsel I can outline all the hurdles we can throw up to block his recovery including an appeal of Judge
Blue's decision. Hopefully, this will cause to make a more reasonable demand.

I would appreciate your thoughts before moving forward. I am inclined to follow Jack's advise at this time.

11/19/2001

George

11/19/2001