UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL JON BARBARULA,** | : | CIVIL ACTION NO. |
| **Administrator of the Estate of** | : | 3:02 CV 1142 (EBB) |
| **Jing Xian He,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **CANAL INSURANCE COMPANY** | : | JULY 20, 2006 |

## FURTHER REPLY MEMORANDUM IN RESPONSE TO CANAL'S FILING OF JULY 19, 2006 CONCERNING OFFER OF JUDGEMENT INTEREST

The plaintiff's citation to Pierre v. Providence Washington Insurance Co., 784 N.E.2d 52 (N.Y. 2002),[1] in a brief in 2004 and again at oral argument in this case, was simply to show that the MCS-90 is not a "stand-alone" document with an existence separate and apart from the policy of insurance, but rather an endorsement to an insurance policy with all the attendant legal ramifications. It is called an "Endorsement". Accordingly, it should be treated as such. The insurance industry itself agrees that the endorsement is an endorsement to an insurance policy and not a "stand-alone" being. See Gregory G. Deimling, et al., The MCS-90 Book at 54 (International Risk Management Group, 2004). The Federal Register citation provided by Canal has no bearing on this point or on the case for that matter – there is no issue here whether the MCS-90 endorsement applied to more than one person or entity. The issues in this case were two – whether the policy was cancelled in accordance with federal law and whether

---

[1] Counsel for Canal, Mr. Rabinovich, who accompanied Attorney Karpie to the oral argument in this matter, argued the appeal for the insurance carrier that did not prevail in the Pierre case.

1

Canal violated the covenant of good faith and fair dealing. The former has been found in the plaintiff's favor and the latter will be decided by a jury in September.

The point the plaintiff makes is a simple one that has not been rebutted by Canal. Canal, as set forth in Exhibit 3B, chose to utilize the MCS-90 endorsement cancellation clause as the operative clause to cancel the policy. As found by this court Canal did not comply with that clause. Thus, in accordance with federal law the policy was not cancelled. Since the cancellation clause that Canal voluntarily selected as the operative clause was more beneficial to the insured, under hornbook law, the clause in the "Endorsement" selected by Canal supercedes and overtakes the inconsistent 10 day Section 10 cancellation provision that was not utilized by Canal to attempt cancellation of the policy.

The MCS-90 endorsement itself states that "The insurance policy to which this endorsement is attached provides automobile liability insurance **and is amended**" to comply with federal law. Further, it is titled an "ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE". Further, until properly cancelled, the Endorsement states that "all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company." The language and context of the Endorsement make clear that it does not have independent legal existence separate and apart from the policy. See Pierre, 784 N.E.2d at 60-61.

As stated in the plaintiff's most recent brief, "it is in the very nature of an endorsement that it alters and takes precedence over the provisions of the policy to which it pertains. See Schultz, 213 Conn. at 703-705. 'If, any irreconcilable

2

conflict exists between provisions of the policy and provisions of an endorsement, then the latter must control.' (Internal quotation marks omitted.) Id. at 705, quoting 13A J. Appleman, Insurance Law and Practice § 7537; see also 43 Am. Jur. 2d 353, Insurance § 304 (2003)." Mount Vernon Fire Ins. Co. v. Morris, 90 Conn. App. 525, 541-42, cert. granted, 276 Conn. 907 (2005). Canal does not even attempt to address this argument – because it can't effectively do so. Canal, by its election, is stuck with the Endorsement as the exclusive method to cancel the policy. It knowingly failed to comply with the terms of the Endorsement in attempting to cancel the policy. That choice has consequences that Canal cannot be allowed to now avoid.

Based on the foregoing, the motion to add offer of judgment interest and other interest should be granted as set forth in the plaintiff's motion and this further supplement.

THE PLAINTIFF,

By: */s/ Joel T. Faxon*
Joel T. Faxon, Esq.
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Telephone (203) 624-9500
E-Mail jfaxon@strattonfaxon.com
Federal Bar # ct16255

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been served via fax and U.S. Mail, on this day to:

**Karen L. Karpie, Esq.**
Murphy and Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
Joel T. Faxon, Esq.