UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA, Administrator of the Estate of Jing Xian He : | CIVIL ACTION NO. 3:02cv1142(EBB) |
| vs. : | |
| CANAL INSURANCE COMPANY, ET AL : | JULY 24, 2006 |

## OPERATIVE COMPLAINT

JURISDICTIONAL STATEMENT

The Plaintiff is a resident of the State of Connecticut. The Defendants are residents states other than the State of Connecticut. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

COUNT ONE:    As to Canal pursuant to General Statutes § 38a-321

1. On January 7, 1997, Michael Jon Barbarula was appointed Administrator of the Estate of Jing Xian He.

2. On or about September 12, 1996, the plaintiff's decedent was killed in a car/truck collision which occurred on Interstate I-395 in Waterford, Connecticut.

3. On April 23, 2002, after a jury trial, judgment entered in favor of the plaintiff against the operator of the truck, Carlos Ruemmele, and the owner of the truck, Barbara Haniewski, in the amount of $5,700,000.

4. At all times mentioned herein, the defendant Canal Insurance Co.

1

(hereinafter "Canal") was the insurer for both Ruemmele and Haniewski with regard to liability in the operation of the subject truck.

5. The defendant Canal is a corporation with its principal place of business in Greenville, South Carolina. At all times mentioned herein, Canal has transacted business in the State of Connecticut as a commercial lines insurance company.

6. Thirty days have passed since the entry of final judgment, and neither the tortffeasors, Ruemmele or Haniewski, nor Canal, have made payment.

7. Pursuant to both the policy and attached MCS-90 endorsement, Canal is liable to the plaintiff for its full policy limits, and any and all supplementary payments, including pre-judgment and post-judgment interest.

8. This Count is brought pursuant to General Statutes § 38a-321.

COUNT TWO:    As to the Defendant Canal for Breach of Good Faith

1.-7. Paragraphs 1 through 7 of Count One are hereby incorporated and made Paragraphs 1 through 7 of this Count Two with the same force and effect as if fully set forth herein.

8. During the underlying litigation, the defendant Canal was given numerous opportunities to settle within the policy limits.

9. The failure of Canal to settle within the policy limits exposed the insureds to damages in excess of the policy limits.

10. Canal breached its duty to act fairly and in good faith to its insured, and should be held liable for the total judgment, interest and all applicable

damages.

COUNT THREE:   As to Canal pursuant to the MCS-90 Endorsement

1.-7.   Paragraphs 1 through 7 of Count One are hereby incorporated and made Paragraphs 1 through 7 of this Count Three with the same force and effect as if fully set forth herein.

8.   This Count is brought pursuant to the MCS-90 endorsement attached to the Canal policy.

WHEREFORE, the plaintiff claims damages, including punitive damages and attorneys fees.

### DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury on all claims.

THE PLAINTIFF

By _____
JOEL T. FAXON   CT 16255
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT  06510
TEL. 203-624-9500
FAX 203-624-9100
jfaxon@strattonfaxon.com

3