UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL JON BARBARULA, Administrator of the Estate of Jing Xian He | : | CIVIL ACTION NO. 3:02cv1142(EBB) |
| vs. | : : : | |
| CANAL INSURANCE COMPANY, ET AL | : | AUGUST 4, 2006 |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION *IN LIMINE*

The Plaintiff moves the court, pursuant to Fed. R. Evid. 402 & 702, to preclude as irrelevant and not helpful to the jury, the testimony of defendants' experts John Fristoe and William Wall, and documentary evidence and testimony concerning the defense that the notice of cancellation required by the MCS-90 endorsement need not be sent to the ICC or its successor organization the STB (or DOT) (hereinafter "ICC/successor"). The motion is based on this court's Ruling and the prior ruling of Judge Levin, Exhibit 9, that the notice was required as a matter of law to properly cancel the MCS-90 Endorsement and Policy in accordance with federal law.

As this court and Judge Levin before it (Exhibit 9) have ruled, federal law required Canal to give notice to the ICC/successor that the MCS-90 Endorsement and policy were being cancelled. Canal intends to offer at trial evidence through experts Fristoe and Wall and testimony from its own employees or former employees (Vice President Mac Timmons and George Lindh) as well as documentary evidence that such a notice was not required. This testimony and evidence is contrary to the decision of Judge Levin, Exhibit 9,

and the Ruling of this court on the Motions for Summary Judgment. As such, since the evidence is irrelevant, unhelpful, misleads the jury and is an incorrect statement of the law it should be precluded.

"'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (citation and internal quotation marks omitted); accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). 'A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence.' Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004) (citing Fed. R. Evid. 104(a))." Highland Capital v. Schneider, 379 F.Supp.2d 461, 467 (S.D.N.Y. 2005).

The district court functions as the gatekeeper for expert testimony. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993). Fed. R. Evid. 702 provides that if scientific, technical or specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if the testimony is: (1) based on sufficient facts or data, (2) the product of reliable principles and methods, and (3) the principles and methods utilized have been applied reliably

to the facts of the case. Fed. R. Evid. 702. Under Rule 104(a), the Court must preliminary determine whether the proposed expert is qualified and whether his testimony is relevant. Fed. R. Evid. Rule 104(a). To determine relevancy, the Court must determine whether the proposed testimony has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As the Supreme Court held in Daubert, "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful . . . . Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." Daubert, 509 U.S. at 591. Further,

> Rule 702 specifically states that expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." See also Nook v. Long Island R.R. Co., 190 F. Supp. 2d 639, 641 (S.D.N.Y. 2002) ("In assessing admissibility, the Court must determine whether the proffered expert testimony is relevant."). Courts have held that the "helpfulness requirement" of Rule 702 "is 'akin to the relevance requirement of Rule 401, which is applicable to all proffered evidence[,] [but] . . . goes beyond mere relevance . . . because it also requires expert testimony to have a valid connection to the pertinent inquiry.'" Rezulin, 309 F. Supp. 2d at 540 (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.03[1] (Joseph M. McLaughlin ed., 2d ed. 1997)) (alterations in original).

Highland Capital, 379 F.Supp.2d at 473. Accordingly, if the testimony and evidence is not helpful it is either: 1. irrelevant or 2. irrelevant and disconnected from the pertinent inquiry. Here, the expert evidence, testimony and documentary testimony regarding ICC/successor notification suffers from both legal deficiencies.

In particular, the witnesses' testimony and the documentary evidence is

3

offered solely for the purpose of a *post hoc*, and clearly erroneous, interpretation of federal law – that no notice to the ICC or its successor entity was required. As the Second Circuit has noted, "it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." Marx & Co., Inc. v. Diners' Club Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861 (1977). Thus, 'it is . . . erroneous for a witness to state his opinion on the law of the forum." Id. at 510 (citing cases); cf. Adalman v. Baker, Watts & Co., 807 F.2d 359, 368 (4th Cir. 1986) (trial court did not err in refusing to allow plaintiffs' expert, an attorney, to testify at trial where 'from beginning to end, it is obvious that [plaintiffs] proffered [the expert] as an expert witness to testify in substantial part to the meaning and applicability of the securities laws to the transactions [at issue], giving his expert opinion on the governing law'), disapproved on other grounds, 486 U.S. 622 (1988); see also Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004) ('To make it abundantly clear for the parties, it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court.') (citing cases)." Highland Capital, 379 F.Supp.2d at 469.

    Highland Capital is particularly instructive. In that case the court struck much of an expert's opinion because it simply opined as to what the law required in a particular securities case. Id. at 468-70. The court held such testimony did not pass muster under Fed. R. Evid. 402 or 702. Similarly, here, the experts' testimony and the evidence concerning the necessity of notifying the ICC or its successor organization is a question of law **which this court has already**

**decided against Canal**. Moreover, Judge Levin, in Exhibit 9, ruled as a matter of law that Canal failed to cancel its policy in accordance with federal law. Therefore, there is a more compelling reason here than in Highland Capital to preclude the evidence. Canal cannot continue to argue that it has no obligation to notify the ICC of cancellation. That issue has been conclusively decided against it and therefore the testimony and evidence to the contrary is irrelevant under Fed. R. Evid. 402 and unhelpful under Fed. R. Evid. 702. Accordingly, it should be precluded. Highland Capital, 379 F.Supp.2d at 472-73.

Based on the foregoing, the motion *in limine* must be granted.

THE PLAINTIFF,

By_____
JOEL T. FAXON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL. 203-624-9500
FAX 203-624-9100
jfaxon@strattonfaxon.com
Federal Bar No.: ct 16255

5

## CERTIFICATION

The foregoing Motion *in Limine* was served on this date to the following:

Karen Karpie, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
JOEL T. FAXON