UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA, Administrator : | CIVIL ACTION NO. |
| of the Estate of Jing Xian He : | 3:02cv1142(EBB) |
| vs. : | |
| : | |
| CANAL INSURANCE COMPANY, ET AL : | AUGUST 4, 2006 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION REGARDING JUDGMENT INTEREST

The Plaintiff moves the court, pursuant to Local Rule 7(c)(1), for partial reconsideration of its ruling on the interest accruing from the date of the judgment in the underlying case to the present. Plaintiff believes, based on the court's Ruling (Doc. # 136), that since the $1 million was due and owing under the MCS-90 endorsement, at the latest, as of the date that judgment was entered in Superior Court, April 24, 2002, that interest from that time to the present should be awarded by the court due to Canal's continued "obstinate" failure to pay the monies due. Therefore, the interest is not really "post-judgment interest" as characterized by the court at page 16 of the court's Ruling dated August 3, 2006 (Doc. # 136), but rather prejudgment interest in this action for monies wrongfully withheld under General Statutes § 37-3a. Accordingly, additional interest should be awarded.

As this court has ruled, Canal owes the plaintiff the principal sum of $1 million dollars. According to the language of the MCS-90 endorsement, Canal was obligated to pay that amount after entry of final judgment in favor of the injured victim in Superior Court. Final judgment entered on April 24, 2002.

Accordingly, since Canal failed to properly cancel the policy, it (and not the insureds in the underlying case – based on the Court's Ruling) has owed the plaintiff the $1 million since that time. Only in this action directly against Canal could the plaintiff recover that prejudgment interest. Canal, in this court's words has been "obstinate" in failing to pay that $1 million. Accordingly, prejudgment interest in this case should be awarded under General Statutes § 37-3a for Canal's wrongful withholding of that money.

The interest under General Statutes § 37-3a for wrongful withholding of money is separate and distinct from offer of judgment interest under General Statutes § 52-192a, which is imposed as a penalty for failure to settle and clogging the courts. As the Connecticut Supreme Court has held, interest under § 37-3a is a proper element of damages for the unlawful detention of a sum due. Harbor Construction Corp. v. D. V. Frione & Co., 158 Conn. 14, 21 (1969). The Second Circuit has noted, in reviewing an interest ruling by this court, that:

> Under Connecticut law, prejudgment interest "may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." General Statutes § 37-3a. Whether such interest is awarded is "primarily an equitable determination and a matter within the discretion of the trial court." Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 482 (1988); State v. Stengel, 192 Conn. 484, 472 (1984) (per curiam). The courts have construed the statute "to make the allowance of interest depend upon 'whether the detention of the money is or is not wrongful under the circumstances.'" Alderman v. RPM of New Haven, Inc., 20 Conn.App. 566, 569 (1990) (quoting Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 275 (1971)); Simonetti v. Lovermi, 15 Conn.App. 722, 728 (1988); see State v. Stengel, 472 A.2d at 352 ("Whether . . . enrichment was unjust is the crux of the determination that we normally entrust to those vested with discretion to grant or to deny interest."). Other factors to be considered include whether the sum recovered was a liquidated amount, Sperry v. Moler, 3 Conn.App. 692 (1985), and whether the party seeking prejudgment interest has "diligently presented" the claim throughout the course of the proceedings, Alderman

v. RPM of New Haven, Inc., 568 A.2d at 1071. The fact that there existed a legitimate dispute between the parties does not mean that an award of prejudgment interest is not appropriate. Harris Calorific Sales Co. v. Manifold Systems, Inc., 18 Conn.App. 559, 566 (1989); see State v. Stengel, 472 A.2d at 352.

Prime Management v. Steinegeger, 904 F.2d 811, 817 (2d Cir. 1990).

Respectfully, the plaintiff believes that under the circumstances this court erred in construing the request for interest on the $1 million as post-judgment as opposed to prejudgment interest that would be awardable in this case – thus making reconsideration appropriate. See Varszegi v. Armstrong, No. 3:03cv1195(EBB), 2006 U.S. Dist. LEXIS 34638, at *2 (D.Conn. May 31, 2006) ("The function of a motion for reconsideration thus is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence . . . .'"). Reconsideration is proper here because plaintiff's claim is for prejudgment interest under § 37-3a and not post-judgment interest.

The factors supporting an award of prejudgment interest in this case are all present. 1. The withholding was wrongful – this court has labeled Canal's failure to pay as "obstinate". 2. The sum recovered was a liquidated amount – Canal's policy explicitly provided for $1 million in coverage on the MCS-90 endorsement. 3. The claim for interest has been diligently pursued in this matter – as the court recognized in its original Ruling back in 2004 (Doc. # 87) – the plaintiffs have continued to pursue its claims for interest under General Statutes § 37-3a. Accordingly, the plaintiff has established entitlement to interest under General Statutes § 37-3a running from the time of entry of judgment in the underlying case to the present. It was at that time that Canal's duty to pay under

3

the MCS-90 endorsement fully ripened.

An instructive case is <u>Labrie v. Quality Sand and Gravel</u>, No. 3:98cv855(JCH), 2001 U.S. Dist. LEXIS 12561 at *34 (D.Conn., March 19, 2001). In <u>Labrie</u>, Judge Hall awarded interest to the plaintiff where the defendant wrongfully withheld money due and owing the plaintiff. There, the defendant violated the contract and refused to pay the plaintiff monies and profits due under a rock crushing operation. <u>Id.</u> at *7. The interest was awarded without any findings of "obstinate" failure to pay on the part of the defendant. Here, in contrast, the court has repeatedly cited to Canal's misconduct in failing to pay the plaintiff. Accordingly, this court should reconsider its prior decision and award plaintiff prejudgment interest for wrongful withholding of monies from the date of judgment in Superior Court, April 24, 2002, to the present.

The interest as calculated would be applied as follows:

| | |
|---|---|
| MCS-90 PRINCIPAL AMOUNT: | $1,000,000.00 |
| INTEREST UNDER 37-3a (10%) From April 24, 2002 to Aug. 3, 2006 ($273.97 per diem): | $ 427,671.23 |
| | $1,427,671.23 |
| OFFER OF JUDGMENT UNDER 52-192a (12%) From July 1, 2002 filing to Aug. 3, 2006 ($469.37 per diem): | $ 674,240.74 |
| TOTAL DUE: | $2,101,911.97 |

WHEREFORE the plaintiff requests that the court recomputed the interest due, in accordance with the above argument.

4

THE PLAINTIFF,

By _____
JOEL T. FAXON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL. 203-624-9500
FAX 203-624-9100
jfaxon@strattonfaxon.com
Federal Bar No.: ct 16255

**CERTIFICATION**

The foregoing Motion to Amend Complaint was served on this date to the following:

Karen Karpie, Esq.
Murphy & Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
JOEL T. FAXON

5