UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JON BARBARULA          :
    Plaintiff                :
                    :
                    :
       vs                   :    Case No.:  3-02-CV 1142 (EBB)
                    :
CANAL INSURANCE COMPANY,       :
    Defendant                :    AUGUST 11, 2006

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

      The defendant Canal Insurance Company (hereinafter "Canal")

hereby objects to the plaintiff's motion to amend complaint, dated July 24,

2006.  Although the motion states that the attached proposed operative

complaint is "filed as a housekeeping matter and adds no new allegations,"

this is simply not true. [1] The proposed amended complaint attempts to add

claims for punitive damages, attorneys' fees and interest as part of the bad

faith count. The main reason for the objection is that the proposed operative

complaint is untimely and prejudicial coming literally on the eve of trial (jury

selection was held on August 8, 2006 and the trial is scheduled to begin on

September 5, 2006).  Furthermore, the plaintiff had previously filed a motion

to amend complaint, November 3, 2004, to add a count for alleged violation

---

[1] The undersigned did discuss this fact with plaintiff's counsel, Joel Faxon, on August 4, 2006.  Attorney Faxon, who was literally walking out the door to go on vacation when the undersigned spoke to him, indicated that his intent was *not* to add anything new to the proposed operative complaint.  When it was pointed out to him that the proposed operative complaint does add new claims for punitive damages, attorney's fees and interest which were not claimed in the original complaint, he indicated that he would take a look at it when he returned from vacation.  Thus, it may well be the case that the plaintiff will simply withdraw the motion to amend his complaint and it may not be necessary for the court to rule on this motion and objection.

of Connecticut Unfair Trade Practices Act (CUTPA) and to add claims for

punitive damages and attorneys fees.  This prior motion to amend complaint

was denied by the court on April 26, 2005.  (See Ruling on Certain

Outstanding Motions, 4/26/06, Burns, J.)  The court should deny the

plaintiff's instant motion to amend complaint for the same reasons.

STATEMENT OF FACTS

        The above case was originally instituted in the Connecticut Superior

Court by way of summons and complaint, dated June 6, 2002.  The case

was thereafter removed to federal court.  The original complaint, which is the

operative complaint in this case, contains four counts.  Counts one through

three are brought against the defendant Canal Insurance Company

(hereinafter "Canal") and the fourth count was against the defendants Royal

Insurance Company of America, Royal Indemnity Company and Royal

Surplus Lines Insurance Company (hereinafter "the Royal defendants). The

Royal defendants are no longer defendants in this case, so the fourth count

is not applicable.

        The first count alleges a cause of action pursuant to §38a-321,

Conn.Gen.Stats.  The second count alleges a cause of action for breach of

good faith and the third count alleges a cause of action pursuant to the MCS-

90 Endorsement. The original complaint, dated June 6, 2002, sought

compensatory damages, only, and did not seek punitive damages.

In the ensuing four years, the parties filed numerous pleadings, conducted discovery, retained experts, deposed experts, participated in mediation, and filed motions for summary judgment. The court issued a Ruling (#87) dated September 29, 2004, denying Canal's second motion for summary judgment (#38), granting the plaintiff's partial motion for summary judgment (#40) as to counts one and three, and denying the Royal defendants' motion for summary judgment (#26). The court had temporarily deferred ruling on the issue of whether the plaintiff was entitled to pre-judgment and post-judgment interest and on the plaintiff's bad faith claim set forth in count two, and indicated that the plaintiff should advise the court as to whether he intended to pursue the bad faith count and the claims for interest. Thereafter, the plaintiff indicated that he did intend to pursue the bad faith claim contained in count two and to pursue his claim for interest, which had been claimed in the first count.

On November 3, 2004, the plaintiff filed a motion to amend complaint (#92), seeking to amend his complaint by adding a claim under CUTPA (Connecticut Unfair Trade Practices Act, Conn.Gen.Stats. §42-110b, et seq.) The proposed amended complaint also attempted to amend the claim for relief to seek punitive damages and attorneys' fees. Canal objected to the plaintiff's motion to amend for several reasons: it was untimely, it evidenced undue delay, bad faith or dilatory motive and it caused undue prejudice to Canal.   The court denied the motion to amend to add a CUTPA count and a

3

claim for punitive damages.  See Ruling on Certain Outstanding Motions, 4/26/05 (Burns, J.).

The parties filed briefs and oral argument took place on July 13, 2006 on the plaintiff's motion to add offer of judgment and other interest. Thereafter, the plaintiff filed the instant motion to amend complaint, dated July 24, 2006.  Although the motion states that the proposed amended complaint "is filed as a housekeeping matter and adds no new allegations," the proposed amended complaint attempts to add claims for punitive damages, attorney's fees and interest payments under the bad faith count, all of which were not claimed in the original complaint.  In the meantime, the court issued its Ruling on Motion to Add Offer of Judgment and Other Interest (8/3/06, Burns, J.)  The trial on the alleged bad faith claim contained in count two is scheduled to begin on September 5, 2006 and the jury was already selected on August 8, 2006.

