UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL JON BARBARULA          :
    Plaintiff                            :
                        :
                        :
        vs                               :    Case No.: 3-02-CV 1142 (EBB)
                        :
CANAL INSURANCE COMPANY,        :    August 16, 2006
    Defendant                          :

## DEFENDANT'S LOCAL RULE 56 (A) 2 STATEMENT

The defendant Canal Insurance Company (hereinafter "Canal") contends that there is no genuine issue to be tried as to the following material facts:

1.     This court found that the Canal policy issued to Barbara Haniewski d/b/a Salguod Warehouse & Transport was properly cancelled by Canal prior to the subject accident that occurred on September 12, 1996. (cf. Judicial Notice of Ruling on Motion for Interest, filed 8/4/06, Burns, J. pp 6-8; Ruling on Motion for Partial Summary Judgment, filed 9/29/04, Burns, J.).

2.     Prior to the entry of judgment in the underlying tort case, the Connecticut State Superior Court found that the Canal policy issued to Barbara Haniewski d/b/a Salguod Warehouse & Transport was properly cancelled by Canal prior to the subject accident that occurred on September 12, 1996 (cf. Judicial Notice of Memorandum of Decision, 11/13/01.

3.     Canal issued a reservation of rights letter to Haniewski, with a copy to Carlos Ruemmele dated July 9, 1997 (via registered mail) and September 3, 1997 via

registered mail (cf. Exhibit 1, copies of Canal's reservation of rights letters, which were part of Dep. Ex. 1A, marked at the deposition of Canal's witness, George Lindh on July 7, 2005.)

4.      Canal retained counsel, Thomas Cotter and Brian Smith of the law firm of Cotter, Cotter & Sohon, and later of the law firm of Berchem, Moses & Devlin, P.C. to represent Haniewski and Ruemmele in the wrongful death case brought by Barbarula in the State Court. (cf. Exhibit 2, copies of Canal's letter to Cotter, Cotter & Sohon, P.C., and its letter to Canal with its appearance which were part of Ex. 1A, marked at the deposition of Canal's witness, George Lindh, on July 7, 2005.)

5.      Canal sent a letter dated November 13, 2001 to Haniewski and Ruemmele and their attorney, Brian Smith, (cf. Exhibit 3, copy of Canal's 11/26/01 letter.)

THE DEFENDANT
CANAL INSURANCE COMPANY


BY _Karen L Karpie_____
KAREN L. KARPIE, Esq.
MURPHY and KARPIE, LLC
350 Fairfield Avenue, Suite 408
Bridgeport, CT 06604
Federal Bar #CT 04269
Tel. 203-333-0177, Fax 203-333-8475
E-mail: klkarpie@sbcglobal.net

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage

prepaid and faxed/or e-mailed on August 16, 2006 to:

Michael Stratton/Joel Faxon
Stratton Faxon
59 Elm St.
New Haven CT 06510

_____
KAREN L. KARPIE

EXHIBIT 1

*Canal Insurance Company*

P.O. Box 7 - Greenville, South Carolina - 29602-0007
Phone: 864/242-5365 - Claims Fax: 864/271-7667
July 9, 1997

Barbara Haniewski dba Salguad Warehouse & Transport
35 Capitol Dr.
Wallingford, CT 06492                **CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

RE:  Canal File Number:          L287-410X
     Insured:                    Barbara Haniewski dba Salguad Warehouse &
                                 Transport
     Policy Number:              30 99 23
     Date of Accident:           9-12-96

Dear Ms. Haniewski:

This letter will confirm that we have received notice of a claim being made
by Michael John Barbarula, Administrator of the Estate of Jing Xian He vs.
Barbara Haniewski and Carlos Ruemmele.  We further understand that a pre-
judgment remedy proceeding has been commenced against you in the Meriden
Superior Court.  The claim arises from a motor vehicle accident which occurred
at approximately 6:30 p.m. on September 12, 1996.

Please be advised that Canal Insurance Company has decided to provide a defense
to you with respect to this claim under a reservation of rights.  It is the
position of Canal Insurance Company that no coverage was afforded to you under
the policy of insurance issued by Canal Insurance Company to Barbara Haniewski
dba Salguad Warehouse and Transport, policy 30 99 23, for the reason that said
policy was canceled due to non-payment of premium effective at 12:01 a.m. on
September 12, 1996.  Therefore, it is the position of Canal that there is no
coverage for any claims that may be asserted against you as a result of the
accident involving the vehicle operated by Mr. Ruemmele on Interstate 95 at
approximately 6:30 p.m. on September 12, 1996.

