UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL JON BARBARULA, Administrator of the Estate of Jing Xian He, | CIVIL ACTION NO. 3:02 CV 1142 (EEB) |
| vs. | |
| CANAL INSURANCE COMPANY | AUGUST 16, 2006 |

**PLAINTIFF'S MEMORANDUM RE: THE DEFENDANT'S LEGAL DUTY**

**I. Summary of Discussion**

This memorandum is in response to the defendant's claim that they have no legal duty beyond payment of the bond to either the claimant or the principal in the context of an MCS 90 endorsement. This assertion, however, runs very much to the contrary of existing case law both here in Connecticut and across the country. Most jurisdictions including Connecticut hold that a suretyship such as that created by virtue of the MCS-90 contain an implied covenant of good faith and fair dealing. This implied covenant creates the duty, and if that duty is breached by the surety through bad faith conduct, it can be held liable. See e.g., PSE Consulting, Inc. v. Mercede and Sons, Inc., 267 Conn. 279, 303 (2004)("...application of the implied covenant of good faith and fair dealing to surety indemnity agreements is consistent with our good faith jurisprudence.")

## II. The MCS-90 Agreement Creates a Surety Relationship

As a preliminary matter, it must be decided how to classify the MCS-90 endorsement. "It is well-established that the primary purpose of the MCs-90 is to ensure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers." John Deere Ins. Co. v. Nueva, 229 F.3d 853, 857 (9th Cir. 2000) cert denied 534 U.S. 1127 (2002). "Accordingly, the MCS-90 endorsement creates a suretyship by the insurer to protect the public when the insurance policy to which the MCS 90 endorsement is attached otherwise provides no coverage to the insured." Canal Ins. v. Distribution Services, 320 F.3d 488 (2003)(quoting T.H.E. Ins. Co. v. Larsen Intermodal Services, 242 F.3d 667, 672(5th Cir. 2001).

If there was any doubt as to the relationship, Canal itself has repeatedly argued in other litigation that its duty is that of a surety under the MCS-90. Canal, 320 F.3d at note 5.

## III. Defining the "Good Faith" Duty of a Surety

Justice Katz in the PSE Consulting case noted that "while the weight of authority seems to be on the side of recognizing a duty of good faith [for sureties], there is no consensus about what that duty requires". 267 Conn at 303. After a discussion of the varying standards applied across the country, the Connecticut Supreme Court adopted a more forgiving standard for sureties requiring that a plaintiff prove not only negligent settlement practices but also an

"improper motive" or "dishonest purpose" on the part of the surety; "This standard preserves a proper balance between affording the surety the wide discretion to settle that it requires, while ensuring that the principal is protected against serious and willful transgression". 267 Conn. At 305. The Court, however, did state that proof of fraud or malice is not required.

### IV. Application of the Standard to this Case

Beyond its express duties set forth in the endorsement, Canal had an implied duty of good faith and fair dealing to the principal as well as the claimant. The question for the jury is going to be whether they breached this obligation when they repeatedly failed to settle this case. The plaintiff will have to show that Canal acted negligently with improper motive or dishonest purpose in order to make out a prima facie case.

THE PLAINTIFF,

BY _____
MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL.: 203.624.9500
FAX: 203.624.9100
FEDERAL BAR NO.: 08166
mstratton@strattonfaxon.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this date to:

**Karen Karpie, Esq.**
Murphy & Karpie
350 Fairfield Avenue
Suite 408
Bridgeport, CT 06604

_____
Michael A. Stratton