LAW AND ARGUMENT

Rule 15(a), FRCP, provides that unless a pleading is amended before a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  This language "makes it clear that permission to amend is not to be given automatically but is allowed only 'when justice so requires.'"  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1487.

This case has been pending for four years. The plaintiff had previously attempted to add a claim for punitive damages, which was denied by the court.  Since that time, the parties retained bad faith expert witnesses, exchanged experts' reports, and deposed each others experts.  The parties have begun final trial preparation based upon the existing operative pleadings and upon the discovery conducted to date.  The original second count alleges a bad faith claim against Canal.[2]  Under Connecticut law, an insured may recover compensatory damages from an insurer pursuant to the implied covenant of good faith and fair dealing which is implicit in contracts, including insurance contracts, when it is alleged and proven that the insurer acted unreasonably and in bad faith.  Grand Sheet Metal Products Co. v. Protective Mutual Ins. Co., 34 Conn.Sup. 46, 375 A.2d 428 (1977); L.F. Pace & Sons, Inc. v. The Travelers Indemnity Co., 9 Conn.App. 30, 46 (1986).  To prove a claim for bad faith under Connecticut law, a plaintiff is required to prove that the defendant engaged in conduct designed to mislead or to deceive or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights and duties. "'[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity…it contemplates a state of mind affirmatively operating with furtive

---

[2] Canal contends that the plaintiff has no cause of action for bad faith in this instance and intends to file a motion for judgment on the pleadings, for which a briefing schedule has already been set.

design or ill will…Moreover, "'[b]ad faith' is an indefinite term that contemplates a state of mind affirmatively operating with some design or motive of interest of ill will…" Chapman v. Norfolk & Dedham Mutual Fire Inc. Co., 39 Conn. App. 306, 320.  The aforementioned elements must be proven to recover compensatory damages in a bad faith action.

In addition to compensatory damages, it is also possible for a plaintiff to recover punitive damages if it is alleged and proven.  "Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct *must be alleged*  [emphasis added] in terms of wanton and malicious injury, evil motive and violence, for punitive damages may be awarded only for 'outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interest of others.' Restatement, 4 Torts §908, comment (b)." *Triangle Sheet Metal Works, Inc. v. Silver*, supra, 128.  Thus there must be an underlying tort or tortious conduct alleged and proven to allow punitive damages to be awarded on a claim for breach of contract." L.. F. Pace & Sons, Inc. v. The Travelers Indemnity Co., *supra*, 48.

In the instant case, the plaintiff's original complaint did not seek punitive damages, nor could it, since the complaint was devoid of the allegations which could support a punitive damages claim, i.e. the plaintiff failed to allege in the second count any tortious conduct in terms of wanton and malicious injury, evil motive, violence, outrageous conduct, or for acts

done with a bad motive or with a reckless indifference to the interests of others.[3] In fact, the proposed amended complaint is also devoid of such allegations. Even the proposed amended complaint fails to allege a basis for punitive damages, which is another reason why the motion to amend ought to be denied.

It would be extremely prejudicial to the defendant to permit the plaintiff to add, at this late date, claims for punitive damages and attorneys fees which have not been part of this case since its inception in 2002. It would also be prejudicial to the defendant to permit the plaintiff to add a claim for interest pursuant to the second count, which alleges bad faith, when to date, the plaintiff's claims for interest were made pursuant only to the first and third counts.

Courts have found that parties were not entitled to amend pleadings in similar circumstances. In <u>Ross v. Jolly,</u> 151 F.R.D. 562 (E.D.Pa.1993). the plaintiffs, whose employment had been terminated, attempted to amend their complaint, which had originally claimed violations of the Federal Labor Management Relations Act, the Federal Civil Service Act and the First and Fourteenth Amendments to the Constitution, to add a claim for race discrimination under §1983. The court stated that if the amendment

---

[3] Neither side's bad faith experts addressed the elements upon which punitive damages might be awarded. If the plaintiff is allowed to amend his complaint to add a claim for punitive damages, the plaintiff's expert would need to be re-deposed on this issue and the disclosure regarding the opinions held by the defendant's experts would have to be amended.

substantially changes the theory on which the case has been proceeding and is proposed late enough so that significant new preparation would be required, the court may deem it prejudicial. Id. at 565.  It was noted that "an inordinate period of time" had elapsed since the plaintiffs commenced the action in October, 1992 and the motion to amend which was filed in June, 1993. Id.  Furthermore, the court noted that the plaintiffs had not offered the court any explanation as to why they could not have discovered their alleged terminations were also racially motivated prior to June of 1993. Id.  The court found the proposed amendment both untimely and futile.  In the instant case, the proposed amended complaint changes the theory on which the case has been proceeding and is so late that it would require significant preparation, both in terms of pleading and discovery.  Furthermore, like the plaintiffs in Ross, the plaintiff in this case has failed to offer any explanation as to why these claims were not included in the initial complaint.