Canal Insurance policy 30 99 23 provides, under the section captioned
**CONDITIONS,** at paragraph 10, which is captioned Cancellation, as follows:
This policy may be canceled by the company by mailing to the named insured
at the address shown in this policy, written notice stating when not less than
10 days thereafter such cancellation shall be effective.  The mailing of notice
as aforesaid shall be sufficient proof of notice.  The time of surrender for
the effective date and hour of cancellation stated in the notice shall become
the end of the policy period.

Notice of cancellation of policy 30 99 23 was mailed to the named insured and
to Eagle Leasing Company on August 8, 1996, as evidenced by certificate of
mailing bearing the same date.

Canal Insurance Company has decided to defend the claims being made against
you under a reservation of rights and without waiving any rights that Canal

Barbara Haniewski dba Salguad Warehouse & Transport
July 9, 1997
Page 2

has to withdraw a defense and to refuse to indemnify you in the event that
any judgment is obtained against you. Canal Insurance Company further reserves
its right to withdraw its defense of you at any time. Any action that Canal
Insurance Company may take in the investigation and/or defense of this
occurrence is not to be construed as a waiver of any of the policy terms and
conditions contained in policy 30 99 23. The law firm of Cotter, Cotter and
Sohon, P.C., P.O. Box 5660, Bayview Station, Bridgeport, CT 06610, will handle
the defense of the claims being asserted against you as a result of this
accident. You must fully cooperate with that law firm in conducting your
defense.

It should further be noted that in the event that there is any judicial
determination that you are entitled to coverage under policy number 30 99 23,
that coverage is limited to $1,000,000. Furthermore, you should be aware that
any claims for punitive damages are not covered by policy 30 99 23, even if
it is judicially determined that said policy provides insurance coverage to
you. These statements are not intended, in any way, to suggest that coverage
is afforded under policy 30 99 23. To the contrary, it is the express intent
of this correspondence to advise you that it is the position of Canal Insurance
Company that no coverage is afforded to you under the terms of policy 30 99
23 due to the fact said policy was canceled for non-payment of premium effective
at 12:01 a.m. on September 12, 1996.

Very truly yours,

Todd Hester
Claims Supervisor

TH/kh

cc:  Carlos Ruemmele
     21 Queen St.
     Meriden, CT 06450          **CERTIFIED MAIL — RETURN RECEIPT REQUESTED**

     Eagle Leasing
     ATTN: Irene
     P.O. Box 923
     Orange, CT 06477           **CERTIFIED MAIL — RETURN RECEIPT REQUESTED**

     Swett Insurance Managers, Inc.
     50 Monument Square
     Portland, ME 04101

*Canal Insurance Company*

P.O. Box 7 - Greenville, South Carolina - 29602-0007
Phone: 864/242-5365 - Claims Fax: 864/271-7667
September 3, 1997

Barbara Haniewski dba Salguad Warehouse & Transport
35 Capitol Dr.
Wallingford, CT 06492

RE:  Canal File Number:     L287-410X
     Insured:               Barbara Haniewski dba Salguad Warehouse &
                            Transport
     Policy Number:         30 99 23
     Date of Accident:      9-12-96

Dear Ms. Haniewski:

On July 9, 1997, we mailed a reservation of rights letter to you at the address
shown above via certified mail, return receipt requested.  The letter was
returned to us by the postal service, along with a notation that the letter
was unclaimed.  First notice was dated 7-15-97, second notice was dated 7-21-
97.  The letter was then returned 7-30-97.

I am, therefore, sending you a reservation of rights letter via regular U.S.
Mail.  Should you have any questions, please feel free to contact me or your
attorney.

Very truly yours,

Todd Hester
Claims Supervisor

TH/kh

cc:  Carlos Ruemmele
     21 Queen Street
     Meriden, CT 06450

     Eagle Leasing
     ATTN:  Irene
     P.O. Box 923
     Orange, CT 06477

     Swett Insurance Managers
     50 Monument Square
     Portland, ME 04101

     Cotter, Cotter & Sohon, P.C.
     P.O. Box 5660
     Bayview Station
     Bridgeport, CT 06610



September 3, 1997


Barbara Haniewski
dba Salguad Warehouse & Transport
35 Capitol Drive
Wallingford, CT 06492


Re:  Canal File Number:          L297-410X
     Insured:                    Barbara Haniewski dba Salguad Warehouse
                                 & Transport

     Policy Number:              30 99 23
     Date of Accident:           9/12/96

Dear Ms. Haniewski:


This letter will confirm that we have received notice of a claim being made
by Michael John Barbarula, Administrator of the Estate of Jing Xian He
vs.  Barbara Haniewski and Carlos Ruemmele.  We further understand that
a pre-judgment remedy proceeding has been commenced against you in the
Meriden Superior Court.  The claim arises from a motor vehicle accident
which occurred at approximately 6:30 p.m. on September 12, 1996.