In McCarthy v. Komori America Corp., 200 F.R.D. 507 (E.D.Pa.2001), the plaintiffs attempted to amend their complaint to add a claim for punitive damages.  Discovery was scheduled to end on January 26, 2001 and thereafter the court allowed two general thirty-day extensions. The court noted that the pretrial process had been "contentious." Id. at 508.  The plaintiff's motion to amend was dated April 9, 2001, after the extended discovery deadline had passed.  In denying the motion to amend, the court pointed out that the factual core supporting the plaintiffs' proposed new claim

8

was known to the plaintiffs at the time of the filing of the original complaint in June, 2000, and remarked that the plaintiffs failed "to offer any justification whatsoever for the delay." <u>Id</u>. The court also noted that the case had been referred to a Magistrate Judge to explore settlement, just like the instant case. The court denied the motion to add the punitive damages claim finding that there was no justification for prolonging the discovery process, that the defendant would be prejudiced in its ability to prepare a defense to the punitive damages claim, and "perhaps most significantly, plaintiffs have inexplicably delayed moving to amend despite having known the factual basis for their claim for many months." <u>Id</u>. at 509.

Various courts of appeal have found no abuse of discretion in the trial court's refusal to allow an amendment. In <u>Ferguson v. Roberts</u>, 11 F.3d 696 (7th Cir.1993), the plaintiffs' initial complaint, filed on March 20, 1989, was brought pursuant to §10(b) of the Securities Exchange Act of 1934 based on allegations of aiding and abetting. In February, 1991, the plaintiffs sought leave to file an amended complaint to add allegations of conspiracy to defraud, common law fraud and violations of RICO, which the trial court denied. On appeal, the Court of Appeals affirmed the trial court's refusal to allow a late amendment adding a new claim which would have necessitated a great deal of additional discovery, given the date set for close of discovery, and would therefore prejudice the defendant. Because the trial court was concerned "that this was a tactic on the part of the plaintiffs to postpone the

9

trial date," and questioned why the plaintiffs had waited to amend the complaint when it was apparent that the new allegations arose out of the same transaction or occurrence as the others, there was no abuse of discretion in denying the motion to amend. Id. at 707. The same analysis applied to the facts in the instant case should lead the court to deny the plaintiff's motion to amend.

Where a motion for leave to amend to add a new defendant and an additional ERISA claim was made six months after the close of discovery and on the eve of summary judgment proceedings, the trial court did not abuse its discretion in denying the motion to amend. Feldman v. American Memorial Life Ins. Co., 196 F.3d 783 (7th Cir.1999). Although the trial court failed to articulate its basis for decision, the Court of Appeals held that the denial was justified since the "delay and prejudice that would result from such an amendment was apparent." Id. at 793. Likewise, in the instant case, it is apparent that delay and prejudice would result if the plaintiff is allowed to amend the complaint to add claims for punitive damages and attorneys fees, and interest under count two.

The facts of Bell v. Allstate Life Ins. Co., 160 F.3d 452 (8th Cir. 1998) are similar to the facts in this case. Bell's initial complaint, filed on March 20, 1997, sought to recover death benefits under two life insurance policies issued to the plaintiff's deceased, ex-husband. Seven months after the original complaint was filed, and a week after the defendant filed a motion for

summary judgment on the last day for filing motions under the scheduling order, the plaintiff filed a motion to amend her original complaint, seeking to add allegations that Allstate had illegally marketed the policies and that the policies had violated Arkansas law by not including a conversion privilege. The Court of Appeals upheld the trial court's denial of the motion to amend, noting that the amendments sought would require additional discovery by the parties, such as "a review of the marketing of the policies as well as an evaluation of specific provisions of the policies for compliance with Arkansas insurance law." Id. at 454. The court also noted that if the amendment were allowed, it would require an extension of the already expired deadline for motions, and remarked that the "issues raised by the proposed amendment involve different factual and legal issues than the allegations in the original complaint." Id. If the plaintiff's proposed amendment seeking punitive damages and attorneys' fees is allowed, there will be additional factual and legal issues that will spawn new discovery and pleadings, and will delay the trial of this case. See footnote 3, *infra*.

CONCLUSION

The plaintiff's motion to amend is untimely, it evidences undue delay, bad faith or dilatory motive and it causes undue prejudice to Canal. For all of the foregoing reasons, and as more fully set forth above, the plaintiff's motion to amend, dated July 24, 2006, should be denied.

THE DEFENDANT
CANAL INSURANCE COMPANY


BY _____

KAREN L. KARPIE, Esq.
MURPHY and KARPIE, LLC
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604
Federal Bar #CT 04269
Tel. 203-333-0177, Fax 203-333-8475
E-mail:  klkarpie@sbcglobal.net

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S.

Mail, postage prepaid on August 11, 2006 to:

Joel T. Faxon, Esq.
Stratton Faxon
59 Elm St.
New Haven CT 06510

KAREN L. KARPIE