Please be advised that Canal Insurance Company has decided to provide a
defense to you with respect to this claim under a reservation of rights.
It is the position of Canal Insurance Company that no coverage was afforded
to you under the policy of insurance issued by Canal Insurance Company to
Barbara Haniewski dba Salguad Warehouse and Transport, policy 30 99 23,
for the reason that said policy was canceled due to non-payment of premium
effective at 12:01 a.m. on September 12, 1996.  Therefore, it is the position
of Canal that there is no coverage for any claim that may be asserted
against you as a result of the accident involving the vehicle operated by
Mr. Ruemmele on I-95 at approximately 6:30 p.m. on September 12, 1996.


Canal Insurance policy 30 99 23 provides, under the section captioned
CONDITIONS, paragraph 10, which is captioned Cancellation, as follows:
This policy may be canceled by the company by mailing to the named insured
at the address shown in this policy, written notice stating when not less
than 10 days thereafter such cancellation shall be effective.  The mailing
of notice as aforesaid shall be sufficient proof of notice.  The time of
surrender for the effective date and hour of cancellation stated in the
notice shall become the end of the policy period.


Notice of Cancellation of policy 30 99 23 was mailed to the named insured
and to Eagle Leasing Company on August 8, 1996, as evidenced by Certificate
of Mailing bearing the same date.

Barbara Maniewski
September 3, 1997

Canal Insurance Company has decided to defend the claims being made against
you under a reservation of rights and without waiving any rights that Canal
Canal has to withdraw a defense and to refuse to indemnify you in the event
that any judgment is obtained against you. Canal Insurance Company further
reserves its right to withdraw its defense of you at any time. Any action
that Canal Insurance Company may take in the investigation and/or defense
of this occurrence is not to be construed as a waiver of any of the policy
terms and conditions contained in policy 30 99 23. The law firm of Cotter,
Cotter & Sohon, P.C., P. O. Box 5660, Bayview Station, Bridgeport,
Connecticut 06610, will handle the defense of the claims being asserted
against you as a result of this accident. You must fully cooperate with
that law firm in conducting your defense.

It should further be noted that in the event that there is any judicial
determination that you are entitled to coverage under policy 30 99 23, that
coverage is limited to $1,000,000. Furthermore, you should be aware, that
any claims for punitive damages are not covered by policy 30 99 23, even
if it is judicially determined that said policy provides insurance coverage
to you. These statements are not intended, in any way, to suggest that
coverage is afforded under policy 30 99 23. To the contrary, it is the
expressed intent of this correspondence to advise you that it is the position
of Canal Insurance Company that no coverage is afforded to you under the
terms of policy 30 99 23 due to the fact said policy was canceled for non-
payment of premium effective at 12:01 a.m. on September 12, 1996.

Very truly yours,


Todd Hester
Claims Supervisor

TH/dea

cc:  Carlos Ruesmele
     21 Queen Street
     Meriden, CT 06450

     Eagle Leasing
     P O Box 923
     Orange, CT 06477
       Attention: Irene

     Swett Insurance Managers, Inc.
     50 Monument Square
     Portland, ME 04101

EXHIBIT 2

June 30, 1997

Thomas Galvin Cotter
Cotter, Cotter & Sohon, P.C.
P.O. Box 5660, Bayview Station
Bridgeport, CT 06610

RE:  Insured:                          Barbara Haniewski dba Salguad Warehouse &
                                       Transport
     Policy Number:                    30 99 23
     Canal Claim Number:               L287-410X
     Date of Accident:                 9-12-96

Dear Mr. Cotter:

This will acknowledge your letter dated June 26, 1997 concerning the matter
referenced above.

I am enclosing a copy of our file materials.

As I discussed with Michael Vocalina, Kevin Murphy will be filing a Declaratory
Judgment Action.  We would request that you defend our insured and the insured
driver, Carlos Ruemmele. Of course, we will be defending under a reservation
of rights.

After you have had an opportunity to review the enclosed materials, I look
forward to discussing this case in further detail with you or the attorney
assigned to handle this case.

Very truly yours,

Todd Hester
Claims Supervisor

TH/kh

cc:  Swett Insurance Managers
     50 Monument Square
     Portland, ME 04101

*287-410X*

# COTTER, COTTER AND SOHON, P.C.
## ATTORNEYS AT LAW
BRIDGEPORT, CONNECTICUT
203 335-3131
203 882-7143

CATHERINE N. ANDERSON
KEVIN M. BLAKE *
ELLEN M. COSTELLO
DANIEL H. COTTER
THOMAS G. COTTER

JOHN J. COTTER °
WILLIAM L. COTTER
MATTHIAS J. DeANGELO
BRYAN L. LeCLERC *
JAMES P. MOONEY

JAMES F. MULLEN *
CLAYTON J. QUINN
CATHERINE A. STEWART
MICHAEL V. VOCALINA

D. HAROLD COTTER (1961)
THOMAS H. COTTER (1994)

P.O. BOX 5660 OR 5690
BAYVIEW STATION
BRIDGEPORT, CT 06610

° ALSO ADMITTED IN PENNSYLVANIA
* ALSO ADMITTED IN DISTRICT OF COLUMBIA
* ALSO ADMITTED IN NEW YORK

OVERNIGHT MAIL ADDRESS:
MILFORD OFFICE
500 BOSTON POST ROAD
MILFORD, CT 06460

July 3, 1997

FAX 203-874-1983

OUR FILE  31679

Todd Hester
Claims Supervisor
Canal Insurance Company
P.O. Box 7
Greenville, South Carolina 29602-0007

RE:  Insured:  Barbara Haniewski d/b/a Salguad Warehouse & Transport
     Claim No.  30 99 23
     D/A:  9/12/96

Dear Mr. Hester:

Thank you for your recent assignment of the above captioned case.

Kindly be advised that we have entered our appearance on behalf of **Barbara Haniewski and Carlos Ruemmele** returnable to the Superior Court at Meriden.

I will review your file and contact you shortly.

Very truly yours,

COTTER, COTTER AND SOHON, P.C.

Thomas Galvin Cotter
Managing Partner

TGC/pjm
cc:  Barbara Haniewski d/b/a Salguad Warehouse & Transport
cc:  Carlos Ruemmele

ALL-STATE LEGAL, a Division of
ALL-STATE International, Inc. - (800) 222-0510

0510
C6000

# APPEARANCE

JD-CL-12  Rev. 6-94
Pr. Bk. §§ 64, 65, 630

## STATE OF CONNECTICUT
## SUPERIOR COURT

### Instructions

1. **Judicial District Court Locations:** *In any action returnable to a Judicial District court location, file only the original with the clerk. In criminal actions see instruction #3.*
2. **Geographical Area or Juvenile Matters Court Locations:** *In any action returnable to a Geographical Area or Juvenile Matters court location, except criminal actions, file original and sufficient copies for each party to the action with the clerk. In criminal actions see instruction #3.*
3. **In Criminal Actions (Pr. Bk. 630):** *Mail or deliver a copy of the appearance to the prosecuting authority, complete the certification at bottom and file original with the clerk.*
4. **In Summary Process Actions:** *In addition to instruction #1 or #2 above, mail a copy to the attorney for the plaintiff, or if there is no such attorney, to the plaintiff and complete the certification below.*
5. **For "in-lieu-of" Appearances (Pr. Bk. § 65):** *Complete the certification below.*
6. *Pursuant to Practice Book § 352, if a party who has been defaulted for failure to appear files an appearance prior to the entry of judgment after default, the default shall automatically be set aside by the clerk.*

| DOCKET NO. | CV 97 0257213 |
|---|---|
| RETURN DATE | |

## TO: THE SUPERIOR COURT

NAME OF CASE [FIRST-NAMED PLAINTIFF (last name, first name) VS. FIRST-NAMED DEFENDANT (last name, first name)]

BARBARULA, MICHAEL JON, ADMIN. E/O JING XIAN HE VS. HANIEWSKI, BARBARA, ET AL

| [XX] Judicial District | [ ] Housing Session | [ ] G.A. No. _____ | Address of Court (No., street, town and zip code) 54 West Main Street, Meriden, 06450 |
|---|---|---|---|

### ↓ PLEASE ENTER THE APPEARANCE OF ↓

NAME OF OFFICIAL, FIRM, PROFESSIONAL CORP., INDIVIDUAL ATTY., OR PRO SE PARTY (See "Notice to Pro Se Parties" at bottom)

**COTTER, COTTER & SOHON, P.C.**

| MAILING ADDRESS (No., street, P.O. Box) P. O. BOX 5660 OR 5690 BAYVIEW STATION | | | JURIS NO. (if applicable) 12362 |
|---|---|---|---|
| CITY/TOWN BRIDGEPORT | STATE CT | ZIP CODE 06610 | TELEPHONE NO. (203) 335-3131 |

## In the above-entitled case for: ("X" appropriate box)

- [ ] The Plaintiff.
- [ ] All Plaintiffs.
- [ ] The following Plaintiff(s) only: _____
- [ ] The Defendant.
- [XX] All Defendants.
- [ ] The following Defendant(s) only: _____

NOTE: If other counsel have already appeared for the party or parties indicated above, state whether this appearance is:

- [ ] In lieu of appearance of attorney or firm _____ already on file (Pr. Bk. 65) OR
  (Name)
- [ ] In addition to appearance already on file.

| SIGNED (individual attorney or pro se party) X | PRINT OR TYPE NAME OF PERSON SIGNING AT LEFT Thomas Galvin Cotter | DATE SIGNED 7/8/97 |
|---|---|---|
| | | FOR COURT USE ONLY |

This certification must be completed in summary process cases (Pr. Bk § 64(c)); for "in-lieu-of" appearances (Pr. Bk. § 65); and in criminal cases (Pr. Bk. § 630).

**I hereby certify that a copy of the above was mailed/delivered to:**

- [ ] All counsel and pro se parties of record. (For summary process and criminal actions)
- [ ] Counsel or the party whose appearance is to be replaced. (For "in-lieu-of" appearances)

| SIGNED (individual attorney or pro se party) | DATE COPY(IES) MAILED/DELIVERED |
|---|---|

### Notice to Pro Se Parties
It is your responsibility to inform the Clerk's Office if you have a change of address

APPEARANCE



EXHIBIT 3

*Canal Insurance Company*

November 26, 2001

*P.O. Box 7 - Greenville, South Carolina - 29602-0007*
*Phone: 864/242-5365 - Claims Fax: 864/271-7667*

Barbara Haniewski dba Salguad Warehouse & Transport
35 Capitol Dr.
Wallingford, CT 06492          **CERTIFIED MAIL - RETURN RECEIPT REQUESTED**


Carlos Ruemmele
P.O. Box 108
Meriden, CT 06450          **CERTIFIED MAIL - RETURN RECEIPT REQUESTED**


RE:  Canal File Number:      L287-410X
     Named Insured:          Barbara Haniewski dba Salguad Warehouse & Transport
     Policy Number:          309923
     Date of Accident:       9-12-96

Dear Ms. Haniewski and Mr. Ruemmele:

This is to advise you that we have been notified by Attorney Brian Smith, whom we have retained to defend you, that trial is expected to begin in the near future in the matter referenced above.

I am enclosing a copy of Judge Blue's order which was recently handed down in the coverage action.  Due to some unclear language in the judge's order, we will continue to defend you notwithstanding the lack of coverage which we have previously explained.

Please be advised that we will not respond to any judgment under the indemnity portion of Canal policy, 30 99 23.

If Canal Insurance Company is required to issue any payment as a result of judgment against either of you pursuant to the ICC (MCS-90) endorsement attached to policy, 30 99 23, we will demand reimbursement from you pursuant to the terms of this endorsement.

Recently, there have been discussions with Attorney Michael Stratton, who represents the estate of the deceased. We wish to inform you that these negotiations were undertaken solely because of possible obligations under the potential ICC filing. Once more, we reiterate that we will continue to defend you under a reservation of rights, as we have previously explained, and that our position remains the indemnity portion of your policy does not apply.

November 26, 2001
Page 2 of 2

Should you have any questions, we will be available for discussion.  Our toll-free number is 1-800-452-6911.

Very truly yours,

Todd Hester
Claims Supervisor

TH/kh

cc:    Berchem, Moses & Devlin, PC
       Brian W. Smith
       75 Broad St.
       Milford, CT 06460

       Swett Insurance Managers
       50 Monument Square
       Portland, ME 04101